IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
Southern Division

| | |
|---|---|
| **RICHARD J. McCLINTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 2:20-cv-00543-AMM |
| | ) |
| **COGENCY GLOBAL INC.,** *d/b/a* | ) |
| **CAPSTONE LOGISTICS, LLC,** | ) **OPPOSED** |
| | ) |
| **Defendant.** | ) |

### DEFENDANT'S OPPOSED MOTION FOR PROTECTIVE ORDER ON RULE 30(b)(5)-(6) TOPICS

Defendant Capstone Logistics, LLC, misnamed in the case caption as Cogency Global Inc., d/b/a Capstone Logistics, LLC ("Capstone" or "Defendant"), by counsel, pursuant to Rule 26(c), moves for entry of a protective order relieving it of the obligation to prepare a corporate witness on certain topics contained in the amended Rule 30(b)(5) & (6) Deposition Notice issued by Richard J. McClinton ("Plaintiff"). Pursuant to Rule 37(a)(5), Defendant also moves the Court for an award of reasonable expenses and attorney's fees incurred as a result of this motion.

I.  **NATURE OF DISPUTE AND STEPS TAKEN TO RESOLVE MATTER IN GOOD FAITH**

Plaintiff served Defendant with an initial Notice of Rule 30(b)(5) & (6) Deposition via email on May 3, 2021 ("Plaintiff's Notice"). **Exhibit A**. Defendant served its Objections to Plaintiff's Notice of Rule 30(b)(5) & (6) Deposition on May

1

25, 2021 ("Defendant's Objections"). **Exhibit B**. Defendant's Objections noted that the patent overbreadth of several topics in Plaintiff's Notice "would render it impossible to designate and prepare a witness to testify on those topics." *Id*. (citing *Edelen v. Campbell Soup Co.*, 265 F.R.D. 676, 700 (N.D. Ga. 2010) (finding that the "the vague, broad nature of the first and second topics make it impossible to designate and prepare witnesses to testify") (citing *Catt v. Affirmative Ins. Co.*, No. 2:08–CV–243–JVB–PRC, 2009 WL 1228605 (N.D.Ind. Apr. 30, 2009) (topics seeking general testimony about documents produced, allegations of plaintiff's complaint and defendants' answer is overbroad)). Defendant's Objections also included detailed objections to specific topics in Plaintiff's Notice. *Id*. On June 4, 2021, Plaintiff sent a letter styled "Plaintiff's responses to Defendant's Objections to Plaintiff's Notice of Rule 30(b)(5) & (6) Deposition." **Exhibit C**. Notably, Plaintiff's letter contained no citations to authority in support of his position and did not indicate why Defendant's objections or supporting authorities were misplaced. *Id*. For many of the objectionable topics, Plaintiff merely indicated "Plaintiff is willing to discuss this topic in its meet and confer session." *Id*.

On June 10, 2021, counsel for the parties conferred telephonically for one hour and seventeen minutes regarding Plaintiff's Notice and Defendant's Objections. While many issues were resolved, counsel agreed to provide an update on their respective positions in writing within a week. Defendant's email response,

2

with authority in support of its position on specific topics, is attached as **Exhibit D**. Plaintiff failed to provide an update as agreed within that week. Rather, on June 22, 2021, Plaintiff served Defendant with an amended Notice of Rule 30(b)(5) & (6) Deposition ("Plaintiff's Amended Notice"). **Exhibit E**.

On July 19, 2021, the Court granted Defendant's motion for leave to file the current motion for protective order, noting:

> It appears that the dispute underlying the motion may still be amenable to resolution in whole or in part by agreement of counsel at mediation on July 21, 2021, if it has not already been so resolved. If the dispute is not resolved at mediation, Defendant may file a motion to compel by 5:00 p.m. on July 22, 2021, and Plaintiff's response will be due by 5 p.m. on July 26, 2021. If such motion is filed, the discovery deadline will be extended by 14 days for the sole purpose of taking the deposition(s) at issue.

(ECF No. 49). Unfortunately, the parties were unable to resolve this matter at mediation. When Defendant's counsel offered to confer further regarding the disputed topics at the conclusion of the mediation, Plaintiff's counsel refused, indicating they would "get back to" Defendant, or words to that effect.

At 3:47pm ET on July 21, 2021, Defendant's counsel advised Plaintiff's counsel of their belief that a refusal to confer was in violation of this Court's Order and requested a response by 5:00pm ET, as counsel was scheduled to fly to Tampa, Florida later that evening to meet with and prepare its corporate representative for the anticipated deposition on July 23, 2021. **Exhibit F**. At 4:03pm, Plaintiff's counsel indicated that Plaintiff would "stand by all our 30(b)(6) topics" and noted

3

"the 30b6 deposition will be postponed until we are heard on our motion for leave to compel documents." **Exhibit G**. As of the date of this motion, Plaintiff has not provided <u>any</u> authority in support of his contention that the topics below are somehow appropriate for a Rule 30(b)(6) deposition.

## II.    ARGUMENT

Rule 26(c) provides that "[a] party or any person from whom discovery is sought may move for a protective order," and requires the movant to certify "that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *McClinton v. Cogency Glob., Inc.*, N.D. Ala. No. 2:20-CV-543-AMM, 2021 WL 2635853, at *2 (N.D. Ala. Feb. 18, 2021) (ECF No. 39).[1] Following such certification, Rule 26(c) permits the court to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*.

As the Eleventh Circuit has repeatedly explained, under Rule 30(b)(6), a party seeking to depose a corporate entity must "describe with reasonable particularity the matters for examination" and "[t]hose matters, like all discovery, 'should be tailored to the issues involved in the particular case.'" *West v. City of Albany, Georgia*, 830 Fed. Appx. 588, 592 (11th Cir. 2020) (quoting *Washington v. Brown & Williamson*

---

[1] Defendant satisfied this obligation in its motion for leave to file the current motion, *id*., which the Court granted on July 19, 2021. (ECF No. 49).

4

*Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992)). As such, a district court may grant a protective order to a relieve a corporate defendant from the obligation to prepare for topics that are "overbroad, vague, at risk of causing the [company] undue burden and expense, and of questionable relevance disproportionate to the needs of [the] case." *City of Albany, Georgia*, 830 Fed. Appx. at 593. For the reasons below, each of the remaining disputed topics (organized by topic number) violate this standard and a protective order should be issued.

**2.     Knowledge of documents which support Plaintiff's claims and Defendant's defenses.**

Plaintiff could not possibly submit a topic that is more vague or overbroad than topic two, such that if this topic were deemed acceptable, all other topics would be inherently superfluous. *See, e.g.*, *Edelen v. Campbell Soup Co.*, 265 F.R.D. 676, 700 (N.D. Ga. 2010). In *Campbell Soup Co.*, the plaintiff's amended 30(b)(6) notice contained the following topics:

> 1.     The existence, description, nature, custody, condition, and location of any documents or other tangible things that are relevant or are reasonably calculated to lead to the discovery of admissible evidence.
> 2.     Campbell Soup's knowledge of any and all discoverable, non-privileged information regarding the allegations, claims, and defenses appearing in either Plaintiff's complaint or Campbell Soup's answer and written responses to discovery.

In granting the defendant's motion for a protective order, the Court agreed with the company's contention that "the vague, broad nature of the first and second topics

make it impossible to designate and prepare witnesses to testify." *Campbell Soup Co.*, 265 F.R.D. at 700. Topic two is inappropriate for these same reasons and a protective order should be issued striking the topic from Plaintiff's Amended Notice.

Upon information and belief, Plaintiff may ask the Court to modify topic 2 to require Defendant to prepare a deponent to testify regarding all documents produced in discovery. *See* **Exhibit C** at 2 ("Plaintiff is willing to amend this request to, 'Knowledge of documents which have been produced in the discovery phase of this litigation'"). Any such amendment, however, would suffer from the same flaws as topic 2 as currently issued, as the proposed amended topic is similarly vague, overbroad, and unduly burdensome. *See, e.g. Campbell Soup Co.*, 265 F.R.D. at 700 (citing *Catt v. Affirmative Ins. Co.,* No. 2:08–CV–243–JVB–PRC, 2009 WL 1228605 (N.D.Ind. Apr. 30, 2009) (holding that a topic seeking general testimony about documents produced does not satisfy the "reasonable particularity" requirement of Rule 30(b)(6) standard) (collecting cases)).

**9.     Knowledge of data maintained by the Defendant regarding its employees both in hard copy and electronic format or computer disks depicting name, address, job duties, , [sic] date of hire, suspension, reason for separation from the employment, if any, and any and all complaints of discrimination indicating which employee voiced or placed in writing the alleged complaints.**

This topic is patently overbroad and unduly burdensome, as it seeks discovery of collateral matters regarding other employees, which is necessarily outside the scope of discovery and irrelevant to the parties' claims and defenses in this case.

*See, e.g., West v. City of Albany, Georgia*, 830 Fed. Appx. 588, 592 (11th Cir. 2020) (holding 30(b)(6) topics "should be tailored to the issues involved in the particular case.") (citing *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992)); *Andre v. Harbor Naples Mgmt., LLC*, M.D. Fla. No. 2:07-CV-581-FTM-SPC, 2008 WL 11334920, at *2 (M.D. Fla. Mar. 20, 2008) (holding that "termination letters for all other employees who were fired does not tend to prove or disprove whether persons outside of [plaintiff's] protected class were treated in a non-discriminatory manner."); *Davis–Dietz v. Sears Roebuck and Co.*, 2007 WL 2264521 (M.D. Fla. August 6, 2007) (holding that a request of termination letters was a fishing expedition that would not prove or disprove discriminatory intent).

Moreover, because Plaintiff's Amended Notice requests that he be permitted to "inspect and to copy any and all documents used by the deponent to prepare for the deposition," this topic improperly invades the privacy rights of other employees by seeking their personnel files. As numerous courts have held, personnel files of non-parties, which typically contain private and sensitive information such as family relations, earnings, attendance records, personal references, military and educational history, and numerous other items, are entitled to special protection from the court and discovery of this information is disfavored. *See, e.g.*, *Gehring v. Case Corp.*, 43 F.3d 340 (7th Cir. 1994) (privacy interests of non-party employees justified

district court's decision to preclude invasion of personnel files); *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 384 (W.D. Tenn. 1999) ("Personnel records, because of the privacy interests involved, should not be ordered produced except upon a compelling showing of relevance."); *Whittingham v. Amherst College*, 164 F.R.D. 124, 127 (D. Mass. 1995) (plaintiff must offer something other than "mere speculation" as to how personnel files are relevant to his claim, given that "personnel files contain perhaps the most private information about an employee within the possession of the employer"); *Griffiths v. Cigna Corp.*, 57 FEP Cases (BNA) 1506 (E.D. Pa. 1992) ("employers keep much information regarding employees which is not relevant" to most claims; plaintiff was not entitled to a "fishing expedition" through a personnel file); *Touhy v. Walgreen Co.*, No. CIV-05-135-M, 2006 WL 1716646, at *3 (W.D. Okla. June 21, 2006), *aff'd sub nom. Regan-Touhy v. Walgreen Co.*, 526 F.3d 641 (10th Cir. 2008) (denying plaintiff's motion to compel complete personnel file as overbroad as a matter of law, despite potentially containing relevant information).

The only effort Plaintiff has made to limit this topic following meet and confer sessions and receipt of Defendant's objections and written authority is to delete the word "race"[2] between "job duties" and "date of hire." *Compare* Exhibit A at 2, topic

---

[2] See Exhibit B at 7-8, topic 9 (objecting on grounds that the "topic improperly seeks irrelevant information outside the scope of discovery because it is not tied in location, time, or topic to Plaintiff's allegations. By way of example, a purported claim for racial discrimination at another location and outside the time period of Plaintiff's employment would have no relevance to

9; Exhibit E at 3, topic 9. Accordingly, the Court should issue a protective order striking topic 9.

**13.    Knowledge of and most familiar with any and all insurance policies that have been invoked or put on notice or that are providing any type of coverage as a result of any or all of Plaintiff's claims referenced in her complaint.**

Defendant submits that this topic is improper and outside the scope of discovery. Rule 26 provides only for the "inspection and copying as under Rule 34 [of] any insurance agreement under which an insurance business may be liable to satisfy . . . a possible judgment." Moreover, under Rule 26(b)(3)(A), "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney . . . indemnitor, **insurer**, or agent)." (emphasis added). Plaintiff has not and cannot show that this information is discoverable under Rule 26(b)(1), nor has Plaintiff demonstrated a "substantial need" for the materials, *id.*, as Defendant has already produced the declarations page of its insurance policy to Plaintiff, which reflects the limits and retention/deductible provided under Defendant's employment practices liability coverage. Accordingly, the Court should grant Defendant's motion for a protective order regarding topic 13.

**14.    All facts or opinions bearing on the accuracy or inaccuracy of defendant's denials, in its Answers to Plaintiff's First Amended Complaint**

---

Plaintiff's claims whatsoever and would be of no importance to resolving the issues in this case.") (citations omitted).

**(Doc.15) concerning ¶¶ 15, 16, 17, 24, 25, 26, 27, 28, 29, 35, 36, 37, 38, 39, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51.**

**15.    All facts or opinions bearing on the accuracy or inaccuracy of defendant's denials, it its Answer to Plaintiff's Second Amended Complaint (Doc. 32) ¶¶55, 56, 57, 58, 59, 61.**

**16.    All facts or opinions bearing on the accuracy or inaccuracy of defendant's Affirmative Defenses in its Answer to Second Amended Complaint (Doc. 36) concerning its Third, Fourth, Fifth, Sixth, Eighth, Tenth, Twelfth, Fourteenth, Fifteenth, and Sixteenth Defenses.**

**17.    All facts or opinions bearing on the accuracy or inaccuracy of defendant's denials to Plaintiff's Requests for Admission contained in Defendant's Objections and Answers to Plaintiff's First Requests for Admissions concerning numbers 1-12, 15,18, 21.**

**18.    All facts or opinions bearing on the accuracy or inaccuracy of defendant's responses contained in Defendant's Objections and Answers to Plaintiff's First Set of Interrogatories concerning numbers 1, 2, 3, 9, 16, 17, 18, 19, 20, 21.**

**19.    All facts or opinions bearing on the accuracy or inaccuracy of defendant's denials contained in Defendant's Objections and Answers to Plaintiff's Second Request for Admissions concerning numbers 26, 29, 30.**

**20.    All facts or opinions bearing on the accuracy or inaccuracy of defendant's responses contained in Defendant's Objections and Answers to Plaintiff's Second Set of Interrogatories concerning numbers 23, 24, 29.**

The inherent overbreadth and undue burden of topics 14-20 is apparent on their face, as these "seven" topics actually seek information on seventy-two (72) discrete topics and subtopics, such that they are improper for the same reason as topic 2, *supra*. *See, e.g. Campbell Soup Co.*, 265 F.R.D. at 700 (N.D. Ga. 2010) (sustaining objection to topic re: Campbell Soup's knowledge of any and all

discoverable, non-privileged information . . . in Campbell Soup's answer and written responses to discovery).

Moreover, designating these topics in this manner is inherently improper, as a "Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims." *Trustees of Boston Univ. v. Everlight Elecs. Co., Ltd.*, D. Mass. No. 12-CV-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014) (citing *SmithKline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 116082, at *9 (N.D.Ill. Jan.24, 2000); *Indep. Serv. Org. Antitrust Litig.*, 168 F.R.D. 651, 654 (D.Kan.1996) ("Even under the present-day liberal discovery rules, [the recipient of a Rule 30(b)(6) request] is not required to have counsel 'marshall all of its factual proof' and prepare a witness to be able to testify on a given defense or [ ] claim."). *See also Dacruz v. Bank of Am., N.A.*, N.D. Ga. No. 1:09-CV-141-WSD, 2010 WL 11496940, at *1 (N.D. Ga. July 28, 2010) (holding that rather than serving contention interrogatories, plaintiff "instead decided to serve a broad 30(b)(6) deposition notice, less than a month before discovery was scheduled to close, requiring Defendant to prepare a witness on all its factual proof related to its defenses. This discovery approach is inefficient and burdensome and will not be allowed."); *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, 2009 WL 3463912, at *1 (E.D. N.Y. 2009) (denying accused infringer's motion to compel patentee to produce a 30(b)(6) witness since the topics for which the

11

witness was sought, the patentee's legal theories of the case, were improper 30(b)(6) topics, and were subject more properly addressed by contention interrogatories); *TV Interactive Data Corp. v. Sony Corp.*, 2012 WL 1413368, *1-*3 (N.D. Cal. 2012) (denying motion to compel noting that a 30(b)(6) topic that seeks the production of a corporate witness regarding all facts and contentions for each of a defendant's defenses is too vague). Because it is axiomatic that requests of this nature are overbroad, unduly burdensome, and an improper substitute for the limited number of contention interrogatories permitted under Rule 33(a)(1),[3] the Court should enter a protective order striking each of the topics in their entirety.

**"SCHEDULE A" – ITEM V. "All deposition transcripts and all affidavits/declarations of the deponent for the last five (5) years made as an individual for the Defendant and/or as a corporate representative for the Defendant.**

Plaintiff's request to review all affidavits/declarations and deposition testimony of Defendant's 30(b)(6) deponent over a five-year period, on any matter whatsoever, is overly broad, unduly burdensome, and irrelevant to the issues in dispute in violation of Rule 26(b)(1). *See, e.g., West v. City of Albany, Georgia*, 830 Fed. Appx. 588, 592 (11th Cir. 2020) (holding 30(b)(6) topics "should be tailored to the issues involved in the particular case.") (citing *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992)). While Rule

---

[3] *See* Rule 33(a)(1) ("a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); *see also* (ECF Doc. No 18 at 2) (increasing limit to 30 upon Plaintiff's request for additional interrogatories).

30(b)(6) provides a corporate defendant with the opportunity to designate prior testimony on duplicative topics rather than tendering a live corporate witness, it does not give the opposing party *carte blanche* to demand that the corporate deponent produce any and all testimony previously given on any topic.

### III.   RELIEF SOUGHT

Based on the foregoing, pursuant to Rule 26(c), Defendant asks the Court to enter a protective order relieving it of the obligation to prepare a corporate witness on the topics above as stated in the amended Rule 30(b)(5) & (6) Deposition Notice issued by Plaintiff, Richard J. McClinton. Moreover, pursuant to Rule 37(a)(5), it is clear that Plaintiff's conduct in issuing multiple notices with numerous overbroad topics that are not stated with reasonable particularity and seek information outside the scope of discovery; refusing to withdraw the offending topics or provide <u>any</u> authority as to why he contends the topics are appropriate; and refusing to confer further with Defendant's counsel at mediation as required by this Court's Order necessitated the current motion. As such, Defendant asks this Court to award its reasonable expenses incurred in making the motion, including attorney's fees.

Dated this the 22nd day of July, 2021.

/s/ David I. Klass
David I. Klass
Admitted *Pro Hac Vice*
R. Bryan Holbrook
*Admitted Pro Hac Vice*
**Fisher & Phillips LLP**

227 W. Trade Street, Suite 2020
Charlotte, NC 28202
Telephone: (704) 334-4565
E-mail:dklass@fisherphillips.com
bholbrook@fisherphillips.com

and

*/s/ Marion F. Walker*
Marion F. Walker
ASB-0734-L73M
**Fisher Phillips LLP**
2323 2nd Avenue North
Birmingham, AL 35203
Telephone:  (205) 327-8354
Facsimile:  (205) 718-7607
Email: mfwalker@fisherphillips.com

*ATTORNEYS FOR DEFENDANT*

14

## CERTIFICATE OF SERVICE

This is to certify that on July 22, 2021, a true and correct copy of the foregoing **DEFENDANT'S MOTION FOR PROTECTIVE ORDER ON RULE 30(b)(5)-(6) TOPICS** was filed with the Clerk of Court using the Court's CM/ECF system, which will electronically serve a copy of the foregoing on the following counsel of record:

Nicole Davis Edwards<br>
Blake Clifton Edwards<br>
EDWARDS & EDWARDS<br>
3603 Pine Lane, Suite C<br>
Bessemer, Alabama 35022<br>
nicole@edwardsattys.com<br>
blake@edwardsattys.com

       */s/ David I. Klass*
       David I. Klass
       **FISHER & PHILLIPS LLP**
       *Counsel for Defendant*