FILED
2021 Jul-22  PM 03:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**Southern Division**

| | | |
|---|---|---|
| **RICHARD J. McCLINTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 2:20-cv-00543-AMM** |
| | ) | |
| | ) | |
| **COGENCY GLOBAL INC, d/b/a** | ) | |
| **CAPSTONE LOGISTICS, LLC,** | ) | |
| | ) | |
| **Defendant.** | | |

## DEFENDANT CAPSTONE LOGISTICS, LLC'S OBJECTIONS TO PLAINTIFF'S NOTICE OF RULE 30(b)(5) & (6) DEPOSITION

Capstone Logistics, LLC ("Capstone" or "Defendant"), misnamed in the case caption as Cogency Global, Inc. d/b/a Capstone Logistics, LLC, submits its Objections to Plaintiff's Notice of Rule 30(b)(5) & (6) Deposition ("Plaintiff's Notice"). Defendant reserves the right to supplement and/or amend these objections.

### GENERAL OBJECTIONS TO PLAINTIFF'S NOTICE

Defendant objects to Plaintiff's Notice on grounds that it fails to give notice of the time and place of the deposition as required under Rule 30(b)(1). Defendant further objects to the notice to the extent that its patent overbreadth seeks information or documents protected by the attorney-client privilege, the work product doctrine, and/or statements made in anticipation of litigation, and to the extent that the vague and overbroad nature of the topics contained in Plaintiff's Notice render it impossible to designate and prepare a witness to testify on those topics. *See, e.g.*, *Edelen v. Campbell Soup Co.*, 265 F.R.D. 676, 700 (N.D. Ga. 2010) (finding that the "the vague, broad nature of the first and second topics make it impossible to designate and prepare witnesses to

1

testify") (citing *Catt v. Affirmative Ins. Co.*, No. 2:08–CV–243–JVB–PRC, 2009 WL 1228605 (N.D.Ind. Apr. 30, 2009) (topics seeking general testimony about documents produced, allegations of plaintiff's complaint and defendants' answer is overbroad)).

## OBJECTIONS TO SPECIFIC TOPICS

1.    Knowledge of reasons and supporting documentation why Plaintiff was evaluated, disciplined, terminated.

**OBJECTION**:  Defendant objects to this topic on grounds that it is overbroad, vague, and fails to describe the matter for examination with reasonable particularity in violation of Rule 30(b)(6). By requesting "[k]nowledge of reasons and supporting documentation why Plaintiff was evaluated, disciplined, [and] terminated," this "topic" seeks to encompass every matter or document from Plaintiff's initial application to his termination. Defendant cannot possibly prepare a deponent or gather documents for a topic this overbroad. *See, e.g.*, *Edelen v. Campbell Soup Co.*, 265 F.R.D. 676, 700 (N.D. Ga. 2010) (finding that the "the vague, broad nature of the first and second topics make it impossible to designate and prepare witnesses to testify") (citing *Catt v. Affirmative Ins. Co.*, No. 2:08–CV–243–JVB–PRC, 2009 WL 1228605 (N.D.Ind. Apr. 30, 2009) (topics seeking general testimony about documents produced, allegations of plaintiff's complaint and defendants' answer is overbroad)); *James Madison Project v. C.I.A.*, No. 1:08CV1323GBL, 2009 WL 2777961, at *4 (E.D. Va. Aug. 31, 2009) ("A request for "all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to others in some remote fashion… Such a request "unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request.") (quoting *Massachusetts v. U.S. Dep't of Health & Human Servs.*, 727 F.Supp. 35, 36 n. 2 (D.Mass.1989)).

2.    Knowledge of files and documents which support Plaintiff's claims and Defendant's defenses.

**OBJECTION**: Defendant objects to this topic on grounds that it is overbroad, vague, and fails to describe the matter for examination with reasonable particularity in violation of Rule 30(b)(6). A party could not possibly draft a "topic" more overly broad and vague than "[k]nowledge of files and documents which support Plaintiff's claims and Defendant's defenses." As such, Defendant cannot possibly prepare a deponent or gather documents for a topic this overbroad. *See, e.g. Edelen v. Campbell Soup Co.*, 265 F.R.D. 676, 700 (N.D. Ga. 2010) (finding that the "the vague, broad nature of the first and second topics make it impossible to designate and prepare witnesses to testify") (citing *Catt v. Affirmative Ins. Co.*, No. 2:08–CV–243–JVB–PRC, 2009 WL 1228605 (N.D.Ind. Apr. 30, 2009) (topic seeking general testimony about documents produced, allegations of plaintiff's complaint and defendants' answer is overbroad)); *James Madison Project v. C.I.A.*, No. 1:08CV1323GBL, 2009 WL 2777961, at *4 (E.D. Va. Aug. 31, 2009) ("A request for "all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to others in some remote fashion… Such a request "unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request.") (quoting *Massachusetts v. U.S. Dep't of Health & Human Servs.*, 727 F.Supp. 35, 36 n. 2 (D.Mass.1989)).

3.    Knowledge of Defendant's criteria for promoting, demoting, and terminating employees.

**OBJECTION**: Defendant objects to this topic on grounds that it is overbroad, vague, and fails to describe the matter for examination with reasonable particularity in violation of Rule 30(b)(6). Plaintiff was shown numerous documents in his deposition, many of which he produced, which confirmed that Plaintiff and all other associate employees of Capstone are employed "at-will," such that a topic regarding the "criteria for promoting, demoting, and terminating employees" is inherently overbroad and vague. Defendant cannot possibly prepare a deponent for a topic this broad. Defendant will comply with its duty to reasonably prepare a designee to testify regarding the documents produced pertaining to employee promotion and discipline up to and including termination.

4.    Knowledge of formal and informal policies and procedures for investigating claims of discrimination and retaliation filed by employees of Defendant for the last five (5) years.

**OBJECTION**: Defendant objects to this topic as overbroad, unduly burdensome, not proportional to the needs of the case, and as seeking information outside the scope of discovery because it is not tied in location, time, or topic to Plaintiff's allegations. Plaintiff was employed from July 2017 through April 2019. As such, a request for formal and informal policies at all locations from 2016 to 2021 is overbroad and seeks information that is irrelevant to the claims and defenses in this case. *See, e.g. West v. City of Albany, Georgia*, 830 Fed. Appx. 588, 592 (11th Cir. 2020) (party must "describe with reasonable particularity the matters for examination" and "[t]hose matters, like all discovery, 'should be tailored to the issues involved in the particular

case.'") (quoting *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992)).

5.     Knowledge of Defendant's policies and procedures to prohibit discrimination and retaliation in the work place for the last five (5) years and all training on these policies, including internet or web-based training, for the last five (5) years.

**OBJECTION**: Defendant objects to this topic as overbroad, unduly burdensome, not proportional to the needs of the case, and as seeking information outside the scope of discovery because it is not tied in location, time, or topic to Plaintiff's allegations. Plaintiff was employed from July 2017 through April 2019. As such, a request for policies and training from 2016 to 2021, including training at other locations, is overbroad and seeks information that is irrelevant to the claims and defenses in this case. *See, e.g. West v. City of Albany, Georgia*, 830 Fed. Appx. 588, 592 (11th Cir. 2020) (party must "describe with reasonable particularity the matters for examination" and "[t]hose matters, like all discovery, 'should be tailored to the issues involved in the particular case.'") (quoting *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992)).

6.     Knowledge of training materials used in training and/or counseling all employees on employment discrimination in the workplace, seminars or meetings held in which employment discrimination and/or retaliation were topics and/or classes held discussing employment discrimination and retaliation for the last five (5) years.

**OBJECTION**: Defendant objects to this topic as overbroad, unduly burdensome, not proportional to the needs of the case, and as seeking information outside the scope of discovery

because it is not tied in location, time, or topic to Plaintiff's allegations. Plaintiff was employed from July 2017 through April 2019, such that a request for training materials from 2016 to 2021, or information on training materials or seminars that may have been given to other employees at other locations, is overbroad and irrelevant to the claims and defenses in this case. *See, e.g. West v. City of Albany, Georgia*, 830 Fed. Appx. 588, 592 (11th Cir. 2020) (party must "describe with reasonable particularity the matters for examination" and "[t]those matters, like all discovery, 'should be tailored to the issues involved in the particular case.'") (quoting *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992)).

7.    Knowledge of formal and informal policies and procedures for the retention of Electronically Stored Information (ESI).

**OBJECTION**: Defendant objects to this topic on grounds that it is overbroad, unduly burdensome, and irrelevant. Defendant has conducted multiple ESI searches in this case and has consistently turned over <u>all</u> responsive documents uncovered in its searches, including documents that Plaintiff sent to himself at his personal email address from Capstone servers. Plaintiff admitted under oath at his deposition that he deleted all of his emails related to Capstone and that he did not search his email account for relevant documents when responding to Capstone's request for documents in this case. As such, Defendant further objects to this topic on grounds that it is not proportional to the needs of the case based upon the parties' relative access to relevant information (which Plaintiff purposefully deleted), the unimportance of discovery on this topic in resolving the issues in this case, and the burden or expense of the proposed discovery regarding ESI clearly outweighing any remote possible benefit to resolving this case. Defendant further objects on grounds that this request is inappropriate and premature, as Plaintiff has not identified the slightest

bit of evidence to suggest that Defendant failed to preserve or produce ESI. *Edelen v. Campbell Soup Co.*, 265 F.R.D. 676, 701 (N.D. Ga. 2010) (sustaining objection to topic seeking "knowledge of any and all… efforts to preserve information, documents, or other evidence relating to Plaintiff's claims," holding that preservation efforts would not prove employment discrimination plaintiff's claims or disprove defendant's defenses, and that "the topic is premature as Plaintiff has no evidence that Defendants have not properly preserved documents.").

8.      Knowledge of all employment policies of Defendant, specifically, but not limited to, Defendant's progressive discipline policy, hire and promotion policies, pay, and benefit policies.

**OBJECTION:** Defendant objects to this topic on grounds that it is overbroad, vague, and fails to describe the matter for examination with reasonable particularity in violation of Rule 30(b)(6). The topic improperly seeks information outside the scope of discovery because it is not tied in location, time, or topic to Plaintiff's allegations. Defendant further objects to the topic as argumentative and outside the scope of discovery, as numerous documents produced in this case (including by Plaintiff) reveal that Defendant does not have a progressive discipline policy, such that it would not only be unduly burdensome, but impossible to prepare a deponent to testify regarding a "progressive discipline policy," which simply does not exist.

9.      Knowledge of data maintained by the Defendant regarding its employees both in hard copy and electronic format or computer disks depicting name, address, job duties, race, date of hire, suspension, reason for separation from the employment, if any, and any and all complaints of discrimination indicating which employee voiced or placed in writing the alleged complaints.

**OBJECTION:** Defendant objects to this topic on grounds that it is overbroad, unduly burdensome, vague, and fails to describe the matter for examination with reasonable particularity in violation of Rule 30(b)(6). The topic improperly seeks irrelevant information outside the scope of discovery because it is not tied in location, time, or topic to Plaintiff's allegations. By way of example, a purported claim for racial discrimination at another location and outside the time period of Plaintiff's employment would have no relevance to Plaintiff's claims whatsoever and would be of no importance to resolving the issues in this case. *See, e.g. West v. City of Albany, Georgia*, 830 Fed. Appx. 588, 592 (11th Cir. 2020) (party must "describe with reasonable particularity the matters for examination" and "[t]hose matters, like all discovery, 'should be tailored to the issues involved in the particular case.'") (quoting *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992)). The extraordinary burden or expense of the proposed discovery on such collateral matters would clearly outweigh any remote possibility of relevance to this case, such that this topic plainly violates the proportionality requirement of Rule 26(b)(1). Moreover, because Plaintiff's Notice requests that he be permitted to "inspect and to copy any and all documents used by the deponent to prepare for the deposition," this topic improperly invades the privacy rights of other employees by seeking their personnel files. As numerous courts have held, personnel files of non-parties, which typically contain private and sensitive information such as family relations, earnings, attendance records, personal references, military and educational history, and numerous other items, are entitled to special protection from the court and discovery of this information is disfavored. *See, e.g., Gehring v. Case Corp.*, 43 F.3d 340 (7th Cir. 1994) (privacy interests of non-party employees justified district court's decision to preclude invasion of personnel files); *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 384 (W.D. Tenn. 1999) ("[p]ersonnel records, because of the privacy interests involved, should not be ordered produced

except upon a compelling showing of relevance"); *Whittingham v. Amherst College*, 164 F.R.D. 124, 127 (D. Mass. 1995)(plaintiff must offer something other than "mere speculation" as to how personnel files are relevant to his claim, given that "personnel files contain perhaps the most private information about an employee within the possession of the employer"); *Griffiths v. Cigna Corp.*, 57 FEP Cases (BNA) 1506 (E.D. Pa. 1992) ("employers keep much information regarding employees which is not relevant" to most claims; plaintiff was not entitled to a "fishing expedition" through a personnel file; *Touhy v. Walgreen Co.*, No. CIV-05-135-M, 2006 WL 1716646, at *3 (W.D. Okla. June 21, 2006), *aff'd sub nom. Regan-Touhy v. Walgreen Co.*, 526 F.3d 641 (10th Cir. 2008) (denying plaintiff's motion to compel complete personnel file as overbroad as a matter of law, despite potentially containing relevant information).

10. Knowledge of electronically stored information regarding Defendant's policies and decisions relating to selection, discipline, rating, and retention of employees of Defendant for the last five (5) years.,

**OBJECTION**: Defendant objects to this topic on grounds that it is duplicative of topics 3, 7, 8, and 9. As such, Defendants' objections to those topics are hereby incorporated by reference as Defendant's objection to topic 10.

11. Knowledge of Plaintiff's pay and benefits and the value thereof and any and all other employee incentives for the last five (5) years.

**OBJECTION**: Defendant objects to this topic on grounds that it is overbroad, unduly burdensome, vague, and fails to describe the matter for examination with reasonable particularity in violation of Rule 30(b)(6). The topic improperly seeks irrelevant information outside the scope

of discovery because it is not tied in location, time, or topic to Plaintiff's allegations. This is not a wage and hour case and Plaintiff has not made allegations of disparate treatment in the form of lesser pay. The pay afforded to other employees, at other locations, for other jobs, and for periods outside of Plaintiff's employment is of no relevance whatsoever to Plaintiff's claims under the ADA, nor is it relevant to Plaintiff's claims pertaining to unpaid leave under the FMLA. *See, e.g.* *West v. City of Albany, Georgia*, 830 Fed. Appx. 588, 592 (11th Cir. 2020) (party must "describe with reasonable particularity the matters for examination" and "[t]those matters, like all discovery, 'should be tailored to the issues involved in the particular case.'") (quoting *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992)). Defendant further objects to this topic on grounds that the phrase "employee incentives" is vague.

12.    Knowledge of organizational charts for Defendant, that depict management positions for the last five (5) years.

**OBJECTION:** Defendant objects to this topic as overbroad, unduly burdensome, not proportional to the needs of the case, and as seeking information outside the scope of discovery because it is not tied in location, time, or topic to Plaintiff's allegations. Plaintiff was employed from July 2017 through April 2019, such that a request for management positions at all other locations from 2016 to 2021 is overbroad, unduly burdensome, vague, and irrelevant. A chart of management positions at other locations for time periods outside of Plaintiff's employment with Defendant is of absolutely no use to resolving the claims at issue in this case, and as such, this topic violates the proportionality requirement, as the burden and expense of the proposed discovery clearly outweighs any remote possible benefit to resolving this case. *See, e.g. West v. City of Albany, Georgia*, 830 Fed. Appx. 588, 592 (11th Cir. 2020) (party must "describe with reasonable

particularity the matters for examination" and "[t]those matters, like all discovery, 'should be tailored to the issues involved in the particular case.'") (quoting *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992)).

13.  Knowledge of any and all work product deficiencies allegedly committed by Plaintiff during his employment with Defendant.

**OBJECTION:** Defendant objects to this topic on the grounds that the phrase "work product deficiencies" is vague and overbroad, as Defendant cannot possibly be aware of all deficiencies or acts of misconduct by Plaintiff during his employment. Defendant will prepare its designee to testify regarding the instances of which it has knowledge, including those instances in which Plaintiff received verbal and written counseling for poor performance despite his testimony and allegations to the contrary.

14.  Knowledge of work tasks assigned to Plaintiff.

**RESPONSE:** No objection.

15.  Knowledge of any and all damages suffered by Defendant due to any alleged acts and/or omissions of Plaintiff.

**OBJECTION:** Defendant objects to this topic on grounds that the phrase "damages" is vague and not stated with reasonable particularity. Defendant has not made a counterclaim for damages in this case, such that a claim for "damages," would be inapplicable outside of a potential prevailing party award.

**RESPONSE:** Subject to and with no intention of waiving the foregoing objection, Defendant will prepare a designee to testify regarding the impact of Plaintiff's poor job performance on the Defendant's ability to conduct business as planned or to meet the needs of Dollar General at the location where Plaintiff worked.

16.    Knowledge of and most familiar with any and all insurance policies that have been invoked or put on notice or that are providing any type of coverage as a result of any or all of Plaintiff's claims referenced in her complaint.

**OBJECTION:** Defendant objects to this topic as outside the scope of discovery. Rule 26 provides <u>only</u> for the "inspection and copying as under Rule 34 [of] any insurance agreement under which an insurance business may be liable to satisfy… a possible judgment." This is the exclusive method for discovery of such information prior to judgment under the Federal Rules of Civil Procedure. *See, e.g. 3600 Michigan Co. v. Infra-Metals Co*., No. 207CV367, 2009 WL 3111422, at \*3 (N.D. Ind. Sept. 24, 2009) (noting "The Advisory Committee Note to Rule 26(b)(2) states that the required disclosure of insurance information was not intended to extend discovery to 'a defendant's financial status or ability to satisfy a judgment.'"). Under Rule 26(b)(3)(A), "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney… indemnitor, **<u>insurer</u>**, or agent)." (emphasis added). This topic necessarily includes such communications, and Plaintiff has not and cannot show that this information is discoverable under Rule 26(b)(1), nor has Plaintiff demonstrated a "substantial need" for the materials as required under Rule 26(b)(3). Rather, this topic is a premature effort to conduct post-judgment discovery as to Defendant's ability to pay or Plaintiff's ability to collect on a potential judgment, is irrelevant

to the claims or defenses in this case, and is therefore prohibited by the Federal Rules of Civil Procedure. *See, e.g. Anderson v. Wade*, No. 3:05CV33, 2006 WL 2559769, at *1 (W.D.N.C. Sept. 1, 2006); *3600 Michigan Co. v. Infra-Metals Co*., No. 207CV367, 2009 WL 3111422, at *3 (N.D. Ind. Sept. 24, 2009); *Braunstein v. Pickens*, 274 F.R.D. 568, 574–75 (D.S.C. 2011).

17.    All facts or opinions bearing on the accuracy or inaccuracy of defendant's denials, in its Answers to Plaintiff's First Amended Complaint (Doc.15) and Second Amended Complaint (Doc.28).

**OBJECTION:** Defendant objects to this topic on grounds that it is overbroad, vague, and fails to describe the matter for examination with reasonable particularity in violation of Rule 30(b)(6). As such, this "topic" seeks to encompass every matter possibly in dispute in this case in one single deposition topic. Defendant cannot possibly prepare a deponent or gather documents for a topic this overbroad. *See, e.g. Edelen v. Campbell Soup Co.*, 265 F.R.D. 676, 700 (N.D. Ga. 2010) (finding that the "the vague, broad nature of the first and second topics make it impossible to designate and prepare witnesses to testify") (citing *Catt v. Affirmative Ins. Co.*, No. 2:08–CV–243–JVB–PRC, 2009 WL 1228605 (N.D.Ind. Apr. 30, 2009) (topic seeking general testimony about documents produced, allegations of plaintiff's complaint and defendants' answer is overbroad)); *James Madison Project v. C.I.A.*, No. 1:08CV1323GBL, 2009 WL 2777961, at *4 (E.D. Va. Aug. 31, 2009) ("A request for "all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to others in some remote fashion… Such a request "unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy

request.") (quoting *Massachusetts v. U.S. Dep't of Health & Human Servs.*, 727 F.Supp. 35, 36 n. 2 (D.Mass.1989)).

18.     All facts or opinions bearing on the accuracy or inaccuracy of defendant's Affirmative Defenses in its Answer to First Amended Complaint (Doc. 17) and its Answer to Second Amended Complaint (Doc. 36).

**OBJECTION:** Defendant objects to this topic on grounds that it is overbroad, vague, and fails to describe the matter for examination with reasonable particularity in violation of Rule 30(b)(6). As such, this "topic" seeks to encompass every matter possibly in dispute in this case in one single deposition topic. Defendant cannot possibly prepare a deponent or gather documents for a topic this overbroad. *See, e.g. Edelen v. Campbell Soup Co.*, 265 F.R.D. 676, 700 (N.D. Ga. 2010) (finding that the "the vague, broad nature of the first and second topics make it impossible to designate and prepare witnesses to testify") (citing *Catt v. Affirmative Ins. Co.*, No. 2:08–CV–243–JVB–PRC, 2009 WL 1228605 (N.D.Ind. Apr. 30, 2009) (topic seeking general testimony about documents produced, allegations of plaintiff's complaint and defendants' answer is overbroad)); *James Madison Project v. C.I.A.*, No. 1:08CV1323GBL, 2009 WL 2777961, at *4 (E.D. Va. Aug. 31, 2009) ("A request for "all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to others in some remote fashion… Such a request "unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request.") (quoting *Massachusetts v. U.S. Dep't of Health & Human Servs.*, 727 F.Supp. 35, 36 n. 2 (D.Mass.1989)).

19.     All facts or opinions bearing on the accuracy or inaccuracy of defendant's denials to Plaintiff's Requests for Admission contained in Defendant's Objections and Answers to Plaintiff's First Requests for Admissions.

**OBJECTION:** Defendant objects to this topic on grounds that it is overbroad, vague, and fails to describe the matter for examination with reasonable particularity in violation of Rule 30(b)(6). As such, this "topic" seeks to encompass every matter possibly in dispute in this case in one single deposition topic. Defendant cannot possibly prepare a deponent or gather documents for a topic this overbroad. *See, e.g. Edelen v. Campbell Soup Co.*, 265 F.R.D. 676, 700 (N.D. Ga. 2010) (finding that the "the vague, broad nature of the first and second topics make it impossible to designate and prepare witnesses to testify") (citing *Catt v. Affirmative Ins. Co.*, No. 2:08–CV–243–JVB–PRC, 2009 WL 1228605 (N.D.Ind. Apr. 30, 2009) (topic seeking general testimony about documents produced, allegations of plaintiff's complaint and defendants' answer is overbroad)); *James Madison Project v. C.I.A.*, No. 1:08CV1323GBL, 2009 WL 2777961, at *4 (E.D. Va. Aug. 31, 2009) ("A request for "all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to others in some remote fashion… Such a request "unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request.") (quoting *Massachusetts v. U.S. Dep't of Health & Human Servs.*, 727 F.Supp. 35, 36 n. 2 (D.Mass.1989)).

20.     All facts or opinions bearing on the accuracy or inaccuracy of defendant's responses contained in Defendant's Objections and Answers to Plaintiff's First Set of Interrogatories.

**OBJECTION:** Defendant objects to this topic on grounds that it is overbroad, vague, and fails to describe the matter for examination with reasonable particularity in violation of Rule 30(b)(6). As such, this "topic" seeks to encompass every matter possibly in dispute in this case in one single deposition topic. Defendant cannot possibly prepare a deponent or gather documents for a topic this overbroad. *See, e.g. Edelen v. Campbell Soup Co.*, 265 F.R.D. 676, 700 (N.D. Ga. 2010) (finding that the "the vague, broad nature of the first and second topics make it impossible to designate and prepare witnesses to testify") (citing *Catt v. Affirmative Ins. Co.*, No. 2:08–CV–243–JVB–PRC, 2009 WL 1228605 (N.D.Ind. Apr. 30, 2009) (topic seeking general testimony about documents produced, allegations of plaintiff's complaint and defendants' answer is overbroad)); *James Madison Project v. C.I.A.*, No. 1:08CV1323GBL, 2009 WL 2777961, at *4 (E.D. Va. Aug. 31, 2009) ("A request for "all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to others in some remote fashion… Such a request "unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request.") (quoting *Massachusetts v. U.S. Dep't of Health & Human Servs.*, 727 F.Supp. 35, 36 n. 2 (D.Mass.1989)).

21.     All facts or opinions bearing on the accuracy or inaccuracy of defendant's denials contained in Defendant's Objections and Answers to Plaintiff's Second Request for Admissions.

**OBJECTION:** Defendant objects to this topic on grounds that it is overbroad, vague, and fails to describe the matter for examination with reasonable particularity in violation of Rule 30(b)(6). As such, this "topic" seeks to encompass every matter possibly in dispute in this case in one single deposition topic. Defendant cannot possibly prepare a deponent or gather documents for a topic this overbroad. *See, e.g. Edelen v. Campbell Soup Co.*, 265 F.R.D. 676, 700 (N.D. Ga. 2010) (finding that the "the vague, broad nature of the first and second topics make it impossible to designate and prepare witnesses to testify") (citing *Catt v. Affirmative Ins. Co.*, No. 2:08–CV–243–JVB–PRC, 2009 WL 1228605 (N.D.Ind. Apr. 30, 2009) (topic seeking general testimony about documents produced, allegations of plaintiff's complaint and defendants' answer is overbroad)); *James Madison Project v. C.I.A.*, No. 1:08CV1323GBL, 2009 WL 2777961, at *4 (E.D. Va. Aug. 31, 2009) ("A request for "all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to others in some remote fashion… Such a request "unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request.") (quoting *Massachusetts v. U.S. Dep't of Health & Human Servs.*, 727 F.Supp. 35, 36 n. 2 (D.Mass.1989)).

22.    All facts or opinions bearing on the accuracy or inaccuracy of defendant's responses contained in Defendant's Objections and Answers to Plaintiff's Second Set of Interrogatories.

**OBJECTION:** Defendant objects to this topic on grounds that it is overbroad, vague, and fails to describe the matter for examination with reasonable particularity in violation of Rule 30(b)(6). As such, this "topic" seeks to encompass every matter possibly in dispute in this case in one single deposition topic. Defendant cannot possibly prepare a deponent or gather documents for a topic this overbroad. *See, e.g. Edelen v. Campbell Soup Co.*, 265 F.R.D. 676, 700 (N.D. Ga. 2010) (finding that the "the vague, broad nature of the first and second topics make it impossible to designate and prepare witnesses to testify") (citing *Catt v. Affirmative Ins. Co.*, No. 2:08–CV–243–JVB–PRC, 2009 WL 1228605 (N.D.Ind. Apr. 30, 2009) (topic seeking general testimony about documents produced, allegations of plaintiff's complaint and defendants' answer is overbroad)); *James Madison Project v. C.I.A.*, No. 1:08CV1323GBL, 2009 WL 2777961, at *4 (E.D. Va. Aug. 31, 2009) ("A request for "all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to others in some remote fashion… Such a request "unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request.") (quoting *Massachusetts v. U.S. Dep't of Health & Human Servs.*, 727 F.Supp. 35, 36 n. 2 (D.Mass.1989)).

23.     All facts or opinions bearing on the accuracy or inaccuracy of defendant's responses contained in Defendant's Objections and Answers to Plaintiff's Amended Interrogatories.

**OBJECTION:** Defendant objects to this topic on grounds that it is overbroad, vague, and fails to describe the matter for examination with reasonable particularity in violation of Rule 30(b)(6). As such, this "topic" seeks to encompass every matter possibly in dispute in this case in one single deposition topic. Defendant cannot possibly prepare a deponent or gather documents for a topic this overbroad. *See, e.g. Edelen v. Campbell Soup Co.*, 265 F.R.D. 676, 700 (N.D. Ga. 2010) (finding that the "the vague, broad nature of the first and second topics make it impossible to designate and prepare witnesses to testify") (citing *Catt v. Affirmative Ins. Co.*, No. 2:08–CV–243–JVB–PRC, 2009 WL 1228605 (N.D.Ind. Apr. 30, 2009) (topic seeking general testimony about documents produced, allegations of plaintiff's complaint and defendants' answer is overbroad)); *James Madison Project v. C.I.A.*, No. 1:08CV1323GBL, 2009 WL 2777961, at *4 (E.D. Va. Aug. 31, 2009) ("A request for "all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to others in some remote fashion… Such a request "unfairly places the onus of non-production on the recipient of the request and not where it belongs—upon the person who drafted such a sloppy request.") (quoting *Massachusetts v. U.S. Dep't of Health & Human Servs.*, 727 F.Supp. 35, 36 n. 2 (D.Mass.1989)).

[Unnumbered request on page 4 of Plaintiff's Notice] Deponent is requested to produce all documents requested in the attached Schedule "A". The deponent is requested to bring and permit Plaintiff, Jason McClinton, to inspect and to copy any and all documents used by the deponent to prepare for the deposition.

**OBJECTION:** Defendant will lodge specific objections to the documents sought in Schedule "A." With respect to the request for permission of Jason McClinton to "inspect and to copy any and all documents used by the deponent to prepare for the deposition," Defendant objects on grounds that such a request is inherently overbroad due to the patent overbreadth of the topics contained in Plaintiff's Notice, the specific objections to which are hereby incorporated by reference.

## OBJECTIONS TO "SCHEDULE A"

Defendant's representative, as identified pursuant to Plaintiff's 30(b)(6) deposition notice, is requested to provide the following documents at the time of deposition:

I.     A copy of the harassment and discrimination manual given to Defendant's workforce for the last five (5) years.

**OBJECTION:** Defendant objects to this topic as overbroad, unduly burdensome, not proportional to the needs of the case, and as seeking information outside the scope of discovery because it is not tied in location, time, or topic to Plaintiff's allegations. Plaintiff was employed from July 2017 through April 2019, such that a request for issued materials from 2016 to 2021, or information that may have been given to other employees at other locations, is overbroad and irrelevant to the claims and defenses in this case. *See, e.g. West v. City of Albany, Georgia*, 830 Fed. Appx. 588, 592 (11th Cir. 2020) (party must "describe with reasonable particularity the matters for examination" and "[t]those matters, like all discovery, 'should be tailored to the issues

involved in the particular case.'") (quoting *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992)). Defendant further objects on grounds that "harassment and discrimination manual" is vague. Defendant objects to this request because it has already produced its associate handbook in effect at the time of Plaintiff's employment.

II.     A copy of the corporate directive on dealing with documentation of incidents/disciplinary matters.

**OBJECTION:** Defendant objects to this request on grounds that a request for "corporate directive on dealing with documentation of incidents" is inherently overbroad and vague, and could refer to any number of matters outside of employee discipline, such that it would be impossible to identify and prepare a designee to testify on this topic. Defendant objects to this request because it has already produced its associate handbook in effect at the time of Plaintiff's employment.

III.     All management tree diagrams of Defendant for the last five (5) years in the Southeast.

**OBJECTION**: Defendant objects to this request on grounds that the it seeks information outside the timeline of Plaintiff's employment, and potentially at other locations, as the term "Southeast" is undefined and vague.

IV.     Your current resume and your job description/title including duties for the last five (5) years.

**OBJECTION:** Defendant objects to this request because it seeks information that is irrelevant, not proportional to the needs of the case, and otherwise is outside the scope of discovery under Rule 26(b). Defendant also objects to this request to the extent it requests the deponent to create a document that does not exist.

V.     Any and all documents in your possession or control at any time which reference Plaintiff's performance and/or work deficiencies.

**OBJECTION:** Defendant objects to this request because it has already produced all responsive documents.

VI.     Any and all non-privileged e-mails authored by you or received by you which reference Plaintiff in any fashion.

**OBJECTION:** Defendant objects to this request because it has already produced all responsive documents.

VII.     All documents and emails which support Defendant's decision to terminate Plaintiff's employment.

**OBJECTION:** Defendant objects to this request for "[a]ll documents and emails which support Defendant's decision" as overly broad, unduly burdensome, vague, and improperly seeking information protected by the work product doctrine by seeking to invade the mind of defense counsel during its investigation and preparation for trial. *See, e.g. Hickman v. Taylor*, 329 U.S. 495, 512-13, 67 S. Ct. 385, 394, 91 L. Ed. 451 (1947). Defendant objects to this request because it has already produced all non-privileged or protected responsive documents.

VIII. All deposition transcripts and all affidavits/declarations of the deponent for the last five (5) years.

**OBJECTION:** Defendant objects to this request because it seeks information that is irrelevant, not proportional to the needs of the case, and otherwise is outside the scope of discovery under Rule 26(b).

/s/ David I. Klass_____
David I. Klass
*Admitted Pro Hac Vice*
R. Bryan Holbrook
*Admitted Pro Hac Vice*
**FISHER & PHILLIPS LLP**
227 West Trade Street
Suite 2020
Charlotte, North Carolina 28202
Tel:  (704) 334-4565
Fax: (704) 334-9774
dklass@fisherphillips.com
bholbrook@fisherphillips.com

And

Marion F. Walker
ASB-0734-L73M
**FISHER & PHILLIPS LLP**
2323 2nd Avenue North
Birmingham, AL 35203
Tel: (205) 327-8354
Fax: (205) 718-7607
mfwalker@fisherphillips.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
Southern Division**

| | | |
|---|---|---|
| **RICHARD J. McCLINTON,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| **v.** | **)** | **Civil Action No. 2:20-cv-00543-AMM** |
| | **)** | |
| | **)** | |
| **COGENCY GLOBAL INC, d/b/a** | **)** | |
| **CAPSTONE LOGISTICS, LLC,** | **)** | |
| | **)** | |
| **Defendant.** | | |

_____

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on the 25th day of May, 2021, Defendant Capstone Logistics, LLC's Objections to Plaintiff's Notice of Rule 30(b)(5) & (6) Deposition was served on counsel of record by first class U.S. mail, postage prepaid, and by email, to the following:

> Nicole Davis Edwards
> Blake Clifton Edwards
> EDWARDS & EDWARDS
> 3603 Pine Lane, Suite C
> Bessemer, Alabama 35022
> nicole@edwardsattys.com
> blake@edwardsattys.com

> */s/ David I. Klass*
> David I. Klass
> **FISHER & PHILLIPS LLP**
> *Counsel for Defendants*