FILED
2021 Jul-22 PM 03:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT C

# EDWARDS & EDWARDS
**ATTORNEYS AND MEDIATORS, PROFESSIONAL LLC**

3603 Pine Lane SE, Suite C, Bessemer, AL 35022
TEL: 205.549.1379    www.edwardsattys.com    FAX: 205.719.4033

**BLAKE CLIFTON EDWARDS**
E-mail: blake@edwardsattys.com



**NICOLE DAVIS EDWARDS**
E-mail: nicole@edwardsattys.com

June 4, 2021

<u>**VIA ELECTRONIC MAIL**</u>
Bryan Holbrook, Esq.
David I. Klass, Esq.
FisherPhillips
bholbrook@fisherphillips.com
dklass@fisherphillips.com

  **RE:**  Plaintiff's responses to Defendant's Objections to Plaintiff's Notice of Rule 30(b)(5)&(6) Deposition

Dear Bryan,

  Please let this serve as Plaintiff's written responses in regards to Defendant's Objections to Plaintiff's 30(b)(5)&(6) Topics.

**TOPIC #1: Knowledge of reasons and supporting documentation why Plaintiff was evaluated, disciplined, terminated.**

  Plaintiff contends that this topic is not overbroad. It is not asking to produce a witness with the "all" or the "most" of the knowledge as to why Plaintiff was evaluated, disciplined, or terminated. Rather, the witness have enough knowledge to competently testify on the subject.

**TOPIC #2: Knowledge of files and documents which support Plaintiff's claims and Defendant's defenses.**

Plaintiff is willing to amend this request to, "Knowledge of documents which have been produced in the discovery phase of this litigation".

**TOPIC #3: Knowledge of Defendant's criteria for promoting, demoting, and terminating employees.**

Plaintiff is willing to amend this topic to, "Knowledge of Defendant's criteria for promoting, demoting, and terminating employees at the location where Plaintiff worked."

**TOPIC #4: Knowledge of formal and informal policies and procedures for investigating claims of discrimination and retaliation filed by employees of Defendant for the last five years.**

Plaintiff is willing to amend this topic to, "Knowledge of formal and informal procedures for investigating claims of discrimination and retaliation filed by employees of Defendant for last five (5) years at the location where Plaintiff worked."

**TOPIC #5: Knowledge of Defendant's policies and procedures to prohibit discrimination and retaliation in the work place for last five years and all training on these policies, including internet or web-based training, for the last five years.**

Plaintiff is willing to amend this topic to, "Knowledge of Defendant's policies and procedures to prohibit discrimination and retaliation in the work place for last five years and all training on these policies, including internet or web-based

training, for the last five years at the location where Plaintiff worked."

**TOPIC #6: Knowledge of training materials used in training and/or counseling all employees on employment discrimination in the workplace, seminars or meetings held in which employment discrimination and/or retaliation were topics and/or classes held discussing employment discrimination and retaliation for the last five (5) years.**

Plaintiff is willing to amend this topic to, "Knowledge of training materials used in training and/or counseling all employees on employment discrimination in the workplace, seminars or meetings held in which employment discrimination and/or retaliation were topics and/or classes held discussing employment discrimination and retaliation for the last five (5) years at the location where Plaintiff worked."

**TOPIC #7: Knowledge of formal and informal policies and procedures for the retention of Electronically Stored Information (ESI).**

Plaintiff is asking Defendant to produce a witness with enough knowledge to competently testify on this matter.

**TOPIC #8: Knowledge of all employment policies of Defendant, specifically, but not limited to, Defendant's progressive discipline policy, hire and promotion policies, pay, and benefit policies.**

This request is reasonable and highly relevant to this case. Despite the assertion, that Defendant does not have a progressive discipline policy, per Jose Fernandez in an email dated April 16, 2019, states "Jason appears to be struggling with some of our processes and will enter the Disciplinary Escalation Process

3

today". See Capstone-000139. Thus, making the progressive discipline policy an issue in this case.

**TOPIC #9: Knowledge of data maintained by the Defendant regarding its employees both in hard copy and electronic format or computer disks depicting name, address, job duties, race, date of hire, suspension, reason for separation from the employment, if any, and any and all complaints of discrimination indicating which employee voiced or placed in writing the alleged complaints.**

Plaintiff is willing to amend this topic to, "Knowledge of data maintained by the Defendant regarding its employees both in hard copy and electronic format or computer disks depicting name, address, job duties, race, date of hire, suspension, reason for separation from the employment, if any, and any and all complaints of discrimination indicating which employee voiced or placed in writing the alleged complaints for the last five years at the location where Plaintiff worked."

**TOPIC #10: Knowledge of electronically stored information regarding Defendant's policies and decisions relating to selection, discipline, rating, and retention of employees of Defendant for the last five (5) years.**

It's not duplicative. Produce a witness who can testify to topic #10.

**TOPIC #11: Knowledge of Plaintiff's pay and benefits and the value thereof and any and all other employee incentive for the last five (5) years.**

Plaintiff is not willing to amend this topic. It is not hard to figure this number. If you do not provide a number we will use the bank rate standard 30% of Plaintiff's salary.

**TOPIC #12: Knowledge of organizational charts for Defendant, that depict management positions for the last five (5) years.**

Plaintiff is willing to amend this topic to, "Knowledge of organizational charts for Defendant, that depict management positions for the last five (5) years at the location where Plaintiff worked."

**TOPIC# 15: Knowledge of any and all damages suffered by Defendant due to any alleged acts and/or omissions of Plaintiff.**

Plaintiff is willing to change the word "damages" to "income" if the Defendant is more familiar with that word.

**TOPIC # 16: Knowledge of and most familiar with any and all insurance policies that have been invoked or put on notice or that are providing any type of coverage as a result of any or all of Plaintiff's claims referenced in his (sic) complaint.**

Plaintiff is not willing to amend this topic to: "Knowledge of all insurance policies that have been invoked or put on notice or that are providing any type of coverage as a result of any or all of Plaintiff's claims referenced in his (sic) complaint."

**TOPIC #17: All facts or opinions bearing on the accuracy or inaccuracy of defendant's denials, in its Answers to Plaintiff's First Amended Complaint (Doc. 15) and Second Amended Complaint (Doc. 28).**

Plaintiff is willing to discuss this topic in its meet and confer session.

**TOPIC #18: All facts or opinions bearing on the accuracy of inaccuracy of defendant's Affirmative defenses in its Answer to First Amended Complaint (Doc. 17) and its Answer to Second Amended Complaint (Doc. 36).**

5

Plaintiff is willing to discuss this topic in its meet and confer session.

**TOPIC #19: All facts or opinions bearing on the accuracy of inaccuracy of defendant's denials to Plaintiff's Requests for Admission contained in the Defendant's Objections and Answers to Plaintiff's First Requests for Admission.**

Plaintiff is asking Defendant to produce a witness with enough knowledge to competently testify on this matter. The Defendant party must answer questions as to its written discovery response.

**TOPIC #20: All facts or opinions bearing on the accuracy or inaccuracy of Defendant's responses contained in Defendant's Objections and Answers to Plaintiff's First Set of Interrogatories.**

Plaintiff is willing to discuss this topic in its meet and confer session.

**TOPIC #21: All facts or opinions bearing on the accuracy or inaccuracy of Defendant's denials contained in Defendant's Objections and Answers to Plaintiff's Second Request for Admissions.**

Plaintiff is willing to discuss this topic in its meet and confer session.

**TOPIC #22: All facts or opinions bearing on the accuracy or inaccuracy of Defendant's responses contained in Defendant's Objections and Answers to Plaintiff's Second Set of Interrogatories.**

Plaintiff is willing to discuss this topic in its meet and confer session.

**TOPIC #23: All facts or opinions bearing on the accuracy or inaccuracy of Defendant's responses contained in Defendant's Objections and Answers to Plaintiff's Amended Interrogatories.**

Plaintiff is willing to discuss this topic in its meet and confer session.

## **OBJECTIONS TO SCHEDULE A**

I. A copy of the harassment and discrimination manual given to Defendant's workforce for the last five (5) years.

   *Plaintiff will omit this production, if already produced.*

II. A copy of the corporate directive on dealing with documentation of incidents/disciplinary matters.

   *Plaintiff will omit this production, if already produced.*

III. All management tree diagrams of Defendant for the last five (5) years in the Southeast.

   *Will amend to: "All management tree diagrams of Defendant for the last five (5) years in the location where Plaintiff worked."*

IV. Your current resume and your job description/title including duties for the last five (5) years.

   *Please produce.*

V. Any and all documents in your possession or control at any time which reference Plaintiff's performance and/or work deficiencies.

   *Plaintiff will omit this production, if already produced.*

VI. Any and all non-privileged e-mails authored by you or received by you which reference Plaintiff in any fashion.

   *Plaintiff will omit this production, if already produced.*

VII. All documents and emails which support Defendant's decision to terminate Plaintiff's employment.

VIII. All deposition transcripts and all affidavits/declarations of the deponent for the last five (5) years.

*Plaintiff will discuss this in our meet and confer.*

Sincerely,

*/s/ Nicole D. Edwards, Esq., MBA*