FILED
2021 Jul-22 PM 03:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT D

**Holbrook, Bryan**

| | |
|---|---|
| **From:** | Holbrook, Bryan |
| **Sent:** | Thursday, June 17, 2021 12:08 AM |
| **To:** | Nicole Edwards; Blake Edwards |
| **Cc:** | Klass, David; Hill, Syneetra |
| **Subject:** | Meet and Confer |

Blake and Nicole,

As agreed during the meet & confer calls I held with each of you, I'm writing to provide an update on our position regarding your draft 30(b)(6) notice; your amended interrogatories and requests for production; your second interrogatories; and your third interrogatories.

[Rule 30(b)(6) Topics]{.underline}

**Topic 1-** With the understanding that the term "evaluated" can be construed as overbroad and vague, we will prepare a witness to speak regarding the discipline and termination of plaintiff.

**Topic 2 –** Unless we can be convinced otherwise from your forthcoming letter, we are going to stand on our objections to topic. This topic is so overbroad that if it were considered acceptable, it would render all of the remaining topics unnecessary. We could not possibly prepare a deponent for a topic this broad, and we believe the case law supports our contention and that your proposed amendment does not cure the defect. See, e.g. Edelen v. Campbell Soup Co., 265 F.R.D. 676, 700 (N.D. Ga. 2010) (sustaining objection to topic re: Campbell Soup's knowledge of any and all discoverable, non-privileged information … in Campbell Soup's answer and written responses to discovery); Catt v. Affirmative Ins. Co., No. 2:08–CV–243–JVB–PRC, 2009 WL 1228605 (N.D.Ind. Apr. 30, 2009) (topic seeking general testimony about documents produced… is overbroad).

**Topic 3-** We objected to this topic as overbroad and vague and discussed during the meet and confer that it lacked a temporal or geographic limitation. Pursuant to our response stated in our objections and your letter, we are agreeable to a limitation on the location where Plaintiff worked. We would stand on our objection given the lack of a temporal limitation.

**Topic 4** – This topic seeks policies and procedures for investigating claims of discrimination for the past 5 years. I can now report, as David relayed that he did previously, that Capstone does not have formal or informal policies or procedures for these investigations.

With respect to the temporal limitation of five years, we maintain that this is overbroad following our review of the case you sent over, Williams v. The Art Inst. of Atlanta, N.D. Ga. No. 1:06 CV 0285 CC/AJB, 2006 WL 3694649, at *4 (N.D. Ga. Sept. 1, 2006). In that case, the Court did not hold that five years was the generally accepted period as you indicated during the meet and confer, but instead rejected a 7-month period proposed by the defendant as plainly insufficient, noting "the norm ... seems to be anywhere between three and five years ." Id. (citing Briddell v. Saint Gobain Abrasives Inc., 233 F.R.D. 57, 60 (D.Mass.2005) (citing cases); Owens v. Sprint/United Mgmt. Co., 221 F.R.D. 649, 655 & n. 29 (D.Kan.2004) (citing cases)).

In this case, Jason McClinton was employed from July 2017 to April 2019. Donald Langley was employed in 2018 and 2019. We have proposed a three-year period from 2017 to 2019, which would include a 7-month period before Plaintiff was hired, nearly an entire year before Mr. Langley came on board, another 8 months after plaintiff left Capstone, and the duration of Mr. Langley's tenure. Given these facts, and particularly because the Williams case was decided over a decade before the 2015 Amendments to the Federal Rules, we do not think a blanket 5-year window seeking collateral

matters is appropriate. See, e.g. West v. City of Albany, Georgia, 830 Fed. Appx. 588, 592 (11th Cir. 2020) (holding 30(b)(6) topics "should be tailored to the issues involved in the particular case.") (citing Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992)).

**Topic 5** – We are agreeable to limiting this topic to the location where Plaintiff worked, but stand on our objections as to the five-year period, which would include training provided to different supervisors, at time periods outside of plaintiff's employment and outside of Donald Langley's tenure. This is particularly appropriate where, as here, Mrs. Edwards agreed to limit amended interrogatory 9 to individuals supervised by Donald Langley.

**Topic 6** – For reasons stated, we will agree to a three year period from 2017 to 2019, at the location where Plaintiff worked.

**Topic 7** – I have in my notes that you are going to amend this topic. We will wait to see the amendment.

**Topic 8** – We will produce someone who is able to testify regarding the existence or lack of a progressive discipline policy, hire and promotion policies, pay and benefits, at the location where plaintiff worked from 2017 to 2019.

**Topic 9** – We will await your response on this one, as you indicated during the meet and confer that you would circle back with us.

**Topic 10** - We will await your response on this one, as you indicated during the meet and confer that you would circle back with us.

**Topic 11** - We will await your response on this one, as you indicated during the meet and confer that you would circle back with us.

**Topic 12** – To the extent one exists, we will have someone testify regarding the org charts at plaintiff's location from 2017 to 2019.

**Topic 15** – I think the response provided along with our objection states our position on this. We will have someone discuss the impact of plaintiff's poor performance on Capstone's ability to conduct business as planned and/or to meet the needs of Dollar General in Bessemer.

**Topic 16 –** We feel strongly about our objections and the limitations under the federal rules to the discovery of policies that *may* be liable to satisfy all or part of a judgment. Counsel for the company cannot give coverage advice, and the questions you may be asking would be more appropriately addressed to an insurance adjuster, who is not a party to the case. As noted in our objections, under Rule 26(b)(3)(A), "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney… indemnitor, **insurer**, or agent)." (emphasis added). Because the policy has been produced, we believe this topic is inappropriate.

**Topics 17-23 –** Each of these topics are objectionable under the Campbell Soup and Catt line of cases discussed above. You indicated during our meet and confer that you would delineate certain paragraphs and get back to us.

**Schedule** – I believe we worked out most everything on the schedule, but left that page of my notes sitting in the office by mistake. I will supplement on that tomorrow.

**Plaintiff's Third Interrogatories**

**Interrogatory 30** – You asked for the last known personal phone numbers and email addresses for Sally Matteson. We do not have a personal email address for her. The last known personal phone number for her is (770) 752-7493.

**Plaintiff's Amended Interrogatories**

**Amended Interrogatory 9** – We stand on our objections as to subject matter and temporal overbreadth for a time period in excess of 6 years when Plaintiff only worked at Capstone for approximately 18 months and where the request plainly seeks information from irrelevant time periods under different supervisors. See, e.g. Reed v. Mobile County Sch. Sys., 246 F. Supp. 2d 1227, 1232 (S.D. Ala. 2003) (noting that in the 11th Circuit, relevance is determined by "the extent to which the claimed discrimination occurred during different time periods and by different decision makers"); E.E.O.C. v. BCI Coca–Cola Bottling Co. of Los Angeles, 450 F.3d 476, 489 (10th Cir.2006) (to be "similarly situated" to the plaintiff, the other employee must "share the same supervisor" or decision maker); and Lewis v. City of Union City, Georgia, 918 F.3d 1213, 1224 (11th Cir. 2019) ("a plaintiff must show that she and her comparators are 'similarly situated in all material respects,'" meaning that a similar situated comparator "will have engaged in the same basic conduct (or misconduct)," "will have been subject to the same employment policy, guideline, or rule as the plaintiff," "will ordinarily… have been under the jurisdiction of the same supervisor as the plaintiff," and "will share the plaintiff's employment or disciplinary history."). As such, a blanket list of all employees that left the Capstone facility where plaintiff worked for any reason over a 6-year period is patently overbroad. See, e.g. Andre v. Harbor Naples Mgmt., LLC, M.D. Fla. No. 2:07-CV-581-FTM-SPC, 2008 WL 11334920, at *2 (M.D. Fla. Mar. 20, 2008) ("termination letters for all other employees who were fired does not tend to prove or disprove whether persons outside of her protected class were treated in a non-discriminatory manner.") (citing Davis–Dietz v. Sears Roebuck and Co., 2007 WL 2264521 (M.D. Fla. August 6, 2007) ("holding that a request of termination letters was a fishing expedition that would not prove or disprove discriminatory intent")).

**Amended Interrogatory 13 –** We do not have any such policies/procedures. I understand from David that this was relayed previously.

**Plaintiff's Amended Requests for Production**

**Amended Requests 3, 5, 6** – We will take another look for performance evaluations for these individuals and will produce them if they exist.

**Amended Request 14** – Capstone does not have responsive documents following a reasonable search.

**Plaintiff's 2nd Set of Interrogatories**

**Interrogatory 23** – As noted, the comparator standard in the 11th Circuit is similarly situated in all material respects. Lewis v. City of Union City, Georgia, 918 F.3d 1213, 1224 (11th Cir. 2019). As stated in defendant's response, no comparator meeting that standard exists. Defendant stands on its objections that a request for "the names of five employees under the age of forty and five employees without a disability" is vague and irrelevant to the claims and defenses at issue in this case, but further notes that both parties have already identified several employees fitting each description elsewhere in discovery.

**Interrogatory 25** – This interrogatory was withdrawn by plaintiff's counsel during the meet and confer.

**Interrogatory 26** – We have conducted a reasonable search which did not uncover any record of an internal grievance at the location where plaintiff worked.

**Interrogatory 29** – Sally Matteson retired from Capstone approximately one year ago. It was after Plaintiff's employment, but before this interrogatory was issued.

I look forward to receiving your written position on these matters as previously agreed.



**Bryan Holbrook**
**Attorney at Law**
Fisher & Phillips LLP
227 West Trade Street | Suite 2020 | Charlotte, NC 28202
bholbrook@fisherphillips.com | O: (704) 778-4173 C: (540) 230-2398 |

vCard  |  Bio  |  Website    *On the Front Lines of Workplace Law℠*

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

4