# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **RICHARD J. MCCLINTON,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| v. | ) | **2:20-cv-543-AMM** |
| | ) | |
| **COGENCY GLOBAL INC., d/b/a** | ) | |
| **Capstone Logistics, LLC,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## NOTICE OF RULE 30(b) (5) & (6) DEPOSITION

Please take notice that at the time, place and date indicated below, Plaintiff will complete the testimony by deposition upon oral examination of that party named below, pursuant to the Federal Rules of Civil Procedure 30(b) before a Notary Public or other officer authorized by law to administer oaths by audio and stenographic means. Such deposition conducted by audio and stenographic means shall be taken for the purpose of discovery or for use as evidence in this action, and will continue from time to time until completed, at which time and place you are notified to appear and take such part in the examination as shall be fit and proper.

DATE:   TBD
TIME:   TBD
PLACE:  TBD

DEPONENT: TBD. will be asked to testify in her individual capacity and was also designated by the defendant as having the most knowledge concerning the following matters:

1. Knowledge of reasons and supporting documentation why Plaintiff was evaluated, disciplined, terminated.

2. Knowledge of documents which support Plaintiff's claims and Defendant's defenses.

3. Knowledge of Defendant's criteria for promoting, demoting, and terminating employees at the location where Plaintiff worked.

4. Knowledge of formal and informal policies and procedures for investigating claims of discrimination and retaliation filed by employees of Defendant for the last five (5) years.

5. Knowledge of Defendant's policies and procedures to prohibit discrimination and retaliation in the work place from January 1, 2017 through December 2019, and all training on these policies, including internet or web-based training, from January 1, 2017 through December 2019, at the location where Plaintiff worked.

6. Knowledge of training materials used in training and/or counseling all employees on employment discrimination in the workplace, seminars or meetings held in which employment discrimination and/or retaliation were topics and/or classes held discussing employment discrimination and retaliation from January 1, 2017 through December 2019, at the location where Plaintiff worked.

7. Knowledge of formal and informal policies and procedures for the retention of Electronically Stored Information (ESI) as it relates to the preservation of employee's personnel files at the location where Plaintiff worked.

8. Knowledge of all employment policies of Defendant, specifically, but not limited to, Defendant's progressive discipline policy, hire and promotion policies, pay, benefit policies, and retention of employees, at the location where Plaintiff worked from January 1, 2017 through December 2019.

9. Knowledge of data maintained by the Defendant regarding its employees both in hard copy and electronic format or computer disks depicting name, address, job duties, , date of hire, suspension, reason for separation from the employment, if any, and any and all complaints of discrimination indicating which employee voiced or placed in writing the alleged complaints.

10. Knowledge of organizational charts for Defendant, that depict management positions from January 1, 2017 through December 2019 at the location where Plaintiff worked.

11. Knowledge of any and all work product deficiencies allegedly committed by Plaintiff during his employment with Defendant.

12. Knowledge of work tasks assigned to Plaintiff.

13. Knowledge of and most familiar with any and all insurance policies that have been invoked or put on notice or that are providing any type of coverage as a result of any or all of Plaintiff's claims referenced in her complaint.

14. All facts or opinions bearing on the accuracy or inaccuracy of defendant's denials, in its Answers to Plaintiff's First Amended Complaint (Doc.15) concerning ¶¶ 15, 16, 17, 24, 25, 26, 27, 28, 29, 35, 36, 37, 38, 39, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51.

15. All facts or opinions bearing on the accuracy or inaccuracy of defendant's denials, it its Answer to Plaintiff's Second Amended Complaint (Doc. 32) ¶¶55, 56, 57, 58, 59, 61.

16. All facts or opinions bearing on the accuracy or inaccuracy of defendant's Affirmative Defenses in its Answer to Second Amended Complaint (Doc. 36) concerning its Third, Fourth, Fifth, Sixth, Eighth, Tenth, Twelfth, Fourteenth, Fifteenth, and Sixteenth Defenses.

17. All facts or opinions bearing on the accuracy or inaccuracy of defendant's denials to Plaintiff's Requests for Admission contained in Defendant's Objections and Answers to Plaintiff's First Requests for Admissions concerning numbers 1-12, 15,18, 21.

18. All facts or opinions bearing on the accuracy or inaccuracy of defendant's

responses contained in Defendant's Objections and Answers to Plaintiff's First Set of Interrogatories concerning numbers 1, 2, 3, 9, 16, 17, 18, 19, 20, 21.

19. All facts or opinions bearing on the accuracy or inaccuracy of defendant's denials contained in Defendant's Objections and Answers to Plaintiff's Second Request for Admissions concerning numbers 26, 29, 30.

20. All facts or opinions bearing on the accuracy or inaccuracy of defendant's responses contained in Defendant's Objections and Answers to Plaintiff's Second Set of Interrogatories concerning numbers 23, 24, 29.

Deponent is requested to produce all documents requested in the attached Schedule "A". The deponent is requested to bring and permit Plaintiff, Jason McClinton, to inspect and to copy any and all documents used by the deponent to prepare for the deposition.

Respectfully submitted,

*/s/ Nicole D. Edwards*
/s/ *Blake C. Edwards*
*Attorney for Plaintiff*
**EDWARDS & EDWARDS ATTORNEYS AND MEDIATORS, PLLC**
3603 Pine Lane SE, Suite C
Bessemer, Alabama 35022
Tel.: (205) 549-1379
Fax: (205) 719-4033
E-mail: blake@edwardsattys.com
E-mail: nicole@edwardsattys.com

## **CERTIFICATE OF SERVICE**

 I hereby certify that a true copy of the above and foregoing has been served upon the following, via E-mail on this the 22nd of June, 2021.


           /s/ *Nicole D. Edwards*
           OF COUNSEL

5

## "SCHEDULE A"

Defendant's representative, as identified pursuant to Plaintiff's 30(b)(6) deposition notice, is requested to provide the following documents at the time of deposition:

I. A copy of the harassment and discrimination manual given to Defendant's workforce for the last five (5) years that have not been previously produced.

II. A copy of the corporate directive on dealing with documentation of incidents/disciplinary matters that have not been previously produced.

III. All management tree diagrams of Defendant for the last five (5) years in the location where Plaintiff worked.

IV. Your current resume and your job description/title including duties for the last five (5) years.

V. Any and all documents in your possession or control at any time which reference Plaintiff's performance and/or work deficiencies that have not been previously produced.

VI. Any and all non-privileged e-mails authored by you or received by you which reference Plaintiff in any fashion that have not been previously produced.

VII. All documents and emails which support Defendant's decision to terminate Plaintiff's employment that have not been previously produced.

VIII. All deposition transcripts and all affidavits/declarations of the deponent for the last five (5) years made as an individual for the Defendant and/or as a corporate representative for the Defendant.