# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### Southern Division

| | |
|---|---|
| **RICHARD J. McCLINTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Civil Action No. 2:20-cv-00543-AMM |
| ) | |
| **COGENCY GLOBAL INC.,** *d/b/a* ) | |
| **CAPSTONE LOGISTICS, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER ON CERTAIN TOPICS CONTAINED IN PLAINTIFF'S RULE 30(b)(5)-(6) DEPOSITION NOTICE

This matter comes before the Court on Defendant's Opposed Motion for Protective Order on Rule 30(b)(5)-(6) Topics, which was filed on July 22, 2021. Having considered the motion, the Court hereby **GRANTS** Defendant's Motion for Protective Order on Rule 30(b)(5)-(6) Topics, and further **ORDERS** as follows:

1. The Court finds that Topic 2 of Plaintiff's Notice of Rule 30(b)(5) and (6) Deposition, signed on June 22, 2021 (ECF No. 51-5) ("Plaintiff's Notice"), is over broad, unduly burdensome, and vague, in violation of Fed. R. Civ. P. 26(b)(1), along with the requirement under Fed. R. Civ. P. 30(b)(6) that such topics be stated with reasonable particularity. Topic 2 is hereby stricken from the notice and Defendant is relieved from any obligation to prepare a witness to testify regarding Topic 2.

2. The Court finds that Topic 9 of Plaintiff's Notice is over broad, unduly burdensome, and seeks matters outside the scope of discovery in violation of Fed. R. Civ. P. 26(b)(1). Topic 9 is hereby stricken from the notice and Defendant is relieved from any obligation to prepare a witness to testify regarding Topic 9.

3. The Court finds that Topic 13 of Plaintiff's Notice seeks documents and information outside the scope of permissible discovery of insurance information under Fed. R. Civ. P. 26 and 34. The Court further finds that Plaintiff has failed to articulate a substantial need for the information as required under Fed. R. Civ. P. 26(b)(1). Defendant shall have no obligation to prepare a witness to testify regarding notice provided to any insurance company or any communications with its insurer in anticipation of litigation. *See* Rule 26(b)(3)(A).

4. The Court finds that Topics 14-20 of Plaintiff's Notice are overly broad, unduly burdensome, vague, and not stated with reasonable particularity in violation of Fed. R. Civ. P. 30(b)(6). The Court further finds that these topics represent an improper attempt to escape the twenty-five-interrogatory limit provided by Fed. R. Civ. P. 33 and the parties' agreement to increase that limit to thirty interrogatories in the discovery plan. *See* (ECF Doc. No. 18 at 2). Topics 14-20 are hereby stricken from the notice and Defendant is relieved from any obligation to prepare a witness to testify regarding Topics 14-20.

5. The Court finds that the information requested on "Schedule A, Item V" to Plaintiff's Notice seeks irrelevant information on collateral matters outside the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). The Court further finds that Plaintiff's blanket request for all testimony by the corporate deponent over a five-year period, on any subject, and in any capacity, is not stated with reasonable particularity as required under Fed. R. Civ. P. 30(b)(6). The item is hereby stricken from the notice and Defendant is relieved from any obligation to prepare a witness to testify regarding Schedule A, Item V.

6. The Court finds that Plaintiff's conduct in issuing patently overbroad topics, refusing to confer further as required under this Court's Order entered on July 19, 2021, and "standing by" those designated topics despite being presented with authority demonstrating their impropriety necessitated Defendant's motion. As such, pursuant to Fed. R. Civ. P. 37(a)(5), Defendant is AWARDED its reasonable expenses and attorney's fees incurred in submitting its motion. Defendant is directed to submit information in support of its fee request by August 6, 2021.

**DONE** and **ORDERED** this ___ day of July, 2021.

                                                _____
                                                **ANNA M. MANASCO**
                                                UNITED STATES DISCTRICT JUDGE