IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD J. MCCLINTON,** ) | |
| ) | |
| PLAINTIFF, ) | **CASE NO.: 2:20-cv-00543-AMM** |
| ) | |
| v. ) | |
| ) | |
| **COGENCY GLOBAL INC,** ) | |
| D/B/A **CAPSTONE LOGISITICS,** ) | |
| **LLC,** ) | |
| ) | |
| DEFENDANT. ) | |

**PLAINTIFF'S RESPONSE TO CAPSTONE'S NOTICE REGARDING SUITABILITY FOR MEDIATION (DOC. 91)**

Plaintiff, Richard McClinton, ("Plaintiff" or "McClinton") by counsel, responds to clarify Defendant Capstone Logistics, LLC ("Capstone" or "Defendant"), Notice Regarding Suitability for Mediation (Doc. 91) as follows:

1. McClinton has been and always will be open to negotiating a settlement to resolve the case. However, prior settlement discussions in this matter were not productive. McClinton is hesitant to commit to investing the time and finances associated with a second mediation without some showing by Capstone that it has a good faith interest in resolving this matter.

2. Mediation was ordered in this case. The parties held the mediation on July 21, 2021, which was obviously unfruitful. Since that time, Capstone has not shown interest in pursuing mediation until the Court's December 14, 2022, Order (Doc. 88). Capstone's timing of showing an interest to mediate raises a concern on the plaintiff's part that Capstone is attempting to avoid a hearing before the Court rather than make a good faith effort to resolve the case. For this reason, McClinton indicated to Capstone he would be willing to mediate if Capstone agreed to pay for the mediation (a term that is common in most settlements). Furthermore, McClinton tried to reason with the Capstone that the cost of coming to the January 4, 2023 hearing would likely be the monetary equivalent of the mediation costs. Still Capstone refused to agree to this term and reasoning. Thus, Capstone's refusal raises concerns for McClinton about its commitment to settlement discussions.

3. Additionally, Plaintiff's counsel told Defendant's counsel that the Northern District of Alabama judges have a limited number of referrals of mediations to give magistrate judges each year. Acquiring mediation via a magistrate judge would not be guaranteed, leading to the reason Plaintiff's counsel did not summarily agree to mediation with a magistrate judge.

/s/ Blake Clifton Edwards
/s/ Nicole Davis Edwards
*Attorneys for Plaintiff*

OF COUNSEL:
**EDWARDS & EDWARDS ATTORNEYS AND MEDIATORS, PLLC**
3603 Pine Lane, Suite C
Bessemer, Alabama 35022
Tel:  (205) 549-1379
Fax:  (205) 719 - 4033
E-mail: nicole@edwardsattys.com
　　　　blake@edwardsattys.com

## CERTIFICATE OF SERVICE

　　　I hereby certify that on January 3, 2022, I officially filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*Marion F. Walker, Esq.*
**FISHER & PHILLIPS, LLP**
2323 2ND AVENUE NORTH
Birmingham, AL 35203
Tel: (205) 327-8354
Fax: (205) 718-7607
mfwalker@fisherphillips.com

*David Klass, Esq.*
*R. Bryan Holbrook, Esq.*
**FISHER & PHILLIPS, LLP**
227 West Trade Secret, Suite 2020
Charlotte, NC 28202
Tel: (704) 334-4565
Fax: (704) 334-9774
dklass@fisherphillips.com
bholbrook@fisherphillips.com

　　　I hereby certify that I have mailed via United States Postal Service the foregoing document to the following non-CM/ECF participants: None.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Blake Clifton Edwards
　　　　　　　　　　　　　　　　　　　　　　　OF COUNSEL

3