IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RICHARD J. MCCLINTON,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | **CASE NO.: 2:20-cv-00543-AMM** |
| | ) | |
| v. | ) | |
| | ) | |
| **COGENCY GLOBAL INC,** | ) | **OPPOSED** |
| D/B/A **CAPSTONE LOGISITICS,** | ) | |
| **LLC,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

**PLAINTIFF'S MOTION FOR SANCTIONS TO THE DEFENEDANT**

COMES NOW, Plaintiff, Richard McClinton ("Plaintiff"), and respectfully moves this Court for an Order Sanctioning Defendant, Cogency Global d/b/a Capstone Logistics, LLC ("Capstone"), its counsel, or both for egregious misconduct laid out in this Court's Opinion (Doc. 87, p. 6-7). As Justice Scalia wrote: "What above all else is eroding public confidence in the Nation's judicial system is the perception that litigation is just a game, that the party with the most resourceful lawyer can play it to win, that our seemingly interminable legal proceedings are wonderfully self-perpetuating but incapable of delivering real-

1

world justice."[1]

## **Legal Standard**

The Court has grounds for sanctioning Capstone under Federal Rule of Civil Procedure 11(b)(3) and 11(c)(4):

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> (c) Sanctions.
>
>> (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>>
>> (4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

---

[1] *Capterton v. A.T. Massey Coal Co.*, 556 U.S. 868, 903 (2009) (Scalia, J., dissenting); *see also Moore v. J&M Tank Lines, Inc.*, Case No. 2:11-CV-01000-KOB, Doc. 97 (N.D. Ala March 4, 2013) (opinion of Chief Judge Karon Bowdre quoting Justice Scalia and sanctioning defendant for discovery abuse).

**<u>Sanctions Are Appropriate Under Rule 11(b)(3-4)</u>**

In its Motion for Summary Judgment brief (Doc. 66) Defendant and its lawyers wrote in ¶29:

> "The next morning, April 19, 2019, a Friday, Langley discovered that McClinton had doctored the Corrective Action Notice to indicate that he had received only a "Verbal: 1st Warning" and that the "Next Action to Be Taken" would be "Suspension." (ECF 64-2 at 75 (Def. Ex. B at 294:9-19); ECF 64-7 at 11 (Def. Ex. G at ¶ 28).) Langley knew that McClinton doctored the documents because the alterations that McClinton made in blue ink were clearly different from the black "X" marks that were auto-generated by the computer. (ECF 64-2 at 75, 176 (Def. Ex. B at 295:4-19, D. Ex. 10).) Additionally, the doctored Corrective Action Notice was internally inconsistent, because the box Langley typed stating "[f]ailure to make these improvements will result in further disciplinary action up to and including termination," did not match the blue "X" that McClinton wrote, which stated that his next discipline would be a suspension. (Id. at 75-76, 176 (Def. Ex. B at 296:13-297:18, D. Ex. 10).) Moreover, a suspension would have been inconsistent with the plan Langley developed with Fernandez on April 17, 2019, as well as the email Langley sent enclosing the Corrective Action Notice on April 18, 2019. (Id. at 75, 176 (Def. Ex. B at 296:13-22, Def. Ex. 10).)"

The court has already determined that this is highly disputed between the parties in its Opinion (Doc. 87, p. 6-7) and it January 24, 2023 Status Conference and Sanction Hearing. The Plaintiff would concur. Therefore, because the Defendant: 1) deliberately misrepresented a key material undisputed fact to the Court on its Brief in Support of its Motion for Summary Judgment (Doc. 66); 2) never answered the Court's question, when asked at least three times at the sanctioning hearing as to why it misrepresented material undisputed facts in its

3

brief [2]; and 3) continues to focus on the splinter in Plaintiff's eye instead of the plank in its own, the Plaintiff asks the Court for the following sanctions:

1. An adverse jury instruction for Defendant and its attorneys for attempting to mislead the Court by perpetuating fraud when seeking to dismiss the case prejudicing everyone except their selves and their client;

2. Default judgment in favor of the Plaintiff due to the Defendant perpetuating fraud on the Court;

3. Attorney's fees for: 1) researching, drafting, and filing the Opposition to the Defendant's Motion for Summary Judgment; 2) drafting and filing all Plaintiff's subsequent responses, 3) preparation and time for the sanctions hearing; and 4) drafting and filing Plaintiff's Motion for Sanctions to the Defendant.

WHEREFORE PREMISES CONSIDERED, Plaintiff moves this Court to for an Order Sanctioning Defendant, Cogency Global d/b/a Capstone Logistics, LLC ("Capstone"), its counsel, or both for egregious misconduct.

*/s/ Nicole Davis Edwards*
*/s/ Blake Clifton Edwards*
*Attorneys for Plaintiff*

---

[2] The Defendant argued summary judgment case law instead of answering the Court's question.

OF COUNSEL:
**EDWARDS & EDWARDS ATTORNEYS AND MEDIATORS, PLLC**
3603 Pine Lane, Suite C
Bessemer, Alabama 35022
Tel:  (205) 549-1379
Fax:  (205) 719 - 4033
E-mail: nicole@edwardsattys.com
       blake@edwardsattys.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2023, I officially filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*Marion F. Walker, Esq.*
**FISHER & PHILLIPS, LLP**
2323 2ND AVENUE NORTH
Birmingham, AL 35203
Tel: (205) 327-8354
Fax: (205) 718-7607
mfwalker@fisherphillips.com

*David Klass, Esq.*
*R. Bryan Holbrook, Esq.*
**FISHER & PHILLIPS, LLP**
227 West Trade Secret, Suite 2020
Charlotte, NC 28202
Tel: (704) 334-4565
Fax: (704) 334-9774
dklass@fisherphillips.com
bholbrook@fisherphillips.com

I hereby certify that I have mailed via United States Postal Service the foregoing document to the following non-CM/ECF participants: None.

/s/ Blake Clifton Edwards
OF COUNSEL