FILED
2023 Jan-31  PM 06:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### Southern Division

| | |
|---|---|
| **RICHARD J. McCLINTON,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Civil Action No. 2:20-cv-** |
| **COGENCY GLOBAL INC.,** *d/b/a* | ) **00543-AMM** |
| **CAPSTONE LOGISTICS, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

_____

## <u>DEFENDANT'S BRIEF IN RESPONSE TO ORDER</u>

Capstone Logistics, LLC ("Capstone"), by counsel, respectfully submits this Brief in Response to this Court's Order denying summary judgment and asking, "whether and to what extent sanctions are appropriate to address Capstone's counsel's material misrepresentation of fact." (Doc 87 (the "Sanctions Order").) For the reasons stated in further detail, below, sanctions are inappropriate because the isolated statement at issue draws substantial support in the evidentiary record; there was no prejudice to Plaintiff; and, when viewed in the context of Capstone's entire Memorandum in Support of Motion for Summary Judgment (Doc 66) as required by Rule 11, the statement did not mislead the Court as to a genuine, material fact.

### I.    PRELIMINARY STATEMENT AND RELEVANT BACKGROUND

Capstone respectfully submits that the Sanctions Order is misplaced because it relies upon an isolated reading of Paragraph 29 and an introductory clause taken out of context in contravention of Rule 11. (Doc 87 at 6-7 (citing ECF 66 at 5, 18).)

Similarly, Rule 11 sanctions cannot be based upon an "overly literal reading" of what was, at worst, "an overstatement," *see infra*, made in zealous advocacy but with the intent to comply with this Court's instructions and not "akin to contempt."

Appendix II to this Court's Initial Order governs Summary Judgment Motion Practice and states, "**This appendix contains mandatory instructions that must be followed**." (Doc 21 at 15 (emphasis in original).) Section II of Appendix II provides that "submissions in support of . . . summary judgment motions must consist of . . . a statement of ***allegedly undisputed*** relevant material facts." (*Id*. at 15-16 (emphasis added).) Section III.C.1., "Moving Party's Initial Statement of Facts," directs the moving party to:

> [S]et forth each material fact that . . . the movant ***contends*** is true, material, and not in ***genuine*** dispute, and upon which the moving party relies to demonstrate that it is entitled to summary judgment.

*Id*. at 17-18 (emphasis added). In other words, Capstone was to separately set out the facts it ***alleged*** and/or ***contended*** should be considered as true and "undisputed" for purposes of summary judgment. (*See id*.) Notably, Section III.C.2. anticipates a dispute of this exact nature, as it directs the non-movant to submit its "disputes, if any, with the movant's claimed ***undisputed facts***." *Id*. at 18. (emphasis added).

Capstone complied with Appendix II when it provided a separately labeled section for its "Statement of Undisputed Material Facts" ("Facts"), which it believed were not in genuine dispute, or, in other words, were "undisputed ***for purposes of***

*this motion*." (*Compare* ECF 66 at 5 *with* ECF 21 at 15-18) (emphasis added).)[1] As directed, Capstone identified evidentiary support in the record for each assertion. (Doc 66 at 5-24.) Further, as explained, *infra*, while Rule 11 does not penalize "overstatement" or "half-truths" or require a party to point out evidence contrary to its factual contentions, Capstone did so anyway, by repeatedly emphasizing – including in sections before and after the statement of facts – that Plaintiff's self-serving assertions were so blatantly contradicted by the record that no rational jury could believe them. (*See id.* at 3, 5, 24-25, 26, 27, 32-34, 36, 37.)

On page 36 of its brief, Capstone specifically noted that Mr. McClinton disagreed with its contention in Paragraph 29:

> Moreover, it is McClinton's version of events, not Capstone's, that is replete with demonstrated implausibilities and outright fabrications. **Specifically, his self-serving allegation that Langley agreed to "change" the Corrective Action Notice from a final written warning to a verbal warning threatening suspension is rebutted by** [at least 8 categories of evidence, as listed in 16 factual paragraphs].

(Doc 66 at 36 (emphasis added).)

Significantly, the Court recognized both in its Sanctions Order and at the hearing on January 24, 2023, that this was precisely the argument Capstone sought to make. (*See* Doc 87 at 20-21; 1.24.23 Transcript, **Exhibit A**, at 20:14-21:11; 22:1-

---

[1] *See also Burns v. Rogers*, No. 217CV00498 RDP JEO, 2018 WL 3245009, at *8 (N.D. Ala. June 6, 2018) ("[T]he undersigned will not adopt this version of the facts *for purposes of summary judgment.*") (emphasis added).

14.) However, because the Court read Paragraph 29 of the "Facts" section before the argument section of Capstone's brief, and because that single paragraph did not simultaneously point out Plaintiff's position, the Court apparently summarily rejected Capstone's argument and set a hearing on potential sanctions. (*See* **Ex. A**, at 20:14-21:11; 22:1-14.)

Because Rule 11 applies to an entire paper, rather than isolated statements taken out of context, sanctions are inappropriate. Should the Court insist upon sanctions, no *further* sanctions are appropriate here, because the Sanctions Order denied Capstone's Second Motion to Strike (Doc 85), in part, because of this issue. (Doc 87 at 32.)[2] Finally, should the Court insist that further sanctions are appropriate, it should provide only an admonishment to counsel to be precise in its advocacy.

## II.    ARGUMENT

"A statement of fact can give rise to the imposition of sanctions only when the 'particular allegation is utterly lacking in support.'" *Kiobel v. Millson*, 592 F.3d 78, 81 (2d Cir. 2010). "Rule 11 is intended to deter claims with *no* factual or legal basis at all," but not "creative claims, coupled even with ambiguous . . . facts." *Davis v. Carl*, 906 F.2d 533, 538 (11th Cir. 1990) (emphasis in original).

Moreover, Rule 11 requires appellate courts to "take account of th[e] [district] court's greater familiarity with relevant context, and 'apply an abuse-of-discretion

---

[2] In doing so, the Court effectively denied Capstone's Motion for Summary Judgment. *See id.*

standard.'" *Navarro-Ayala v. Hernandez-Colon*, 3 F.3d 464, 466 (1st Cir. 1993) (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 399 (1990)). "Sua sponte Rule 11 sanctions" apply only to conduct "akin-to-contempt," so they are reviewed with "particular stringency." *See, e.g.*, *Kaplan v. DaimlerChrysler, A.G.,* 331 F.3d 1251, 1255 (11th Cir. 2003); *Lucas v. Duncan*, 574 F.3d 772, 775 (D.C. Cir. 2009); *Hunter v. Earthgrains Co. Bakery,* 281 F.3d 144, 153 (4th Cir. 2002).

Neither Rule 11 nor Appendix II required Capstone to identify only those facts for which there is no dispute whatsoever. Rather, Capstone was to identify those facts for which it contended there is no material, genuine dispute of fact that would preclude summary judgment. Because that is precisely what Capstone did on brief, albeit with an introductory clause containing the same shorthand used by this Court and others where counsel practices, sanctions are inappropriate, as counsel's drafting can hardly be considered "akin to contempt." *Kaplan,* 331 F.3d at 1255.

In *Lucas v. Duncan*, 574 F.3d 772 (D.C. Cir. 2009), Judges Ginsburg, Garland, and Kavanaugh vacated *sua sponte* Rule 11 sanctions for what the district court deemed "half-truths" in a summary judgment brief. Mr. Lucas, who was 61 years old and had "a law degree and more than 25 years' experience in civil rights enforcement," sued the Department of Education under the ADEA after it promoted "Jerelyn Berry, a 43-year-old . . . who had never attended college and who had previously worked as Lucas' secretary." *Id*. at 773-74.

When the Department moved for summary judgment, it asserted that Berry was selected because she outperformed Lucas in her interview. *Id*. at 774. Notably, the Department was not sanctioned for this assertion, even though Mr. Lucas presented evidence to directly refute it, including: (i) that both he and a coworker heard Ms. Berry admit she was given interview questions in advance and coached on how to prepare; (ii) testimony from Ms. Berry herself that "during her interview," she was told "she had been selected for the position"; and (iii) that Ms. Berry "was interviewed more than an hour *before* Mr. Lucas."  *Id*. at 779 (emphasis in original).

Incredibly, the district court, *sua sponte*, issued monetary sanctions of $3,000 against counsel for Mr. Lucas, and referred him for a determination as to whether he violated the rules of professional conduct. *Id*. at 774-75. The district court held that counsel failed to separately identify "fact" and "inference," and to "simultaneously disclose evidence that is contrary to [his] contention." *Id*. at 777, 779.

The D.C. Circuit vacated, noting "each of the criticized sentences . . . was followed by record citations indicating which evidence [counsel] thought supported the statement," such that "there was no hiding of the ball" and "no possibility that the reader would be misled." *Id*. at 778. Continuing, the panel explained:

> **[Counsel's] obligation in opposing the defendant's motion was to file a separate statement "setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated." . . . The rules do not require him to rehearse the government's evidence, and nothing in Rule 11 imposes that added burden. Nor could the omission of that evidence have been misleading to the reader. . .. This**

is not to say that it may never be misleading to assert that something has evidentiary support without advising the court of contrary facts. **But once again, context is relevant**.

*Lucas*, 574 F.3d at 780-81 (emphasis added).

Similarly, in *Navarro-Ayala v. Hernandez-Colon*, 3 F.3d 464, 465 (1st Cir. 1993), then-Judge Breyer vacated a Rule 11 sanctions order that sought to "impose a standard of perfection that few lawyers or judges would meet." *Id*. at 468. That case arose from patient complaints regarding unconstitutional conditions within a hospital in Puerto Rico. *Id*. Several years into the litigation, counsel for the Commonwealth asked the district court to reconsider the duration and rate of pay provided to a special master and his staff, and in doing so, attached a chart purportedly showing the substantially lower rates paid to the Commonwealth's own employees. *Id*. at 466. The sanctions order found the chart was both inaccurate and "insulting to the professionals on the Special Master's staff." *Id*.

On appeal, the First Circuit noted that while further inquiry would have revealed that the rates applied only to the Commonwealth's "permanent" employees, and not to employees hired on "special contractual arrangements at higher rates," the motion did not violate Rule 11, because it "did not impose significant additional costs upon the opposing party," and "***Rule 11 normally does not require one party to uncover and to set forth the facts that support the other side's position.***" *Id*. at 467 (citing *Continental Air Lines, Inc. v. Group Systems International Far East,*

*Ltd.,* 109 F.R.D. 594, 598 (C.D.Cal.1986), as holding "***Rule 11 does not impose a general duty to call all important facts to court's attention***.")) (emphasis added).

Continuing, the First Circuit noted that "[a]t worst, the paper's statement reflects a minor, technical confusion," and a contention that may have been "inaccurate or overstated." *Id.* at 468. However, "the motion read fairly and as a whole, contains no significant false statement that significantly harmed the other side." *Id.* at 467. The Court went on to explain, "***were it literally inaccurate, it would not matter, for Rule 11 neither penalizes overstatement nor authorizes an overly literal reading of each factual statement.***" *Id.* (quoting Gregory P. Joseph, *Sanctions: The Federal Law of Litigation Abuse* § 9(D) at 133–34 (1989) ("***The focus of . . . Rule [11] is the court paper as a whole, not individual phrases or sentences construed separately or taken out of context***. . . . [A]t some level of analysis, every unsuccessful litigation paper contains an unsupported allegation or flawed argument.")) (emphasis added).

Like the vacated order in *Lucas*, the Sanctions Order is misplaced because it requires Capstone to go beyond its obligations under Rule 11 and Appendix II, which were simply to: (i) set out those facts for which it contended there was no *genuine* dispute; and (ii) provide evidentiary support for its contentions. *Lucas* at 780-81; Doc 21 at 17. Capstone met its burden by identifying competent testimony from Mr. Langley and its 30(b)(6) representative, along with circumstantial evidence that the

falsification was discovered on April 19, 2019. (Doc 66 at ¶¶29-30.)

Moreover, like the vacated orders in *Lucas* and *Navaroo-Ayala*, the Sanctions Order improperly seeks to penalize counsel for the failure to "simultaneously disclose evidence that [was] contrary to [its] contention" in Paragraph 29 that there was no genuine dispute regarding the falsified document. *Lucas*, 574 F.3d at 777, 779 and *Navaroo-Ayala*, 3 F.3d at 467-468. As the Court stated at the hearing on January 24, 2023:

> By the time I got to the legal argument section of the brief, I didn't trust it. . . . You could have made all of these arguments in Paragraph 29 . . . if you had reworded it to say, he disputes this, and later in this brief we are going to explain to the Court why his dispute ought to be overlooked. . . . I had not read the argument when I read Paragraph 29.

Compare *Lucas*, 574 F.3d at 777, 779 and *Navaroo-Ayala*, 3 F.3d at 467-468 *with* **Ex. C** at 20:14-21:11; 22:1-14. Therefore, the Court's ruling is at odds with Rule 11. *See also Young v. City of Providence ex rel. Napolitano,* 404 F.3d 33, 41 (1st Cir. 2005) ("related parts of a document must be taken together" and "that a hasty reader might take the first paragraph out of context is not . . . enough to brand the memorandum as false").

Finally, the Sanctions Order is misplaced because it is based on an overly literal reading of the isolated phrase "undisputed facts" – the same shorthand used on page 18 of Appendix II – as applied to Paragraph 29. As *Lucas* noted, "context is relevant," including the stage of the litigation and the Court's familiarity with the

case. And, as *Navarro-Ayala* noted, the memorandum must be "read fairly and as a whole." Here, Capstone pointed out before and after Paragraph 29 that it viewed Plaintiff's testimony to be self-serving and disingenuous. Capstone also pointed out that the fact was only "undisputed *for purposes of this motion*" because it believed the dispute was not *genuine* as required to defeat summary judgment. (Doc 66 at 5, 24-25.) Given the stage of the case, "there was no hiding of the ball" and "no possibility that the reader would be misled," *Lucas*, 574 F.3d at 778, as the Court was plainly aware of the "dispute" when reading Paragraph 29:

> When I'm reading the briefs and I get to that point, I know, by now, just by this point of having the case, that he seriously disputes this fact. . . . I just know by having worked with the case and familiar with the case, I know that's a central dispute issue, whether he doctored it or not.

(Ex. C at 14:1-13.) As such, sanctions are inappropriate, as there was no finding of conduct by Capstone "akin to contempt." *Kaplan,* 331 F.3d at 1255. *Compare* (Doc 87 at 31) ("Willfully violating a court order is contemptuous, not cautious.").

## III.    CONCLUSION

For the foregoing reasons, Capstone respectfully submits that the Court's Sanction's Order is misplaced, particularly where, as here, the Court's ruling has already negatively impacted Capstone's position on the merits. Should the Court insist that further sanctions are appropriate, it should provide only an admonishment as to clarity in advocacy.

Dated this the 31st day of January, 2023.


*/s/ David I. Klass*
David I. Klass
Admitted *Pro Hac Vice*
R. Bryan Holbrook
*Admitted Pro Hac Vice*
**Fisher & Phillips LLP**
227 W. Trade Street, Suite 2020
Charlotte, NC 28202
Telephone: (704) 334-4565
E-mail:dklass@fisherphillips.com
bholbrook@fisherphillips.com



*/s/ Marion F. Walker*
Marion F. Walker
ASB-0734-L73M
**Fisher Phillips LLP**
2100A Southbridge Pkwy.
Suite 650
Birmingham, AL 35209
Telephone:  (205) 414-7419
Facsimile:  (205) 718-7607
Email: mfwalker@fisherphillips.com
*ATTORNEYS FOR DEFENDANT*

I
**CERTIFICATE OF SERVICE**

This is to certify that on January 31, 2023, a true and correct copy of the

foregoing **DEFENDANT'S BRIEF IN RESPONSE TO ORDER** was filed with

the Clerk of Court using the Court's CM/ECF system, which will electronically

serve a copy of the foregoing on the following counsel of record:

Nicole Davis Edwards
Blake Clifton Edwards
EDWARDS & EDWARDS
3603 Pine Lane, Suite C
Bessemer, Alabama 35022
nicole@edwardsattys.com
blake@edwardsattys.com


*/s/ David I. Klass*
David I. Klass
**FISHER & PHILLIPS LLP**
*Counsel for Defendant*

12