IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
Southern Division

| | |
|---|---|
| **RICHARD J. McCLINTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Civil Action No. 2:20-cv-** |
| **COGENCY GLOBAL INC.,** *d/b/a* ) | **00543-AMM** |
| **CAPSTONE LOGISTICS, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS TO THE DEFENDANT

The Court should deny Plaintiff's Motion for Sanctions for three reasons.

First, Plaintiff's motion violates Rule 11(c)(2) because Plaintiff failed to serve it upon Defendant at least 21 days in advance of filing. Specifically, that rule provides in relevant part, "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Because Plaintiff failed to serve the motion at least 21 days prior to filing, Plaintiff has not complied with the very rule upon which his motion rests. As such, the relief Plaintiff requests is barred. *Lechter v. Aprio, LLP*, 113 Fed. R. Serv. 3d 700 (N.D. Ga. 2022) ("[T]he Eleventh Circuit has held that even a meritorious motion for sanctions should be denied when the movant fails to comply with Rule 11's strict procedural requirements.") (citing *Peer v. Lewis*, 606 F.3d 1306, 1308 (11th Cir. 2010)).).

1

Second, Plaintiff's motion presents the very issue the Court has already raised *sua sponte* in its Order denying Defendant's summary judgment motion (Doc. 87) and heard argument on at the hearing on January 24, 2023. Defendant has presented its arguments against imposition of sanctions at that hearing and in its post-hearing brief (Doc. 94). The Court should deny Plaintiff's request for sanctions for the reasons set forth at the hearing and in Defendant's previously filed brief.

Finally, Defendant notes that some of the sanctions Plaintiff seeks—including an adverse jury instruction and default judgment entered against Defendant—are of the same nature as those that were expressly rejected by the Court at the January 24 hearing. (*See* Exhibit A, Transcript of Jan. 24, 2023 Hearing, at 23 ("And I am past the point in the case where I can sort of craft a sanction that will not permanently negatively impact your client, if I strike a pleading or some evidence or construe evidence in a particular way, so I have to spend some time thinking about what an appropriate order will make clear this is not appropriate counsel conduct but that will not disadvantage anyone's client.").

Accordingly, Defendant requests the Court deny Plaintiff's motion for sanctions and provide Defendant with any other or further relief which the Court deems just and proper.

Dated this the 9th day of February, 2023.

*/s/ David I. Klass*
David I. Klass
Admitted *Pro Hac Vice*
R. Bryan Holbrook
*Admitted Pro Hac Vice*
**Fisher & Phillips LLP**
227 W. Trade Street, Suite 2020
Charlotte, NC 28202
Telephone: (704) 334-4565
E-mail:dklass@fisherphillips.com
bholbrook@fisherphillips.com


*/s/ Marion F. Walker*
Marion F. Walker
ASB-0734-L73M
**Fisher Phillips LLP**
2100A Southbridge Pkwy.
Suite 650
Birmingham, AL 35209
Telephone:  (205) 414-7419
Facsimile:  (205) 718-7607
Email: mfwalker@fisherphillips.com
*ATTORNEYS FOR DEFENDANT*

## **CERTIFICATE OF SERVICE**

This is to certify that on February 9, 2023, a true and correct copy of the foregoing was filed with the Clerk of Court using the Court's CM/ECF system, which will electronically serve a copy of the foregoing on the following counsel of record:

Nicole Davis Edwards<br>
Blake Clifton Edwards<br>
EDWARDS & EDWARDS<br>
3603 Pine Lane, Suite C<br>
Bessemer, Alabama 35022<br>
nicole@edwardsattys.com<br>
blake@edwardsattys.com

*/s/ David I. Klass*
David I. Klass
**FISHER & PHILLIPS LLP**
*Counsel for Defendant*