IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD J. MCCLINTON,** ) | |
| ) | |
|     **PLAINTIFF,** ) | **CASE NO.: 2:20-cv-00543-AMM** |
| ) | |
| v. ) | |
| ) | |
| **COGENCY GLOBAL INC,** ) | **OPPOSED** |
| D/B/A **CAPSTONE LOGISITICS,** ) | |
| **LLC,** ) | |
| ) | |
|     **DEFENDANT.** ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SANCTIONS TO THE DEFENDANT**

    The Court should grant Plaintiff's Motion for Sanctions for many reasons. First, the Defendant's Response to its first reason to deny Plaintiff's motion is unfounded. Plaintiff's motion did not violate Rule 11(c)(2) because the Court, in its discretion, asked both parties to file an argument as to sanctions they would impose on the other party within seven (7) days of the hearing. This court has the inherent power to impose sanctions and assess attorney's fees against litigants, counsel, and law firms who willfully abuse the judicial process by conduct tantamount to bad faith.  28 U.S.C. § 1927; *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991).

"[D]eeply rooted in the common law tradition is the power of any court to 'manage its affairs [which] necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it.'" *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1447 (11th Cir. 1985). Thus, Plaintiff's motion for sanctions or sanctions through the court's own initiative is appropriate in this case.

Second, the Defendant's oral and written responses diverted the main issue sought by the court. The Defendant answer at the hearing and in its post-hearing brief (Doc. 94) mirrored a presidential candidate dodging questions asked by a proctor in a political debate. In the hearing and brief, the Defendant never answered the Court's basic question as to why the most disputed fact of this case was put in the undisputed fact section of its summary judgment brief. Instead, the Defendant dodged the Court's question, by arguing alleged facts and case law. This is worthy of a sanction.

Finally, in its response, the Defendant reasoned that the Court rejected an adverse jury instruction and default judgment sanction to be entered against the Defendant. However, the Court never heard any arguments appropriating sanctions to any party, never spoke of any specific sanctions, nor did it issue an Order denying certain sanctions to any party. Thus, the Court did not reject an adverse jury instruction and default judgment sanction to the Defendant. Therefore an adverse jury instruction and/or a default judgment order are viable sanctions to the

Defendant.

Furthermore, it is important to note, that Mr. McClinton filed his Complaint (Doc. 1) on April 21, 2020. On December 30, 2022, after the Court's ruling on summary judgment and two years and eight months later, undersigned informed the Capstone's counsel via email that if it wanted to talk about settlement they would need to get their insurance carrier involved. Capstone never responded to that email. Then, after the Court's January 24, 2023 sanctions hearing, the Capstone's counsel, David Klass, immediately came up and spoke to the undersigned. Mr. Klass said that the Capstone never had insurance pursuant to Rule 26 disclosures. We asked Mr. Klass, why he would give us the company's declaration page if they did not have and insurance coverage. Mr. Klass stated that he thought Capstone was going to get insurance, but they never did. Then Mr. Klass quickly asked the undersigned if Capstone had insurance would have effected Plaintiff's settlement negotiations. The undersigned responded, "not now that we are passed summary judgment." However, if Plaintiff knew that Capstone never had insurance throughout this entire litigation it could have played a significant part of settlement negotiations. This type of counsel behavior and "got-cha law" is not something well accepted in the USND-AL or the Birmingham Bar Association.

Upon returning to the office the undersigned reviewed the declaration page produced by defense counsel on January 7, 2021. The insurance declaration page they produced expired in 2019. (Exhibit A, Capstone 1210-1211). Plaintiff's counsel sent the Defendant's counsel a Rule 37 letter asking why they were not truthful about Capstone having insurance in accordance to Rule 26. (Exhibit B). Defendant's counsel responded to Plaintiff counsels Rule 37 letter stating that Rule 26(a)(1)(A) only requires identification of "any insurance agreement under which an insurance business *may* be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." (Exhibit C).

"Litigation should not be viewed as a game. The Federal Rules of Civil Procedure are meant to facilitate the parties' seeking truth, not to facilitate a means for resourceful lawyers to withhold information and manipulate the truth so that their clients win by stealth or ambush." *Moore v. J&M Tank Lines, Inc.* No. 2-11-cv-1000-KOB (N.D. Ala. March 4, 2013). In this case, Capstone counsel's inability to tell the truth, once again played, a pivotal role in the resolution of this case. Capstone: 1) knew when they bates stamped and produced AIG's insurance policy on January 7, 2021 that it did not have coverage since 2019; 2) held themselves out as being insured throughout litigation and until the sanctions

4

hearing; and 3) did not let Plaintiff know until right after the January 24, 2023 sanctions hearing as a "professional courtesy".

Therefore, because the Defendant: 1) deliberately misrepresented a key material undisputed fact to the Court on its Brief in Support of its Motion for Summary Judgment (Doc. 66); 2) never answered the Court's question, as to why it misrepresented material undisputed facts in its brief; and 3) continues to withhold material information from this Court and its officers, the Plaintiff asks for the following sanctions:

    1.    An adverse jury instruction for Defendant and its attorneys for attempting to mislead the Court and its officers by perpetuating fraud when seeking to dismiss the case prejudicing everyone except their selves and their client;

    2.    Default judgment in favor of the Plaintiff due to the Defendant perpetuating fraud on the Court and its officers; and

    3.    Attorney's fees for: 1) researching, drafting, and filing the Opposition to the Defendant's Motion for Summary Judgment; 2) drafting and filing all Plaintiff's subsequent responses, 3) preparation and time for the sanctions hearing; 4) drafting and filing Plaintiff's Motion and Reply for Sanctions to the Defendant; and 5) mediation time and costs.

WHEREFORE PREMISES CONSIDERED, Plaintiff moves this Court to for an Order Sanctioning Defendant, Cogency Global d/b/a Capstone Logistics, LLC, its counsel, or both for egregious misconduct, pursuant to its inherent power to impose sanctions, the court, in its discretion

>  */s/ Nicole Davis Edwards*
>  */s/ Blake Clifton Edwards*
>  *Attorneys for Plaintiff*

OF COUNSEL:
**EDWARDS & EDWARDS ATTORNEYS AND MEDIATORS, PLLC**
3603 Pine Lane, Suite C
Bessemer, Alabama 35022
Tel:  (205) 549-1379
Fax:  (205) 719 - 4033
E-mail: nicole@edwardsattys.com
         blake@edwardsattys.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2023, I officially filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*Marion F. Walker, Esq.*
**FISHER & PHILLIPS, LLP**
2323 2ND AVENUE NORTH
Birmingham, AL 35203
Tel: (205) 327-8354
Fax: (205) 718-7607
mfwalker@fisherphillips.com

*David Klass, Esq.*
*R. Bryan Holbrook, Esq.*
**FISHER & PHILLIPS, LLP**
227 West Trade Secret, Suite 2020
Charlotte, NC 28202
Tel: (704) 334-4565
Fax: (704) 334-9774
dklass@fisherphillips.com
bholbrook@fisherphillips.com

I hereby certify that I have mailed via United States Postal Service the foregoing document to the following non-CM/ECF participants: None.

/s/ Blake Clifton Edwards
OF COUNSEL