FILED
2023 Feb-14 PM 03:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT C



**Charlotte**
Suite 2020
227 West Trade Street (28202)
Post Office Box 36775
Charlotte, NC  28236
(704) 778-4163 Tel
(704) 334-9774 Fax

**Writer's E-mail:**
dklass@fisherphillips.com

January 30, 2023

<u>VIA EMAIL</u>

Nicole D. Edwards
Edwards & Edwards
3603 Pine Lane SE
Suite C
Bessemer, AL 35022
nicole@edwardsattys.com

Re:   Response to Initial Disclosures Production on Its Insurance Carrier Correspondence dated January 29, 2023

Dear Nicole:

The policy was identified because Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires identification of "any insurance agreement under which an insurance business ***may*** be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse payments made to satisfy the judgment." (emphasis added). Thus, Rule 26 explicitly requires a defendant to do more than just identify any insurance agreement where the insurer ***has agreed*** to accept coverage, but also to identify any insurance agreement that ***may*** provide coverage.

Capstone Logistics LLC's disclosure states: "Defendant has an insurance agreement with AIG Insurance Company, which ***may*** provide coverage to satisfy all or part of a possible judgment in this action or to indemnify or reimburse payments made to satisfy the judgment. Defendant will make the relevant portion of the applicable insurance agreement available for inspection and copying at a mutually agreeable time and place." (emphasis added.)

Capstone had an insurance policy with AIG providing employment practices liability insurance in 2019. While AIG has disclaimed coverage for Plaintiff's claim, Defendant disputes that decision, and the issue has not resolved. Therefore, AIG may, in fact, still be liable to satisfy all or part of a possible judgment. Thus, the identification was accurate at the time it was made and remains accurate now. It directly complies with Rule 26. Supplementation is not required under Rule 26(e).

**Fisher & Phillips LLP**
Atlanta • Baltimore • Bethesda • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Detroit • Fort Lauderdale • Gulfport
Houston • Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • Nashville • New Jersey • New Orleans • New York • Orlando • Philadelphia
Phoenix • Pittsburgh • Portland • Sacramento • San Diego • San Francisco • Seattle • Tampa • Washington, DC

Nicole D. Edwards
January 30, 2023
Page 2

    Finally, I note that I informed you of the coverage status as a professional courtesy and in an effort to further settlement discussions. In response, you said whether or not there was insurance coverage **had no effect** on Plaintiff's settlement position.

    For all these reasons, your letter invoking Alabama Rule of Civil Procedure 37 (which does not apply in federal court) is misplaced.

                                        Sincerely,

                                        David I. Klass
                                        Partner
                                        For FISHER & PHILLIPS LLP

cc:    R. Bryan Holbrook, Esq.
        Marion F. Walker, Esq.