FILED

2023 Jul-17  PM 04:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RICHARD J. MCCLINTON,   )
   Plaintiff,     )
           )
v.           )   Case No. 2:20-cv-543-AMM
           )
CAPSTONE LOGISTICS, LLC,  )
   Defendant.    )

## DECLARATION OF BLAKE EDWARDS IN SUPPORT OF RICHARD J. MCCLINTON MOTION FOR AN AWARD OF FEES AND EXPENSES

1.  My name is Blake Edwards. I practice in all the courts in the state of Alabama and maintain an office in Bessemer, Alabama. I make this declaration based on my personal knowledge.

### _Qualifications and Familiarity with Employment Law_

2.  I graduated from the Birmingham School of Law and was admitted to the Alabama State Bar in 2015. While in law school, I was a member of the Sigma Delta Kappa Honors Society Fraternity and Christian Legal Society. Also while in law school I worked full-time for three plaintiff law firms.

3.  Before law school, I received a B.A. in Political Science with a Minor in History from the University of Alabama in 2009.

4.      I practice not only in state court in Alabama, but also before the United States District Court for the Northern District of Alabama, United States District Court for the Middle District of Alabama, and the United States Court of Appeals for the Eleventh Circuit.

5.      Since 2015, I have focused my practice of law on the area of employment and civil rights litigation. I currently represent Plaintiffs in employment discrimination cases. I have tried one jury trial case in the United States District Courts in Alabama since 2015 and have gotten summary judgment denied on several occasions and negotiated peaceful resolutions.

6.      Since 2016, I have been an active member for the Alabama affiliate for the National Employment Lawyers Association ("NELA").

7.      In 2017, I attended Trial Boot Camp National Employment Lawyers Association ("NELA") in Chicago, Illinois.

8.      I have taught at CLE legal seminars, including:

   a.      *Discrimination at Work in an Employment "At Will" State (2021)*

   b.      *Snapshot of the Family Medical Leave Act (2020)*

8.      I have also litigated personal injury cases in Circuit Courts of Alabama. In April 2019, I tried a case in the Circuit Court of Jefferson County, Bessemer Division, securing a verdict of $52,000.00. The style of the case is *Groggins v. McPherson*, Case No. 68-CV-2016-900796.

2

9.     I have presented oral arguments concerning motions to compel in the Northern District of Alabama and have presented multiple oral arguments for summary judgment hearings in the Birmingham and Bessemer Divisions of Jefferson County Circuit Court.

10.     Since 2016, I have had multiple bench trials in Alabama District Courts and present arguments in hearings (almost weekly) in Alabama Circuit and District Courts.

11.     I am regularly referred Plaintiff employment discrimination and FMLA violation cases by the Alabama State Bar, Birmingham Bar Association, and other attorneys in Alabama.

### *Reasonableness of Rate Requested*

12.     I am familiar with the hourly rates of attorneys billed and paid in Alabama and in the Eleventh Circuit in employment discrimination litigation and similar cases requiring comparable skill, effort, and responsibility.

13.     The prevailing hourly rates for lawyers handling plaintiff's employment case range from $350 an hour to $650 per hour depending on the skill of the litigator. The rates are reasonable because of the high risk in employment cases. Over the past few years Amanda Farahany has presented at both the Alabama Bar's Labor and Employment Conference and the Cumberland School of Law's Annual Employment Law Update the crushing effect summary judgment has had among District Courts in

the Eleventh Circuit. The study showed that summary judgment was granted in more than 70% of the employment discrimination cases filed. As a result of the high summary judgment rates, the number of qualified attorneys willing to take on the risk of an employment discrimination case has dramatically dropped. I have observed this decline in monitoring the membership of the Alabama affiliate for the National Employment Lawyers Association. I have seen qualified and experienced attorneys leave our field or reduce the number of employment cases they are taking because of the high risk. Fewer and fewer attorneys entering the profession are joining our organization.

14.     In July 2021, United States District Court Judge Corey Maze awarded attorneys Kira Fonteneau and Sonya Edwards an hourly rate of $450 in a four claim employment discrimination case that was tried in federal court in Anniston, Alabama. I have been practicing ten (10) years less than Ms. Fonteneau and Ms. S. Edwards, but our case had six claims, not four.

15.     In discussing my rate with other lawyers of comparable experience and skill, I have found that a rate of $350-$375 to be what is acceptable for an attorney practicing in employment law for almost eight (8) years.

16.     Representing employees in employment litigation is risky and difficult. It requires: (1) organization and efficiency in the marshaling of facts, evidence and theories of liability so that false starts or wasted efforts were minimized; (2) a thorough

comprehension of the substantive and procedural law and policy arguments; (3) case assessment which weeds out unproductive theories and claims, and which concentrates energies on the points which are most likely to prevail; and (4) experience in presenting evidence and theories to the Court. Based on my knowledge of the local market for legal services, these characteristics command the requested hourly rate of $350-375 for the current case.

17.     The risk inherent in handling employment cases is that representation is done on a contingency basis where the lawyer frequently works for years without any compensation. This is the standard form of representation in employment discrimination matters since most plaintiffs are seeking representation at a time that they have lost their job and are unable to afford a retainer, flat-fee, or hourly fee arrangement. When a lawyer accepts an employment case on a contingency basis, he or she knows that the case would involve a tremendous amount of work with the hope of any compensation lying in the distant future. Frequently, that contingency compensation is inadequate to reimburse the lawyer for a fraction of his or her time. Without an attorney's willingness to accept a plaintiff's case on a contingent basis, the plaintiff would likely not be able to obtain representation in the current case in the local market.

18.     The high rate at which summary judgment is granted deters many lawyers from taking employment cases and heightens the risk of handling these types

of cases. Even in strong cases, summary judgment is granted at a high rate. For this reason, most employers/defendants will not engage in meaningful settlement discussions until after the court has ruled on summary judgment; the employers are "playing the odds" that at least part of the case will be resolved in their favor at summary judgment. This means that by the time a case is ready for settlement discussions, a lawyer will have invested a substantial amount of time and expenses in litigation. The high risk of handling employment cases on a contingency basis weigh heavily in favor of a solid hourly rate so that experienced and qualified litigators will take these cases which serve an important public interest. I practice with one other attorney, my wife, and no staff. I cannot afford the staff of a large firm because there is no guarantee as to when I will receive my next payment/fee. It would be irresponsible to commit myself to a payroll without the knowledge that I would be able to regularly meet it. This means that I am doing all the work on any case I have accepted. When I accept or take on a case, it means that I do so the exclusion of other work so that I can ensure that I have adequate time to handle my cases.[1] I do not have additional staff in my firm to whom I can delegate work (or covering matters) when I

---

[1]      Having qualified counsel is a necessity to make sure that there are enough "hands" to handle all the work necessary for prosecuting a case at trial. Because of the smaller recoveries in employment cases (as compared to personal injury cases), the promise of a fee award is often the only reason a group of qualified attorneys can represent a plaintiff; the contingency fee will not come close to covering the time and expenses invested in the case. As is the case here where there is a litigation team of two practitioners, the fee award is the only way that our firms will be able to recoup the salary costs of that team in terms of the work expended on the case. Without the fee award, it does not make business sense for us to take employment discrimination cases.

am out of the office for depositions, court, or trial. When I accept a case, I do so only after reviewing my current case load, discovery deadlines (and associated commitments, such as depositions), dispositive motion deadlines, and trial settings. If I know that agreeing to work on a case will create a conflict with existing deadlines or trial settings, I must decline representation. Therefore, when I accept a contingency fee case, I am doing so knowing not only that I will not get paid for my work for years, but also that it means I will necessarily have to turn down other cases. Because of the time and effort necessary to navigate a case through summary judgment, there are a limited number of cases that I can handle. When a case proceeds to trial, it requires me not only to decline cases but also ensure that my existing case load is manageable because I will have to protect at least two week of trial time prior to the trial setting for preparation as well as the time for the trial itself. This means that scheduling depositions, completing paper discovery, and managing briefing obligations are challenging. This is another factor that weighs heavily in finding that his requested hourly rate is reasonable.

### *Reasonableness of Time Sought*

19.     I have reviewed the hourly time sought for the preparation and trial of this case against the background of the foregoing factors as explained in *Norman v. Housing Authority of City of Montgomery*, 836F.2d 1292, 1300-1301 (11th Cir. 1988).  The time sought is reasonable.

7

a.      Attached as Exhibit C are my expenses records.

b.      Attached as Exhibit D are my billing records.

c.      Attached as Exhibit E are my stricken billing records.

d.      I have tried to be efficient and practical in determining what work to invest in the case.

e.      This case was litigated for a considerable amount, beginning with two EEOC Charges, multiple motions and responses. Because of the length of the case, we have divided our time in the fee petition as follows:

| Nos. | Time Spent / Expenses | Hours |
|------|----------------------|-------|
| 1 | EEOC Charges | 8.9 |
| 2 | Litigation through Dispositive Motions | 358.9 |
| 3 | Post-Dispositive Motion/Trial Time | 297.5 |
| 4 | Post-Trial[2] | 16.7 |

e.      Our expenses in this case are as follows:

| Nos. | Expense | Amount |
|------|---------|--------|
| 1 | Filing Fee | $400.00 |
| 2 | Service Fee of Complaint | $20.21 |

---

[2] Ongoing. Plaintiff reserves the right to motion the court for additional fees to defend all of the Defendant's post trial motions.

| 3 | Trial Transcript | $812.70 |
|---|---|---|
| 4 | Trial Binder Copies @ $0.50/page[3] | $2,120.00 |
| 5 | Witness Fee for Trial<br>Donald Langley | $60.70 |
| 6 | Mediation Expense | $1,300 |
| 7 | Deposition of Richard McClinton | $1,126.20 |
| 8 | Deposition of Donald Langley | $1,230.34 |
| 9 | Deposition of Tiffany Teamer | $601.75 |
| 10 | Deposition of Travis Collins | $563.80 |
| 11 | Deposition of Jose Fernandez | $859.54 |
| 12 | Round trip Mileage for Plaintiff's Deposition | $24.08 |
| 13 | Round trip Mileage for Mediation | $23.52 |
| 14 | Round trip Mileage for Court<br>(9 times in 2023) | $295.19 |
| 15 | Parking Fees at Court | $59.95 |
| 16 | FedEx Printing and Demonstrative Fees for Trial | $394.09 |
| 17 | Processer Server Fees | $215.00 |
| 18 | 1,586 paper copies in office @ $.50/page for depositions, motions, pleadings, and discovery | $793.00 |
| TOTAL | | $10,852.47 |

---

[3] The "Schedule of Fees" for the United States District court Northern District of Alabama is $.50 per page.

20.   I have reviewed the foregoing and declare under the penalty of perjury that it is truthful and correct.

7/17/23
Date

Blake Clifton Edwards