FILED

2023 Jul-17  PM 04:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# **EXHIBIT F**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| RICHARD J. MCCLINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: |
| | ) | |
| | ) | 2:20-CV-543-AMM |
| CAPSTONE LOGISTICS, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF HEATHER LEONARD**
**IN SUPPORT OF APPLICATION**
**FOR THE AWARD OF ATTORNEYS' FEES**

1.     My name is Heather Leonard. I am an attorney and mediator with an office in Birmingham, but who practices in the state of Alabama. I make this declaration based on my personal knowledge.

*Leonard's Qualifications and Familiarity with Employment Law*

2.     I graduated from the University of Alabama School of Law in 1998 and was admitted to the Alabama State Bar that same year. While in law school, I was a member of the John A. Campbell Moot Court Board and the National Moot Court Team. I was the Managing Editor for the *Law and Psychology Review* and served as the secretary for the Student Bar Association.

1

3.    I practice before the United States District Court for the Northern District of Alabama, United States District Court for the Middle District of Alabama, United States District Court for the Southern District of Alabama, and the United States Court of Appeals for the Eleventh Circuit. I also serve as a mediator and arbitrator.

4.    Since 1998, I have focused my practice of law on the area of employment and civil rights litigation. I currently represent both Plaintiffs and Defendants in employment related cases. I have tried jury trial cases in the United States District Courts in Alabama since 1998 and have argued appellate cases before the United States Court of Appeals for the Eleventh Circuit.

5.    I currently serve as Chair for the Alabama State Bar's Labor and Employment Section and am the former president of the Alabama affiliate for the National Employment Lawyers Association ("NELA").

6.    I have written the following articles:

    i.    *The Family and Medical Leave Act - Does it Apply to Job Applicants;* Birmingham Bar Association Bulletin, Winter 2000

    ii.    *Military Leave: and Employer's Basic Obligations;* Birmingham Bar Association Bulletin, Spring 2003

      iii.   *Proceed with Caution: Hiring of Legal Support Staff - An Analysis of Opinion of the General Counsel, Opinion No. 02-01;* Birmingham Bar Association Bulletin, Fall 2002

      iv.   *Can An Employer Be Held Liable Under The Federal Anti-Discrimination Laws For Failure To Provide Health Insurance Coverage For Assisted Reproductive Technology?;* Birmingham Bar Association Bulletin, Fall 2001

7.    In addition to serving as adjunct faculty at the University of Alabama at Birmingham in 2002 and 2003 (teaching trial advocacy, mediation, and mock trial), I serve on the planning committee for the Cumberland School of Law Annual Labor and Employment CLE and have taught at the numerous legal seminars, including:

    i.    *National Employment Lawyer's Association's Annual Conference* (2023)

    ii.   *Tennessee Trial Lawyers Association's National Conference* (2023)

    iii.  *Cumberland School of Law –Annual Employment Law Update* (2022)

    iv.  *University of Alabama CLE – Employment Law Update* (2021)

    v.   *Cumberland School of Law –Annual Employment Law Update* (2023)

    vi.  *National Employment Lawyer's Association's Trial Boot Camp* (2022)

    vii.  *Alabama State Bar's Labor & Employment Section Annual Conference* (2022)

    viii.  *National Employment Lawyer's Association's National Conference* (2022)

ix.  *National Employment Lawyer's Association's E-Discovery  & ESI for the Plaintiffs' Employment Lawyer* (2022)

x.  *University of Alabama CLE – Employment Law Update* (2021)

xi.  *Cumberland School of Law –Annual Employment Law Update* (2021)

xii.  *National Employment Law Lawyers Association – Pretrial Powerhouse: Skills for Success from ESI to Trial Day* (2021)

xiii.  *National Consumer Law Center Class Action Symposium – Making ESI and Integral Part of Your Litigation Practice* (2021)

xiv.  *National Employment Lawyers Association's Annual Conference* (2021)

xv.  *University of Alabama CLE – Employment Law Update* (2020)

xvi.  *Cumberland School of Law –Annual Employment Law Update* (2020)

xvii.  *Alabama State Bar Labor & Employment Section's Annual Conference* (2020)

xviii.  *National Employment Lawyer's Association's National Conference* (2020)

xix.  *NELA-Alabama - Discovery During a Pandemic* (2020)

xx.  *NELA-Alabama – Surviving Summary Judgment: Unlocking the Doorway to Trial*  (2019)

xxi.  *National Employment Lawyer's Association's National Conference* (2019)

xxii.  *Cumberland School of Law –Annual Employment Law Update* (2018)

xxiii.  *Alabama State Bar Labor & Employment Section's Annual Conference* (2018)

xxiv.  *National Employment Lawyer's Association's National Conference* (2018)

xxv.  *Balch & Bingham's 2018 Labor & Employment Seminar* (2018)

xxvi.  *National Employment Lawyer's Association's Spring Symposium – ESI & Technology for the Plaintiff's Employment Lawyer* (2018)

xxvii.  *Legal Aspects of Sexual Harassment & the Psychological Aspect of Sexual Harassment & Sex Abuse* (2017 hosted by the Alabama Association for Justice ALAJ)

xxviii.    *Cumberland School of Law – 24 Annual Employment Law Update* (2017)

xxix.  *Alabama State Bar Labor & Employment Section's Annual Conference* (2017)

xxx.  *National Employment Lawyer's Association Trial Bootcamp* (2017)

xxxi.  *National Employment Lawyer's Association's National Conference* (2017)

xxxii. *Alabama State Bar Labor & Employment Section's Annual Conference* (2016)

xxxiii.    *National Employment Lawyer's Association Summary Judgment Symposium* (2016)

xxxiv.*National Employment Lawyer's Association's National Conference* (2016)

xxxv. *National Employment Lawyer's Association Trial Bootcamp* (2015)

xxxvi.*Cumberland School of Law – 22 Annual Employment Law Update* (2015)

xxxvii.    *Cumberland School of Law – 21 Annual Employment Law Update* (November 14, 2014)

xxxviii.    *Alabama National Employment Lawyers Association's CLE* (January 10, 2014)

xxxix.*Cumberland School of Law – 20 Annual Employment Law Update* (December 6, 2013)

xl.  *The Basics of Employment Law – FMLA, Title VII, ADA and FLSA - –* Birmingham Bar Association (August 9, 2013)

xli.  *Cumberland School of Law – 19 Annual Employment Law Update* (November 16, 2012)

xlii.  *Alabama State Bar – Labor & Employment Law Section – 2012 Seminar on the Gulf –* (October 12, 2012)

xliii.  *Cumberland School of Law – 18 Annual Employment Law Update* (December 2, 2011)

xliv.  *The Intersection of the ADAAA and FMLA - –* Birmingham Bar Association (August 19, 2011)

xlv.  *Employment Law Basics for the Non-Employment Lawyer –* Birmingham Bar Association (May 13, 2011)

xlvi.  *Navigating Employment Discrimination Claims –* Birmingham Bar Association (February 10, 2011)

xlvii. *Cumberland School of Law – 17 Annual Employment Law Update* (December 3, 20010)

xlviii. *University of Alabama School of Law Annual Employment Law Seminar* (December 3, 2010

xlix. *Cumberland School of Law – 16 Annual Employment Law Update* (December 4, 2009)

l. *2009 Annual Meeting of NELA Alabama* (November 13, 2009)

li. *Getting Started in Federal Court* – National Business Institute (June 9, 2009)

lii. *Fundamentals of Employment Law* – Sterling Education Services, Inc. (April 16, 2009)

liii. *Rules and Procedures for Federal Court Success* – National Business Institute (February 27, 2009)

liv. *Cumberland School of Law – 15ᵗʰ Annual Employment Law Seminar* (December 5, 2008)

lv. *Employment Law Update* - Sterling Education Services, Inc.(November 19, 2008)

lvi. *The Mechanics of Alabama Civil Procedure* – National Business Institute (August 27, 2008)

lvii. *Discovery Skills for Legal Staff* – Sterling Education Services, Inc. (April 29, 2008)

lviii. *Employee Discharge and Documentation* - National Business Institute; Birmingham, AL (February 6, 2008)

lix. *Cumberland School of Law* – Annual Employment Law Update (December 7, 2007)

ii. *Family and Medical Leave Act in Alabama* - Lorman Education Services; Birmingham, AL (August 22, 2007)

iii. *Employment Law Update* - Sterling Education Services, LLC; Birmingham, AL (June 26, 2007)

iv. *Immigration & Employment Law Update* - Sterling Education Services, LLC; Birmingham, AL (March 27, 2007)

v. *Employment Law Update* - Cumberland School of Law CLE; Birmingham, AL (December 1,2006)

vi. *Litigating the Plaintiffs Employment Discrimination Case in Alabama* - Lorman Education Services; Birmingham, AL (August 30, 2006)

vii. *Family and Medical Leave Act in Alabama* - Lorman Education Services; Birmingham, AL (April 6, 2006)

viii.  *Fundamentals of Employment Law* - Sterling Education Services, LLC; Birmingham, AL (May 16, 2006)

ix.  *Simple Ways to Prevent Human Resources Claims* - National Business Institute; Birmingham, AL (January 2006)

x.  *Practical Applications of Employment Law in Alabama* - Sterling Education Services, LLC; Birmingham, AL (February 2004)

xi.  *Common Misconceptions in Human Resource Law* - Lorman Education Services; Birmingham, AL (May 2005)

xii.  *Personnel Law Update* - Council (sponsored by *Constangy Brooks & Smith, LLC);* Birmingham, AL (April 2005)

xiii.  *Fundamental Issues in Alabama Human Resources Law* - National Business Institute; Birmingham, AL (November 2004)

xiv.  *Alabama Wage and Hour Regulations and Recent Developments* - National Business Institute; Birmingham, AL (December 2004)

xv.  *Ethics Seminar: Strategy for Success* - *Rules Governing Communications with a Person Represented by Counsel* - ABICLE; Tuscaloosa, AL (October 2004)

xvi.  *Legal Ethics in Alabama* - Lorman Education Services; Birmingham, AL (January 2005)

xvii.  *CLE By the Hour* - *The Ethical Implications of Contacting Employees of an Opposing Party* - Cumberland School of Law Continuing Legal Education; Birmingham, AL (December 2001; December 2002)

xviii.  *Internet Strategies for the Paralegal in Alabama* - National Business Institute; Birmingham, AL (February 2003)

xix.  *Litigation Skills for Legal Staff in Alabama* - Lorman Education Services; Birmingham, AL (January 2005; April 2005; February 23,2006)

xx.  *Select Topics for Legal Staff in Alabama* - Lorman Education Services; Birmingham, AL (April 20, 2006).

I have been ranked as one of the Top 25 female attorneys as well as one

of the Top 50 overall attorneys in Alabama by Thompson Reuters' Super Lawyers

publication. My firm has also been ranked as a Tier One provider of employment

law services by U.S. News and World Report's "Best Law Firms." I am AV rated with Martindale-Hubbell.

### Reasonableness of Rate Requested by Nicole and Blake Edwards

9.      I am familiar with the hourly rates of attorneys billed and paid in the State of Alabama and in the Eleventh Circuit in employment discrimination litigation and similar cases requiring comparable skill, effort, and responsibility. I am personally familiar with the abilities of both Nicole and Blake Edwards. Last year, I worked as co-counsel on a case with them. Their requested hourly rate of $350 is reasonable. Based on my experience and observations, the prevailing hourly rate for attorneys representing plaintiffs in employment discrimination matters is between $375-$650 an hour.

8.      My current hourly rate for mediation services is $500 an hour. My last fee award in the United States District Court for the Northern District of Alabama was in March 2022 when I received a fee award based on a rate of $500 an hour. (*Trantham v Socoper, Inc.;* 1:16-cv-1476-KOB (Docs. 248-249)). In discussing my rates with other lawyers of comparable experience and skill, I have found my rates to be in the middle of what is acceptable. The prevailing hourly rates for lawyers handling plaintiff's employment case range from $375 an hour to $650 per hour depending on the skill of the litigator.

9.     The rates are reasonable because of the high risk of handling employment cases on the plaintiff's side. Over the past few years Amanda Farahany of the firm Barrett & Farahany has presented at both the Alabama State Bar's annual Labor and Employment Conference and the Cumberland School of Law's Annual Employment Law Update. In her presentations she covered the crushing summary judgment among District Courts in the Eleventh Circuit. The study showed that summary judgment was granted in more than 70% of the employment discrimination cases filed. As a result of the high summary judgment rates, the number of qualified attorneys willing to take on the risk of an employment discrimination case has dramatically dropped. I have observed this decline in monitoring the membership of the Alabama State Bar's Labor and Employment Section and the Alabama affiliate for the National Employment Lawyers Association. I have seen qualified and experienced attorneys flee our ranks and/or significantly reduce the number of employment cases they are taking because of the high risk of summary judgment being granted and the low chance for a reasonable settlement prior to summary judgment briefing. Fewer and fewer attorneys entering the profession are joining the practice groups and organizations for plaintiff's employment lawyers suggesting to me that newer attorneys are not filing employment discrimination cases.

9

10.     Representing employees in employment litigation is risky and difficult. It requires: (1) organization and efficiency in the marshaling of facts, evidence and theories of liability so that false starts or wasted efforts were minimized; (2) a thorough comprehension of the substantive and procedural law and policy arguments; (3) case assessment which weeds out unproductive theories and claims, and which concentrates energies on the points which are most likely to prevail; and (4) experience in presenting evidence and theories to the Court. Based on my knowledge of the local market for legal services, these characteristics command the requested hourly for the current case. Cases dealing with claims under the Americans with Disabilities Act and the Family and Medical Leave Act (particularly interference claims) tend to involve more technical issues than other employment cases, requiring more research and in depth knowledge of the law.

11.     The risk inherent in handling employment cases is that representation is done on a contingency basis where the lawyer frequently works for years without any compensation.[1] This is the standard form of representation in employment

---

[1]     As noted above, the number of attorneys handling these types of cases for employees is falling. During my years as president of the Alabama affiliate of the National Employment Lawyers Association, I saw the number of persons leaving this area of practice increase because lawyers cannot afford to work for years without payment only to face nominal settlement offers from defendants if summary judgment is denied. Unfortunately, employment litigation is quite lucrative for the defense bar, but only the most skilled and dedicated members of the plaintiffs' bar can remain in this area of practice because of the high risk and low profitability. This is not because good cases do not exist – they do. This trend is because of the high rate at which summary judgment is granted and the low value employers are willing to pay. Employers are

discrimination matters since most plaintiffs are seeking representation at a time that they have lost their job and are unable to afford a retainer, flat-fee, or hourly fee arrangement. When a lawyer accepts an employment case on a contingency basis, he or she knows that the case would involve a tremendous amount of work with the hope of any compensation lying in the distant future. Frequently, that continency compensation is inadequate to reimburse the lawyer for a fraction of his or her time. Without an attorney's willingness to accept a plaintiff's case on a contingent basis, the plaintiff would likely not be able to obtain representation in the current case in the local market.

12.     The high rate at which summary judgment is granted deters many lawyers from taking employment cases and heightens the risk of handling these types of cases. Even in strong cases, summary judgment is granted at a high rate. For this reason, most employers/defendants will not engage in meaningful settlement discussions until after the court has ruled on summary judgment; the employers are "playing the odds" that at least part of the case will be resolved in their favor at summary judgment. This means that by the time a case is ready for settlement discussions, a lawyer will have invested a substantial amount of time and expenses

---

willing to gamble on the high summary judgment rates, especially with the comforting knowledge of statutory caps limiting their exposure if the gamble does not pay off. Therefore, attorneys' fee provisions in these federal statutes are important – they are the only way employees will be able to find lawyers who can afford to take cases to vindicate their rights.

in litigation. The high risk of handling an employment case on a contingency basis weighs heavily in favor of a solid hourly rate so that experienced and qualified litigators will take these cases which serve an important public interest. Like Mr. and Mrs. Edwards, I am a solo practitioner with limited staff. I cannot afford the staff of a large firm because there is no guarantee as to when I will receive my next payment/fee. It would be irresponsible to commit myself to a payroll without the knowledge that I would be able to regularly meet it. This means that I am doing most if not all the work on any case I have accepted, including tasks which would normally be delegated to paralegals or law clerks. When I accept or take on a case, it means that I do so to the exclusion of other work so that I can ensure that I have adequate time to handle my cases. I do not have another attorney in my firm to whom I can delegate work (or cover matters) when I am out of the office for depositions, court, or trial. When I accept a case, I do so only after reviewing my current case load, discovery deadlines (and associated commitments, such as depositions), dispositive motion deadlines, and trial settings. If I know that agreeing to work on a case will create a conflict with existing deadlines or trial settings, I must decline representation. Therefore, when I accept a contingency fee case, I am doing so knowing not only that I will not get paid for my work for years, but also that it means I will necessarily have to turn down other cases. This is a similar

situation to Mr. and Mrs. Edwards who have to turn down hourly work in other areas of practice to ensure they have time to work on an employment case they accepted. Because of the time and effort necessary to navigate a case through discovery battles and summary judgment, Mr. and Mrs. Edwards are limited in the number of cases that they can handle. This is another factor that weighs heavily in finding that her requested hourly rate is reasonable.

12.  I have reviewed the hourly rates proposed to be charged by Nicole and Blake Edwards against the background of the foregoing factors as explained in *Norman v. Housing Authority of City of Montgomery*, 836F.2d 1292, 1300-1301 (11th Cir. 1988).  Based on my knowledge of the prevailing hourly rates charged for similar litigation by attorneys with comparable skills and experience, their request for an hourly rate of $350 is reasonable and well within the range of appropriate hourly charges in the local market for legal services.

13.    Mr. and Mrs. Edwards provided me information regarding the time invested in this case. I have reviewed the gross hours attributable to this case and find them reasonable for work that would have been necessary considering the nature of this case.

14.    I have reviewed the foregoing and declare under the penalty of perjury that it is truthful and correct.

July 11, 2023

Heather Newsom Leonard
HEATHER LEONARD, PC
2105 Devereux Circle, Suite 111
Birmingham, AL 35243
(205) 977-5421
Heather@HeatherLeonardPC.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

**Richard McClinton,**

    **PLAINTIFF,**

**VS.**                                     **CV NO.: 2:20-cv-00543-AMM**

**Capstone Logistics LLC,**

    **DEFENDANT.**

## DECLARATION OF KIRA FONTENEAU

I, Kira Fonteneau, pursuant 28 U.S.C. 1746, hereby affirm that I am over 18 and am competent to make the following Declaration.

1.    I am personally familiar with the matters and things contained herein and I authorize the use of this Declaration in connection with the above-captioned lawsuit and for all other purposes allowed by law.

2.    My name is Kira Fonteneau. I am an attorney duly licensed to practice law in the State of Alabama. I have been licensed in Alabama since 2005. I am a Partner with Barrett & Farahany, where I have practiced law for the past two years. I am admitted to the Alabama, Georgia, and Virginia State Bars. I am also admitted to all Alabama Federal Courts, the Northern and Middle Districts of Georgia, and the Eleventh Circuit Court of Appeals.

3.     I submit this Declaration in support of Richard McClinton's Petition for Attorney Fees and Costs in the above-named matter. This Declaration is based on personal knowledge and business records maintained by me.

4.     I am a 1998 Graduate of the University of Virginia.

5.     In 2005, I graduated from the University of Georgia School of Law.

6.     Before Law School, I served in management roles involving employees for four years at Wachovia Bank, N.A., at that time, one of the largest banks in the country. This experience included extensive training in proper discharge procedures and defensible employment practices.

7.     In 2005 and 2006, I worked for Constangy, Brooks & Smith LLP, representing employers in discrimination cases. I then spent six years working in solo practice serving clients in criminal, employment, landlord-tenant, and personal injury matters.

8.     In 2012, I became Jefferson County, Alabama's first Public Defender, an executive-level position with the State of Alabama. In that position, I conceptualized, built, and ran the largest Public Defender's Office in the State that served as the model for those that opened subsequently. The Office represented five thousand indigent clients per year.  I oversaw a staff of 57 legal professionals and provided both strategic vision and day-to-day operational management until my departure in 2016.

9.      Since 2016, I have practiced full-time exclusively as a plaintiff's employment and civil rights lawyer.  Throughout my career, I believe that I have litigated over 320 cases in Federal Court, primarily employment and civil rights claims in Alabama, Georgia, and Mississippi. I have also litigated numerous cases in the Alabama Courts.

10.     I have tried at least sixteen cases to conclusion in the Circuit Courts of Alabama and Federal District Courts before the instant case, losing only four.

11.     I have tried numerous non-jury trials and administrative hearings for employees.

12.     Further, I have appeared as appellate counsel in several cases, arguing successfully before the Eleventh Circuit Court of Appeals. One of those cases resulted in a reported opinion, Gipson v. Jefferson Cty. Sheriff's Office, 613 F.3d 1054 (11th Cir. 2010).

13.     I am regularly referred employment discrimination cases by attorneys within the state of Alabama and outside the state. I regularly co-counsel with attorneys within the state and outside the state on employment discrimination matters.

14.      I am the immediate past President of the Board of the ACLU of Alabama, and formerly served as Chair of the American Diabetes Association's Legal Advocacy Subcommittee, a member of the Alabama State Bar Board of Bar

Commissioners, the Alabama Civil Justice Foundation, the Birmingham Bar Federal Practice Section, and the National Employment Lawyers Association's Alabama affiliate.

15.     I regularly speak and lecture on events concerning discrimination litigation and representation from the Plaintiff's side. For the last two years, I have been a presenter at the National Employment Lawyer's Association's national seminar, and I have also been a presenter at the Alabama State Bar's Employment Law CLE and Cumberland School of Law's annual Employment Law CLE.

16.     I have reviewed the fees billed by Blake Edwards and Nicole Edwards in the instant case. The fees alleged in this matter are fair and reasonable considering their experience, reputation, the complexity of the case and the realities of employment law practice.

17.     Employment discrimination cases involve substantial risk and often return little in the way of damages. Few clients, who have often been terminated can afford to pay their attorneys up front.  As such, cases must be taken on a contingency basis. Despite the relatively low damages available to Plaintiffs, these cases are hotly contested by defense counsel. Further, due to the complex methods of proving intent, Defendants routinely seek and are granted summary judgment relief.

18.    Based on my trial work and litigation experience, I am familiar with the hourly rates of attorneys billed and paid in Georgia, the Birmingham area, and the Eleventh Circuit in Employment Discrimination litigation and similar cases requiring comparable skill, effort, and responsibility.

19.    The prevailing market rate in Alabama currently for Plaintiff's attorneys in employment cases, such as the instant case, ranges from $375.00 to $650.00 per hour depending on the litigator's skill. The rate is higher for other areas of the Eleventh Circuit. The prevailing rate varies within that range depending upon the skill level of the attorney (as measured by the attorney's quality and quantity of experience in handling cases of this nature, length of experience, and by his or her reputation derived therefrom), the sophistication of the client, and the attorney's ability to negotiate a compensatory rate. I have also researched supporting fee affidavits of plaintiff's and defendant's attorneys in other civil matters which further support my opinion of prevailing hourly rates of attorneys located in Birmingham and practicing in the Northern District of Alabama.

20.    Moreover, an annual increase in an attorneys' billable rate is reasonable given the increased skill attained over time as well as the economic realities brought about by inflationary forces.

21.     Given the significant inflation since the pandemic, I believe that an annual increase of $25.00 to $50.00 per hour is reasonable.

22.     In 2020, when I had 15 years of experience, I was awarded a rate of $450.00 per hour in the Northern District of Alabama.

23.     In 2022, I was awarded $475.00 per hour in a case in the Northern District of Georgia.

24.     I understand that Blake Edwards has been practicing since 2015.

25.     I understand that Nicole Edwards has been practicing since 2015.

26.     Both are relatively experienced lawyers who regularly handle employment cases and are active in the Alabama Affiliate of the National Employment Lawyers Association which demonstrates their skill and commitment to providing high quality service to their clients.

27.     That skill is further evidenced by the favorable result they were able to achieve for their client in this matter.

28.     As such, I believe that a rate no less than $375.00 per hour for each attorney is reasonable for both Blake and Nicole Edwards.

29.     I have also reviewed the hours and expenses expended on Plaintiff's behalf during this litigation are reasonable and reflect the actual time spent working on this matter.

30.    Based on my experience in this area of law and my familiarity with the work done in this case, the amount of time expended by counsel for the plaintiff was reasonable for the successful litigation of claims of discrimination.

Further sayeth not

July 14, 2023

_____
Kira Fonteneau

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RICHARD J. McCLINTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:20-cv-00543-AMM** |
| | ) | |
| **CAPSTONE LOGISTICS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### DECLARATION OF SONYA C. EDWARDS
### IN SUPPORT OF PETITION FOR THE AWARD
### OF ATTORNEYS' FEES AND EXPENSES

---

1.      My name is Sonya Edwards.  I have personal, firsthand knowledge of the facts articulated in this declaration.  I swear under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and accurate to the best of my knowledge.

2.      I am an attorney in good standing licensed to practice in the State of Alabama.  I have focused my practice in employment litigation throughout the state for almost eighteen years.  Before graduating Cumberland School of Law in 2005, I served as Editor-in-Chief of the American Journal of Trial Advocacy, was faculty-selected for Order of the Barristers, served on the Honor Court and Moot Court Board, and won the best oral advocate award while competing for the Moot Court National Team. I completed an externship with the National Labor Relations Board and clerked

for two prominent Birmingham defense firms in their Labor and Employment practice sections while in law school.  I was admitted to the Alabama State Bar in 2005.

3.      From 2005 to 2008, I was an associate in the Labor and Employment practice sections for Johnston, Barton, Proctor, & Powell, LLP and Burr and Forman, LLP, respectively.  From 2008 to 2012, I served as counsel for employers in Alabama and Georgia focusing on compliance with federal labor and employment laws.  From 2012 to the present, my practice has almost exclusively been dedicated to representing plaintiffs in federal employment litigation.  I have been counsel in over seventy filed cases in federal courts in Alabama.  I have been trial counsel in eight trials and have prevailed in all but one.  I have briefed and argued cases before the Eleventh Circuit Court of Appeals.  I have also represented numerous clients in federal sector matters, including federal EEO cases and appeals to the Equal Employment Opportunity Commission, the Office of Federal Operations, and the Office of Special Counsel in Washington, D.C.

4.      I am an active member of the National Employment Lawyers Association (NELA).  I currently serve as President and Board Member of its Alabama affiliate (NELA-AL), as well as co-chair of its Amicus Committee, which contributes to amicus curiae briefs in appellate matters involving significant and emerging employment law issues.  I am also a member of the Labor and Employment and Federal Court Practice Sections of the Alabama State Bar.  Since 2005, I have

presented at numerous seminars on federal employment law, including the Alabama State Bar Labor and Employment Annual Conference, the NELA National Convention, the NELA-AL Annual Conference, and NELA-AL continuing education seminars, among others.

5.     I am familiar with the attorney fee rates for labor and employment attorneys practicing in Alabama.  The current prevailing market rate in Alabama for plaintiffs' attorneys in employment litigation ranges from $375 to $650 per hour, depending on the skill and experience of the litigator.  Those rates are higher in other areas of the Eleventh Circuit and in other areas of the country in federal sector cases.

6.     I have been awarded attorney's fees in both private and federal sector cases.  On July 1, 2021, I was awarded an hourly rate of $450 by United States District Court Judge Corey Maze of the Northern District of Alabama following a successful jury trial in Anniston, Alabama in December 2020.  The case was *Barber v. TPC of Blount County Alabama, Inc.*, Case No.: 4:18-cv-01633.  That rate should be higher today, factoring inflation and additional practice experience since that award.

7.     I have reviewed the hourly rate of $350 requested by Blake and Nicole Edwards and affirm that, based on their experience and expertise, the rate is reasonable and slightly lower than the prevailing market rate of similarly-skilled and experienced employment law attorneys practicing in federal courts in Alabama.  I have reviewed

their time records and affirm that the time claimed is reasonable for an employment case of this nature.

I have read the foregoing, and it is true and correct to the best of my knowledge.

_Sonya C. Edwards_

Sonya C. Edwards

Date:        July 11, 2023

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**RICHARD MCCLINTON,**

    **PLAINTIFF,**

**v.**                                 **Civ. Act. No. 2:20-cv-543-AMM**

**CAPSTONE LOGISTICS, LLC,**

    **DEFENDANT.**

**DECLARATION OF ALLEN D. ARNOLD**

My name Allen D. Arnold. I am the sole shareholder of Allen D. Arnold, LLC, d/b/a Allen D. Arnold, Attorney at Law. Pursuant to 28 U.S.C. § 1746, I hereby affirm that I am over the age of 19 and I am competent to make this Declaration.

1.    I am personally familiar with the matters and things contained herein and I authorize the use of this Declaration in connection with the above captioned matter and for all purposes allowed by law.

2.    I submit this Declaration in support of the information needed by the Court in the above captioned matter in support of Plaintiff's counsel's petition for attorneys' fees pursuant to the fee shifting statutes of the Family and Medical Leave Act (29 U.S.C. § 2617(a)(3) and 42 U.S.C. § 1981a.

1

3.      I earned a Juris Doctorate from the Stetson University College of Law in Gulfport, Florida, wherein I graduated Cum Laude and served as the Assistant Manager Editor of the Stetson Law Review.  I earned my Bachelor of Business Administration (Finance) from Southern Methodist University's Cox School of Business.

4.      From November 15, 2004 through December 31, 2016, I worked with Arendall & Associates.  During 2011, the firm was re-named to Arendall & Arnold.

5.      From January 1, 2017 through July 5, 2018, I was partner of the law firm Fonteneau & Arnold, LLC.

6.      From July 6, 2018 to the present, I have practiced as a solo/small firm practitioner.

7.      Prior to law school, I worked at GE Capital's Transport International Pool division.

8.      I am admitted to practice before the Alabama Supreme Court and its lower courts, the United States District Courts for the Northern District of Alabama, the Middle District of Alabama, the Southern District of Alabama, and the United States Court of Appeals for the Eleventh Circuit.

9.      I have received an Alabama Super Lawyers' designation as a Rising Star in 2013, and subsequent recognition in Mid-South Super Lawyers for the years 2014, 2015, 2016, 2019, 2020, 2021, 2022, and 2023.

10.     I have engaged in civil litigation law practice since 2004, and during my entire career, I have focused my practice on federal employment claims, including Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Family and Medical Leave Act, and the Fair Labor Standards Act ("FLSA").  I have also litigated claims permitted by the Alabama Workers' Compensation Retaliatory Discharge Statute, the Alabama Jury Duty Retaliatory Discharge Statute, and the Federal False Claims Act.  I have worked on numerous large scale FLSA collective actions, and multi-plaintiff cases at all stages of litigation, from investigation to appeal.  Throughout my career, I have focused almost entirely on employment litigation for the benefit of employees.

11.     I am regularly referred employment discrimination cases, specifically FMLA cases, but also FLSA cases, within the State of Alabama.

12.     I have served in various roles within the Birmingham Bar Association, and I am previous member of the Alabama State Bar Committee regarding attorney referrals.  I am member of the of the National Employment Lawyers Association and its Alabama affiliate.  During my career, I have spoken at several Continuing Legal Education conferences regarding various employment law issues.

13.     I was extremely fortunate to have been mentored by one of the most accomplished plaintiffs' employment attorneys in the state, David R. Arendall.

3

14.     I have reviewed the time entries presented to the Court by Nicole Edwards and Blake Edwards.

15.     The fees alleged in this matter are fair and reasonable considering the attorneys' experience and reputation.

16.     Based on my trial work and experience, I am familiar with hourly rates billed and paid in all areas of Alabama in the area of employment discrimination cases and FLSA overtime cases.

17.     I currently charge $400 to $475 per hour for non-contingency fee cases.[1]

18.     In 2017, while sitting second chair, Judge Proctor approved, without opposition from defendant's counsel, a rate of $325.00 per hour for my work on a single plaintiff FLSA matter that resulted in a verdict on the merits.  *Lopez-Easterling v. Charter*, 2:14-cv-01493-RDP (Doc. 107) (N.D. AL. Dec. 15. 2017). Following an accepted Offer of Judgment, Judge England stated that a rate of "$375.00 per hour would not be an unreasonable award for an attorney with experience comparable to Arnold's in the Birmingham market." *Lothrop v. Xtreme*

---

[1] In recent FLSA matters resolved during 2021-2022, before the United States District Court for the Northern District of Alabama, defendants' counsel have agreed that my hourly rate of $400.00 per hour was fair and reasonable.  *See Isidore v. Sarrinah, LLC, et al*, 2:20-cv—00885-NAD (Doc. 38, p. 12); *Lopez-Reyes v. Sarrinah, LLC et al*, 2;21-cv-00319-KOB (Doc. 15, p. 12); *Yadyasar v.* RaceOn, Inc., et al, 2:21-cv-01207-AMM (Doc. 14, p. 12).

4

*Concepts, Inc. et al*, 2:19-cv-00609-JHE (Doc. 33) (Aug. 23, 2021).[2]  The matter currently before this Court involved questions of law and fact that are more complex than an FLSA matter involving unpaid minimum wages and overtime premium. When accounting for inflation, the rate of $388.00 per hour is similar to that of myself when I held equal or lesser experience as that of my colleagues Nicole Edwards and Blake Edwards.  My rationale is that when I had been practicing for approximately 12 years, Judge Proctor entered an Order in the *Lopez-Easterling* matter approving my rate of $325.00 per hour.  I derived $388.00 per hour by multiplying $325 with a 3% annual rate of inflation.

| 2017 | $325.00 | 1.03% | $334.75 |
|------|---------|-------|---------|
| 2018 | $334.75 | 1.03% | $344.79 |
| 2019 | $344.79 | 1.03% | $355.14 |
| 2020 | $355.14 | 1.03% | $365.79 |
| 2021 | $365.79 | 1.03% | $376.67 |
| 2022 | $376.67 | 1.03% | $388.07 |
| 2023 | $388.07 | 1.03% |         |

19.    I believe that $388.00 per hour is the appropriate hourly rate for the services rendered in this action for both Nicole Edwards and Blake Edwards.

20.    Based on my research into prevailing hourly rates historically approved by Courts in the Northern and Middle Districts of Alabama for attorneys practicing

---

[2] Nevertheless, Judge England found that a rate of $325.00 per hour was reasonable due to the lack of complexity in that particular case. *Id*.

in Birmingham, Alabama, and of the rates charged by non-contingent fee attorneys practicing in this market, I further believe that $388.00 per hour is well within the reasonable rate for Nicole Edwards and Blake Edwards, each with eight years' experience.  Further, Edwards & Edwards operate a small/solo practitioner law firm and are responsible for all overhead expenses, such that any rate below $388.00 per hour makes such operations economically unfeasible.   When litigating a case wherein fee shifting is the means of compensation, attorneys such as Edwards & Edwards must choose to forgo other cases to prosecute the present matter, meaning that the risk should merit a rate enhancement over and above $388.00 per hour.

I declare under penalty of perjury, that the foregoing is true and correct.

Executed: July 13, 2023

_____

Allen D. Arnold

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD J. MCCLINTON, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION NO:** |
| | ) | **2:20-543-AMM** |
| | ) | |
| CAPSTONE LOGISTICS, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF CYNTHIA FORMAN WILKINSON
## IN SUPPORT OF ATTORNEYS' FEES

1.    My name is Cynthia Forman Wilkinson and I have personal knowledge

of the facts articulated in this declaration. I swear under penalty of perjury, pursuant

to 28 U.S.C. §1746 that the following is true and accurate to the best of my

knowledge.

## I.    EXPERIENCE, QUALIFICATIONS AND FAMILIARITY WITH EMPLOYMENT LAW:

2.    I am an attorney licensed to practice law in the State of Alabama. I have

been licensed in Alabama since 1989 and have over thirty years of experience

practicing law and twenty-nine years in civil rights litigation. I am admitted to the

Bar of the Eleventh Circuit Court of Appeals and United States District Courts for

the Northern, Middle and Southern Districts of Alabama.  I have practiced before

courts in all federal districts in Alabama, the Eleventh Circuit Court of Appeals and

1

federal courts in Tennessee.

3.     I submit this Declaration in support of Richard J. McClinton's Petition for Attorney's Fees and Costs in the matter of *Richard J. McClinton v. Cogency Global, Inc., d/b/a Capstone Logistics, LLC*, Civil Action Number 2:20-cv-543-AMM. This Declaration is based on personal knowledge and a review of the time and expense records maintained by counsel for Plaintiff.

4.     The last twenty-nine years of my law practice have been devoted exclusively to plaintiff's employment discrimination and civil rights litigation. I have handled cases involving civil rights issues almost exclusively since 1994. I have handled over **770** civil rights actions in the various federal district courts and many such cases in the appellate courts. I am regularly referred such employment discrimination cases by attorneys within the state, as well as outside the state. I regularly co-counsel with lawyers within the state on employment discrimination matters.

5.     I am asked to speak to both lay and legal groups on employment discrimination issues both in state and out of state, with local and national organizations. I serve on the planning committee for the Cumberland School of Law Annual Labor and Employment CLE and I am a board member for the Alabama affiliate for the National Employment Lawyers Association ("NELA"). I have taught numerous seminars for the Cumberland Annual Labor and Employment CLE,

2

presented numerous times at the Alabama State Bar's Labor and Employment Section and at seminars and conventions for the National Employment Lawyers Association. For the past seven years I have been an instructor and speaker for the NELA Trial Boot Camp, a national trial program that teaches trial skills to members of NELA across the United States. As such, I am generally familiar with the trial practices of civil rights employment law cases in Alabama.

6.    I have tried several cases and been awarded jury verdicts exceeding $600,000.00. Jury verdicts and bench trial verdicts include, but are not limited to, *Stern v. Roberts et al., Goldsmith v. Bagby Elevator, Co., Hopkins v. Wal-Mart, Crout v. Gilco Contractors, Collins v. Koch Foods, Inc. et al, Wiggins v. The City of Montgomery*, I have also been awarded verdicts exceeding $200,000.00 in several arbitrations.

## II.    REASONABLENESS OF RATE REQUESTED BY NICOLE AND BLAKE EDWARDS:

7.    Based on my trial work in various cases of discrimination, harassment, and retaliation I am familiar with hourly rates of attorneys billed and paid in Alabama and in cases requiring comparable skill, effort, and responsibility. The prevailing market frate in Alabama in employment cases ranges from $350.00 to $650.00, depending on the experience and skill of the litigator. The prevailing rate varies within that range depending upon the skill level of the attorney (as measured by the attorney's quality and quantity of experience in handling cases

3

of this nature, length of experience, and by his or her reputation derived therefrom), the sophistication of the client, and the attorney's ability to negotiate a compensatory rate. My current hourly rate for mediation services and hourly billed legal services is $500.00 per hour.

8.     I have been provided with information regarding the time the Plaintiff's attorneys invested in this matter. It appears that Nicole and Blake Edwards engaged in due diligence in researching the claims, preparing the claims, and working with their client to ensure the just, speedy, and inexpensive resolution of this matter. The time records for this matter appear to be reasonable and necessary given the progression and adversarial nature of this litigation. Representing employees in employment litigation is risky and difficult. It requires: (1) organization and efficiency in the marshaling of facts, evidence and theories of liability to effectively progress the claims; (2) a thorough comprehension of the substantive and procedural law and policy arguments; (3) case assessment which weeds out unproductive theories and claims, and which concentrates energies on the points which are most likely to prevail; (4) experience with handling discovery issues and obtaining the necessary discovery to prove the claims and theories of liability; and (5) experience in presenting evidence and theories to the Court.

9.     Based on my knowledge of the local market for legal services, these characteristics command the requested hourly for the current case. Cases dealing

4

with claims under the Americans with Disabilities Act tend to involve more technical issues and require research and an knowledge of the law.

10.   The risk inherent in handling employment cases comes from representation done on a contingency basis where the lawyer frequently works for years without any compensation. This is the standard form of representation in employment discrimination matters since most plaintiffs are seeking representation at a time that they have lost their job and are unable to afford a retainer, flat-fee, or hourly fee arrangement.

11.   When a lawyer accepts an employment case on a contingency basis, he or she knows that the case would involve a tremendous amount of work with the hope of any compensation lying in the distant future. Frequently, that continency compensation is inadequate to reimburse the lawyer for a fraction of his or her time. Without an attorneys willingness to accept a plaintiffs case on a contingent basis, the plaintiff would likely not be able to obtain representation in the current case in the local market.

12.   In addition, with summary judgment being granted at such a high frate in employment discrimination cases deters lawyers from accepting representation of these type of cases and increases the risk for the lawyer that agrees to represent these plaintiffs. Other factors that deter lawyers from accepting representation of these types of cases include a defendants refusal to engage in meaningful settlement

5

discussions early in litigation before incurring substantial expenses. Many defendants refuse to engage in settlement discussions or attend mediation until after a ruling on any pending summary judgment motion or on the eve of trial. As a result, these cases are time consuming and as a sole practitioner or small firm, require the attorney to perform most of the work to the exclusion of other work and cases.

13. The requested hourly rates for Nicole and Blake Edwards are commensurate with the prevailing range of rates charged by attorneys in similar circumstances and with comparable skill. As the prevailing party in the trial of this matter, the Plaintiff's attorneys are entitled to an amount "reasonable" in relation to the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman v. Housing Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988). The hourly rate requested in this case is commensurate with the prevailing range of rates charged by attorneys in similar circumstances and with comparable skill and responsibility in employment discrimination litigation and similar areas of litigation in the Birmingham legal community. See, *Knight v. State of Alabama*, 824 F. Supp. 1022, 1031 (N.D. Ala. 1993).

I have read the above and it is true and correct to the best of my knowledge.

Cynthia Forman Wilkinson

6

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD J. McCLINTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:20-cv-00543-AMM** |
| | ) |
| **CAPSTONE LOGISTICS, LLC.,** | ) |
| | ) |
| **Defendant.** | ) |

## DECLARATION OF TEMPLE D. TRUEBLOOD
## IN SUPPORT OF PLAINTIFF'S APPLICATION
## FOR THE AWARD OF ATTORNEYS' FEES

1.       My name is Temple D. Trueblood. I graduated *Magna Cum Laude* from the University of Alabama School of Law in 2000, where I was also named a Hugo Black Scholar. My trial experience began in my last year of law school when I took advantage of the Alabama Third Year Practice Card and tried my first jury trial in which my client prevailed. I was an editor for the Law & Psychology Review, and I also worked as a law clerk for the United States Department of Justice in Washington, D.C., doing legal work for the I.R.S., Tax Division. I was admitted to the Alabama Bar in September of 2000, and in the nearly twenty-three (23) years since being admitted have practiced almost exclusively in the area of labor and employment law, ERISA, and plaintiff's civil rights.

1

2.     I am a Partner with the firm of Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC, where I have been employed since December 2001. During my tenure with the firm, 95% of my practice has been focused exclusively on labor and employment law and plaintiffs' civil rights actions. I have practiced in various Alabama state courts, in all federal districts in the State of Alabama, the Middle District of Tennessee, the Middle District of Georgia, the Northern District of Florida, the Northern District of Illinois, and the Eleventh Circuit Court of Appeals. Since 2020 I have also provided mediation services across the State of Alabama with a focus on employment matters.

3.     I am a Member of the Birmingham Bar Association; a Member of the National Employment Lawyers Association (N.E.L.A.) where I currently serve on the Board of the Alabama NELA Chapter; and am a Member of the Alabama Bar Association where I currently serve on the Board of the Labor & Employment Section.

4.     I have served as a presenter/submission writer for various organizations including the Labor and Employment Section of the Alabama State Bar, the National Employment Lawyers Association (N.E.L.A.), the Alabama Bar Association, the Cumberland School of Law's Continuing Legal Education division, the University of Alabama CLE program, the Birmingham and Mobile chapters of the Society of

Human Resource Management (SHRM), various defense firm sponsored client seminars, and paralegal and other community groups on subjects such as sexual harassment, efficient discovery in plaintiffs' cases, efficiently evaluating civil rights claims, joint employer liability, the Family Medical Leave Act, the Americans with Disabilities Act, damages available under federal employment statutes, mediation best practices, the impact of the U.S. Supreme Court's Bostock opinions on legal practice, the impact of COVID-19 and remote work on employment cases, women in the workforce, and petitioning for attorney's fees and costs.

5.      I am presently participating as an author in the Lexis/Nexis national survey on Employment Law with an anticipated publication date of the book *Alabama Employment Law* in late 2023/early 2024.  Since 2009, I have served as a member of the planning team for the annual Cumberland School of Law Employment Law Seminar.  I have also served as Bench Judge in the Cumberland School of Law's Federal Haley Trial Competition

6.      I have been named to SuperLawyers annually since 2017; have been selected as one of B Metro Magazine/Avvo Women Leaders of the Birmingham Bar annually since 2015; and have been named in Best Lawyers in America in the practice areas of Employment Law – Individuals and Litigation – Labor and

Employment annually since 2014. I have also been named as a Top Flight Attorney by BHM/BIZ Metro Magazine since 2017.

7.     I have participated in both collective actions and multi-district litigation of employment and/or ERISA claims. I have extensive experience in conducting discovery, litigation, addressing and prevailing on summary judgment issues, trial preparation, trial, pre-trial and post-trial brief writing, fee petitions, and appellate brief writing in employment discrimination and civil rights' cases.

8.     During my years of practice, I have tried employment cases in all three (3) federal districts in the State of Alabama and have submitted attorney fee petitions following successful verdicts and am thus very familiar with the legal standards and requirements regarding same.

9.     From my own personal experience and from my knowledge of what attorneys in the local market charge for federal litigation of various claims in the labor and employment and/or civil rights areas, I am familiar with fees normally charged by attorneys practicing within this jurisdiction. I am also familiar with the rates charged to clients for non-contingent, litigation-related work in these practice areas at rates ranging from $300 to $650 per hour for skilled attorneys.

10.     I was aware of the litigation in the present case via discussions with plaintiff's counsel during various N.E.L.A. sponsored events and educational

programs. As such, I have been asked by the plaintiff's attorneys Nicole and Blake Edwards to give an opinion on the reasonableness of their fee rates in the pending matter.

11.     Having practiced out of the Birmingham, Alabama, market for the entirety of my legal career and having litigated employment matters in the Northern District of Alabama for nearly twenty-three (23) years, I am familiar with rates billed and paid in this area in employment discrimination litigation and similar cases requiring comparable skill, effort and responsibility. The present prevailing market rate in Alabama for plaintiffs' attorneys in cases such as the current case ranges from $300 to $650 per hour. The prevailing rate varies within that range, depending upon the skill level of the attorney (as measured by the attorney's quality and quantity of experience in handling cases of this nature, length of experience, and by his or her reputation derived therefrom), the sophistication of the client, the complexity of the case and/or novel issues presented in the case, and the attorney's ability to negotiate a compensatory rate.

12.     I am familiar with the skill and reputation of the plaintiff's attorneys, Ms. Nicole Edwards and Mr. Blake Edwards, in this case and have evaluated each based on the following factors:

a.     Overall skill in litigation;

5

b.      Reputation in the legal community;

c.      Knowledge of litigation and trial appellate practice;

d.      Knowledge of substantive law;

e.      Novelty of the case/claims at bar;

f.      Persuasiveness and advocacy skills; and

g.      Analysis of the case and theories and procedural avenues available to obtain a satisfactory result for their clients.

13.     I have reviewed the hourly rate proposed to be charged by Ms. Edwards and Mr. Edwards for the litigation of this case against the background of the foregoing factors as explained in *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1300-1301 (11th Cir. 1988); *Perdue v. Kenny A. ex rel. Winn*, U.S.   , 130 S. Ct. 1662, at 1672 (2010); and *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-719 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). Based on my knowledge of the prevailing hourly rates charged for similar litigation by attorneys with comparable skill and experience, the hourly rate requested by both Ms. Edwards and Mr. Edwards of $350.00 each is quite reasonable and well within the range of appropriate hourly charges in the local market for legal services. Accordingly, I am of the opinion that fees for Ms. Edwards and Mr. Edwards may reasonably be established

6

at the hourly rate of $350.00.  In my opinion each could reasonably charge a higher rate of $375.00 within the relevant market.

14.     While my opinion is based to a degree on the experience and reputation of both Ms. Edwards and Mr. Edwards, respectively, in prosecuting cases of this nature, it is also based upon my personal observation of their skill level compared to other attorneys prosecuting such cases in this state. I have been fortunate enough to have corroborated with Ms. Edwards as co-board members of the Alabama N.E.L.A. Chapter and have engaged in discussions with both Ms. And Mr. Edwards regarding legal opinions and developments in various employment law matters and have been aware of their legal practice in the State of Alabama in the area of employment law and plaintiff's civil rights cases. Their reputation in litigating employment matters is impeccable and they are well respected among the plaintiffs' employment and labor bar.

15.     Based on the foregoing and my own personal knowledge of the legal practice of Mr. and Ms. Edwards, my opinion is that each have skills commensurate with or, truly, significantly exceeding their years of experience in handling employment cases. I have found each to be knowledgeable of the applicable law, and efficient litigators. Finally, I have found each capable in presenting their clients' legal positions and claims in a persuasive manner, as evidenced by the recent jury

7

verdict in this matter. Their reputation as skilled and successful plaintiff's lawyers is well known and respected among the plaintiff's bar.

16.     As I routinely prosecute employment claims on behalf of employees most of the cases that I take are done so on a contingency fee basis. I know when I take such a case that payment of my fee will be delayed until the case is settled or tried to a jury. It is my understanding that such was the same scenario in the present case. Unlike cases taken under the "American Rule," where parties bear their own fees and costs and unlike counsel defending an employment case, the plaintiff's attorneys essentially start losing the time value of their services from "day one" of representation. As such, this aspect of delayed payment for work performed (or the risk of no payment) is taken into consideration when setting an hourly rate for purely contingent plaintiff's attorneys in such matters. *See Johnson*, 488 F.2d 714, 717-719 (5th Cir. 1974)(a factor to be considered in establishing the reasonableness of rates includes "whether the fee is fixed or contingent"). I have also taken this factor into consideration at arriving at my opinion on the reasonableness of the rates sought by Mr. and Ms. Edwards.

17.     In arriving at my opinion on the reasonableness of the rates sought, I have also considered the local market's need for contingency based federal civil

rights plaintiff's lawyers to be fairly compensated in order to encourage future consideration of representation in such matters.

18.    I have also been provided and reviewed the time entries for both Ms. Edwards and Mr. Edwards in this matter and have found that the time spent by each in prosecuting this matter are reasonable, especially in light of the rigorous defense mounted in this case by four (4) highly reputable defense counsel: Marion F. Walker, Edward F. Harold, Richard Holbrook, and David Klass.  The zealous advocacy of plaintiff's counsel which resulted in the requisite time and effort litigating this case is reflected in the fact that the parties: (a) held two (2) Parties Planning Meetings, (b) exchanged multiple sets of written discovery; (c) engaged in multiple discovery disputes and objections resulting in plaintiff filing a Motion to Quash defense subpoenas and both sides submitting  respective Motions to Compel, (d) conducted depositions via remote Zoom technology which results in increased hours spent preparing digital exhibits and conducting depositions via an form of technology which inherently results in delays, (e) engaged in mediation, (f) submitted extensive dispositive motion and responsive briefing and evidence to the Court, and (g) engaged in pretrial and trial activities. The fact that plaintiff's counsel also sought sanctions because of the conduct of defense counsel in this matter, resulting in a Court issued order and reprimand, further serves to illuminate the justification of the

time and efforts put forth by Mr. and Ms. Edwards in seeking fair and just remedies before the Court on behalf of their client during contentious litigation. Upon a review of the billing time entries, it was also apparent that Mr. and Ms. Edwards each contributed their respective time and effort to specific and separate tasks during the litigation as much as possible, resulting in very little overlap or duplicative time being spent by each in prosecuting the case.

18.    I declare under penalty of perjury that the above and it is true and correct and based on my personal knowledge.


Signed on this the 11th day of July 2023.

Temple D. Trueblood

10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RICHARD J. MCCLINTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **2:20-cv-00543-AMM** |
| | ) | |
| **COGENCY GLOBAL, INC.,** | ) | |
| **d/b/a CAPSTONE LOGISTICS,** | ) | |
| **LLC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**DECLARATION OF ALICIA K. HAYNES IN SUPPORT OF PETITION
FOR THE AWARD OF ATTORNEY'S FEES**

---

1.      My name is Alicia K. Haynes and I have personal knowledge of the facts articulated in this declaration. I swear under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and accurate to the best of my knowledge.

**Experience and Expertise:**

2.      I am an attorney licensed to practice law in the State of Alabama since October of 1987. I am an attorney with the firm of Haynes & Haynes, P.C., located in Birmingham, Alabama, where I have practiced continuously for the past 36 years. I am admitted to the Bar of the United States Supreme Court, the Supreme Court of

Alabama, the Bars of the United States District Courts for the Northern, Middle and Southern Districts of Alabama, and the Bar of the Eleventh Circuit Court of Appeals.

3.      I submit this declaration in support of Plaintiff Richard J. McClinton's Petition for Attorney Fees and Costs in the matter of *Richard J. McClinton v. Cogency Global, Inc., d/b/a Capstone Logistics, LLC,* Case Number 2:20-cv-543-AMM. This declaration is based on my personal knowledge.

4.      The last 32 years of my law practice have been devoted exclusively to plaintiff's employment discrimination and civil rights litigation. It is my belief that I have tried over 70 jury cases and have been involved in scores of employment discrimination and civil rights cases at various stages of litigation. Further, I have appealed, or defended on appeal, numerous employment discrimination cases. I am regularly referred such employment discrimination cases by attorneys within the state, as well as outside the state. I regularly co-counsel with lawyers within the state and outside the state on employment discrimination matters. Additionally, I have been retained by defense law firms to conduct independent investigations of harassment and discrimination on behalf of their corporate clients.

5.      I am a former chair of the Executive Board of the Labor and Employment Section of the Alabama State Bar and of the Federal Section of the Birmingham Bar Association. I am also a past President (2015-2016, 2016-2017) of the National Employment Lawyers Association (NELA), past Executive Board member of Alabama NELA, and a member of the Labor and Employment Section of the American Bar Association. I regularly speak at continuing legal education seminars on employment discrimination, civil rights, and trial practice matters nationally and within Alabama. For seven years I co-chaired the NELA Trial Boot Camp, a national trial program that teaches trial skills to lawyers practicing in the field of employment law. I have provided lecture, written materials, and "toolkit" written instructions for this trial skills program. As such, I believe that I am generally familiar with the trial practice of civil rights and employment law cases in Alabama, the Eleventh Circuit and nationwide.

6.      Each year from 2007 to 2023, I have been recognized on the Super Lawyers, Best Lawyers in America, and Best Lawyers in Alabama lists in the area of Labor and Employment Law. I have also been included in Alabama Super Lawyers' list of Top 25 Women Lawyers for several years.

7.      Throughout my career, I have received jury awards in cases that I have tried that resulted in court-awarded statutory attorney fees. As means of example, in 1995, I pursued a Title VII sexual harassment and hostile work environment case

resulting in an $8,000,000 jury verdict. In 2002, I litigated a Title VII and § 1981 failure to promote and race discrimination case and received a $3,500,000 jury verdict. *Ash, Hithon v. Tyson Foods, Inc*. 4:96-cv-03257-RRA. I appealed this case to the United States Supreme Court and received a favorable *per curiam* opinion. This case significantly changed the standard in employment discrimination cases in the Eleventh Circuit. *Ash, Hithon v. Tyson* established, in part, that the use of the word "boy" in reference to African-American men could evidence discrimination. The case was tried a second time with a single plaintiff, resulting in a jury verdict of $1,500,000. In 2009, I litigated a Title VII sexual harassment and retaliation case where the jury awarded my client $5,750,000. *Edwards v. Hyundai Motor Manufacturing Alabama*, 2:07-cv-00908-MHT. In 2010, a jury awarded $2,700,000 to my client after she endured egregious Title VII sexual harassment in the workplace. *Marks v. U.S. Security Associates, Inc., et al*., 2:08-cv-00459-KOB. In 2013, I pursued an ADEA discrimination case for a pharmacist over the age of 60. The jury awarded him $400,000 in damages, and the court applied liquidated damages resulting in an $800,000 judgment. *Harris v. CVS Caremark Corporation*, 1:11-cv-00732-VEH. In 2015, a jury awarded $1,065,383 to another older pharmacist in an ADEA termination case. After liquidated damages were awarded by the district court, the resulting judgment was $2,130,766. *King v. CVS Caremark Corporation*, 1:12-cv-1715-VEH. In 2017, a jury returned a $1,000,000 verdict for

my client, a nurse, to compensate her for the egregious Title VII sexual harassment inflicted on her by a physician manager. *Anderson v. Surgical Care Affiliates, LLC et al.*, 2:12-cv-00598-AKK. In 2019, I litigated a Title VII failure to promote gender discrimination case that resulted in a jury verdict in the amount of $262,000. The case was appealed and affirmed, and later injunctive relief including front pay was assessed. *Collins v. Koch Foods, Inc., et al.*, 2:18-cv-211-ACA. Recently, in November 2022, I tried a First Amendment retaliation case for a university professor that resulted in a favorable jury verdict of $645,837. The court has recently decided post-trial motions and the issue of injunctive relief. The award of statutory attorney fees and briefing has been stayed pending post-trial issues. *Stern v. Roberts, et al.,* 3:18-cv-807-CLM.

8.     Based on my trial work in various cases of discrimination, harassment, and retaliation, I am familiar with hourly rates of attorneys that bill and are awarded statutory fees in employment discrimination, harassment, and retaliation litigation and in similar civil rights cases requiring comparable skill, effort, and responsibility. The prevailing market rate varies for plaintiff's attorneys in employment cases, such as the current case, and ranges from $325 per hour for junior associates to $850 per hour for a senior level litigator, depending on the skill of the litigator, the jurisdiction where the case is tried, the availability of skilled practitioners in the location or state that actually litigate plaintiff's discrimination

claims on a contingency basis, and the experience, skill, resources, and financial ability to litigate against certain defendants and corporations. Financial ability would include the ability to adequately staff a client's case and expend the necessary funds for depositions, experts, and other necessary case expenditures. I have researched supporting fee affidavits of attorneys in other civil matters in federal court and other jurisdictions which further support my opinion of prevailing hourly rates of plaintiff's attorneys that litigate employment discrimination and civil rights cases.

**Recent Determinations of Reasonable Hourly Rates:**

9.      Throughout my career, I have received awards for attorney's fees in discrimination cases that have ranged from $325 per hour in the early years of my career to $495 per hour. In August 2018, Judge Abdul Kallon awarded me $475 per hour for my work in *Anderson v. Surgery Center of Cullman, Inc*., et al. 2:12-cv-00598-AKK.  In December 2017, in *King v. CVS Caremark Corporation*, 1:12-cv-1715-KOB, then Chief Judge Bowdre awarded me $475 an hour. In 2012, Judge Lynwood Smith awarded me a rate of $440 an hour for a case involving a bench trial and a single appeal. *Evans v. Books-A-Million*, 907 F.Supp.2d 1284, 1303 (N.D. Ala. 2012), amended by, 2012 WL 5954118 (N.D. Ala. 2012). Judge Smith found not only that the $440 hourly rate was reasonable, but discounted the affidavit testimony of the Littler Mendelson defense attorney Jay St. Clair, upon whom

defendant relied in opposing my hourly rate. Importantly, Judge Smith noted that, "Mr. St. Clair and his law firm primarily practice defense work in employment discrimination cases. Here, however, the issue is the hourly rate for a plaintiff's attorney, work that often contains greater risk for the attorney because his or her fees normally hinge upon the outcome of the suit. Mr. St. Clair states that his firm billed at a rate of $395 an hour for employment matters in 2011. A plaintiff's attorney, who takes on greater risk in litigating a case, could reasonably charge a higher rate. Mr. St. Clair also admits that billing rates increase between $10 and $15 a year. When juxtaposed with the rate of $400 an hour that Ms. Haynes attained in 2010, the requested rate of $440 an hour falls with the range of reasonableness." *Evans v. Books-A-Million*, 907 F .Supp.2d 1284, 1303 (N.D. Ala. 2012), amended by, 2012 WL 5954118 (N.D. Ala. 2012). Mr. St. Clair's declarations in *King v. CVS Caremark Corporation* and *Ash, Hithon v. Tyson Foods, Inc*. also noted that a $10-$15 per year increase in an attorney's hourly rate is reasonable and the practice of his firm, Littler Mendelson.

10.     In December 2015, Magistrate Judge England awarded $420 per hour for my work in *Ash, Hithon v. Tyson Foods, Inc*. 4:96-cv-03257-RRA. In September 2010, Judge Bowdre awarded me $400 an hour as a reasonable rate in *Marks v. U.S. Securities*, 2:08-cv-00459-KOB. In 2006, Judge Proctor awarded me $325 an hour in a race discrimination case. *See Tucker v. City of Birmingham*, CV 01-P-2038-S.

11.    Based on my research and review of actual court filings, I am aware of defense lawyers skilled in employment law that regularly charge $750 an hour or greater on a monthly basis for paying clients from 2017 to 2022. Lawyers who represent plaintiffs should not be awarded less, nor have their hourly rates discounted, because their clients lack the financial resources to pay a fee on a monthly basis but instead rely on a contingency fee agreement where time and expenses are advanced on behalf of their client. Employment discrimination and civil rights cases are often deemed unpopular and prevent other potential clients from seeking out attorneys who practice in the area of personal rights litigation. (Research and Exhibits are available for production, if so directed).

12.    My hourly rate and the rate of the other attorneys in my firm have increased since the fee petitions we submitted in *Anderson*. My hourly rate has increased from $475 to $535 per hour since Judge Kallon's findings in 2018, which mirrored Judge Bowdre's award in 2017. The current hourly rate for associates with one to two years of experience is $275 to $300 per hour. The current hourly rate for associates with three to six years of experience is $325 to $450 per hour. The current hourly rate for an attorney with over 20 years of experience in the labor and employment field exceeds $500 per hour, and an attorney with over 30 years of experience in the field exceeds $550 per hour. All such hourly rates are reasonable for the reasons given in this declaration.

13.    The hourly rates requested by the Plaintiff in this matter are commensurate with the prevailing range of rates charged by attorneys in similar circumstances and with comparable skill and responsibility in similar areas of litigation in the Birmingham legal market. Because I handle cases throughout the country, my firm routinely monitors prevailing rates for experienced litigators in various forums nationwide. As a guide in setting our hourly rates, we regularly review published hourly rates received in contingent and non-contingent fee litigation, including the annual rate survey conducted by the National Law Journal. Based on data published by the National Law Journal, Plaintiff's counsel's rates are actually significantly less than the hourly rates of lawyers of similar experience handling similar litigation in Birmingham or on a national basis. *See, e.g.,* December 6, 2010, Nat'l L.J. 12 (Col. I). For example, three law firms handling labor and employment cases reported billing ranges in 2010 that are comparable or higher to those submitted here: Jackson Lewis (top range of $715); Littler Mendelson (top range of $650); and Winston & Strawn (top range of $1,075). Even if it were not necessary to draw attorneys from a more regional or national market for legal services, it is my opinion that the hourly rates set forth in Plaintiff's petition and declarations are reasonable for the extensive legal responsibilities undertaken in this matter and for the exceptional results obtained for Mr. McClinton.

**Reasonable Hourly Rates of Mr. McClinton's Attorneys:**

14.     I am familiar with the attorneys, Blake Edwards and Nicole Edwards. I am aware of cases these attorneys have litigated in the past and the skill level of those attorneys. I am aware this matter was the first trial for both of them that did not settle prior to trial or immediately after the denial of summary judgment, but actually involved an impaneled jury reaching a verdict. I frequently and confidently refer clients to Mr. McClinton's attorneys with employment discrimination claims which my firm could not handle. I am familiar with the skill and reputation of Mr. McClinton's attorneys and believe that I can evaluate them based on the following factors:

   a.     Overall skill in litigation;
   b.     Knowledge of trial and appellate practice;
   c.     Knowledge of substantive law;
   d.     Persuasiveness and advocacy skills; and
   e.     Analysis of the case and theories and procedural avenues available to obtain a satisfactory result for their client.

15.     While my opinion is based on the experience and reputation of Mr. McClinton's attorneys, it is also based upon my observation of their skill level as compared to other attorneys prosecuting such cases in the Birmingham market and jurisdiction and state. In reaching my opinion, I have considered the knowledge of Mr. McClinton's attorneys and their knowledge of trial practice and the substantive law of employment discrimination matters.

16.    Specifically, my opinion is that Mr. McClinton's attorneys have a skill commensurate with, or significantly exceeding, their years of experience in handling employment discrimination cases. I have found them to be skillful in facilitating settlements when appropriate, and in eliminating superfluous legal theories and inappropriate parties when litigation is necessary.

17.    Attorneys in this legal market are usually unwilling to undertake protracted discrimination and retaliation cases because the statutory fees typically awarded, if they prevail, have not been sufficient to compensate for the risks, difficulties and disruptions to their practices that result from such contingent representation. Fee awards in cases like this have usually not been sufficient to attract competent counsel to undertake representation of disability plaintiffs in numbers adequate to fulfill the demand for such legal service. Consequently, it is very difficult for disability plaintiffs to obtain contingent representation in the Birmingham legal market in cases like this which require a large investment of time and expense on an at-risk basis and a delay of three to four years, if not longer, in payment or reimbursement of such time and expense.

18.    The non-contingent hourly rates charged in the local market for other types of legal services are not structured to account for the type of difficulties and disincentives encountered in this and other discrimination, hostile environment and retaliation cases. Protracted civil rights litigation is viewed as undesirable by most

members of the Bar, even some judiciary, for several reasons applicable to this case, including: (1) the plaintiff almost always lacks the financial resources to vigorously prosecute the action or pay for even routine expenses and attorney's fees; (2) the need for expert or physician testimony, which often requires $1,500 for meeting to discuss your client's medical condition and records; (3) without this physician or expert testimony, your client is cast as a "faker" and not deserving of an accommodation; (4) many cases are lost without compensation or reimbursement for even out-of-pocket expenses, such as medical records, which are an exorbitant expense in cases; (5) considerable time can pass before any attorney's fees are even considered; (6) acceptance of this type of case often leads to an attorney being "typecast" in the role of "civil rights" or a "disability" attorney and leads the community in which she works to repeatedly offer her similar work but to offer less of the more remunerative work in the traditional areas of the general practice of law; (7) many persons in the community have a strong aversion to any person who vigorously prosecutes civil rights cases or who regularly handles such cases; and (8) there are often delays in receipt of fees even after judgment is entered for the plaintiff.

19.    Based on my knowledge of the local Birmingham market for legal services, the following hourly rates requested by Mr. McClinton's attorneys are fair and reasonable compensation for the work they performed:

2019: $315 per hour

2020: $325 per hour – 2.5% increase due to inflation (annual inflation was 1.4%); 315+7.9=322.88, round up to 325

2021: $333 per hour – 3.0% increase due to inflation (annual inflation was 7.0%); 325+9.75=334.75, round down to 333

2022: $343 per hour – 3.5% increase due to inflation (annual inflation was 6.5%); 333+11.65=344.65, round down to 343

2023: $355 per hour – 4.0% increase due to inflation (annual inflation was 4.0%); 343+13.72=356.72, round down to 355

20.    I understand and respect the decision Blake Edwards and Nicole Edwards made to charge a lesser hourly rate than the market rate. Their decision was based on current economics to grow their small firm and later when the business grew to then charge competitive rates. I cannot quarrel with their business model since it has served them well. However, I am of the belief that a defendant should not benefit, where a jury has found they violated the law, by paying less than the current market rate. Due to the extraordinary job these two lawyers performed for their client, the numerous discovery battles and endless and nonsensical motion practice, the Plaintiff should be awarded statutory fees including hourly rates commensurate with the prevailing market rate, and should not benefit the Defendant

by insisting on a lesser hourly rate. I have reviewed the entire docket in this matter and the time entries submitted, which further substantiates the time spent as well as the numerous filings by the Defendant which precipitated and warranted much of the work advanced on behalf of Mr. McClinton. I have, to the best of my ability, reviewed all information and time for accuracy that is being submitted to the Court. It is my belief that all time reflected by this petition is a fair and accurate representation of the time actually expended. It is my opinion the hours expended in the itemizations were reasonable and necessary to properly prosecute Mr. McClinton's case through trial. Despite their business model and their current rates charged in establishing and growing their business, a reasonable rate for Blake Edwards and Nicole Edwards is $375 per hour.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

I have read the above and it is true and correct to the best of my knowledge.

Alicia K. Haynes