FILED
2023 Aug-25  PM 05:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### Southern Division

| | |
|---|---|
| RICHARD J. MCCLINTON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:20-cv-00543- |
| | ) AMM |
| | ) |
| CAPSTONE LOGISTICS, LLC, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S PETITION FOR ATTORNEY'S FEES

Defendant Capstone Logistics LLC asks the Court to reject Plaintiff Richard J. McClinton's petition for attorneys' fees (Doc. 178) and Bill of Costs (Doc. 179) in whole or in part. The Court should reject them in whole because, for the reasons stated Capstone's renewed motion for judgment as a matter of law or for a new trial (ECF Nos. 175-76) (the "Rule 50 Motion"), judgment should be entered in favor of Capstone on all counts. In the alternative, the Court should reject them in part because Plaintiff seeks fees and costs for: (1) clerical and other nonlegal work; (2) motions and claims on which Plaintiff did not prevail; (3) time entries that are vague and undetailed; and (4) unsupported expenses. The Court should also reduce the requested hourly rate of Plaintiff's counsel.

## ARGUMENT

### I.  Plaintiff bears the burden to support his claim for attorneys' fees.

In an ADA suit, "the court . . . , in its discretion, may allow the prevailing party . . . a ***reasonable*** attorney's fee."  42 U.S.C. § 12205 (emphasis added). The Eleventh Circuit employs a three-step process to evaluate a fee motion. *Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000). First, the court determines whether the plaintiff is a "prevailing party."  Second, the court calculates the reasonable hours spent multiplied by a reasonable hourly rate ("lodestar amount"). Third, the court determines whether an adjustment to the lodestar amount is necessary. *Id.*

The Court has discretion in determining a reasonable fee; it may "identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983). The Court should exclude hours that were not "reasonably expended"; in other words, hours that were "excessive, redundant, or otherwise unnecessary." *Id.* at 434. The Court may also rely on its own knowledge and experience when evaluating fees that seem excessive. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In performing its analysis, the Court must focus on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary, irrespective of the skill, reputation or experience of counsel." *ACLU*

*of Georgia*, 168 F.3d at 428 (11th Cir.1999) (quoting *Norman*, 836 F.2d at 1301).

The "fee applicant bears the burden of establishing entitlement and demonstrating the appropriate hours and hourly rate." *ACLU of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citation omitted). Plaintiff must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees to be awarded. *See id.* This documentation should include "the general subject matter of the time expenditures . . . set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* A court has discretion to "trim fat" from, or otherwise reduce, the hours claimed to have been spent on the case. *Soler v. G & U, Inc.*, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992).

## II.   Plaintiff's counsel's hourly rate should be no more than $300 per hour.

The Court should reduce Plaintiff's counsel's hourly rates for attorney work to no more than $300.00 per hour.

In determining the reasonable hourly rate for the purpose of an attorneys' fees motion, the burden is on the moving party to establish the prevailing market rate, which is the rate charged in the community by lawyers of reasonably comparable skill, experience, and reputation for similar services. *See Blum v. Stenson*, 465 U.S. 886, 895-96, n.11 (1984); *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th

Cir. 1987). Satisfactory evidence of the market rate, however, requires more than the mere affidavit of the attorneys performing the work. *Blum*, 465 U.S. at 896 n.11. Also insufficient is testimony that a given fee is reasonable; evidence must be of rates ***actually billed and paid***. *Hensley*, 461 U.S. at 439 n.15. Acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work. *Norman*, 836 F.2d at 1200. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Id.*

Here, Plaintiff does not request a specific rate for his counsel but requests a range between $350 and $375 per hour.  (*See* ECF Nos. 178-1 at 4, 178-2 at 5.) Plaintiff provides no direct evidence that this range is the market rate for attorneys of the applicable skill level or experience. Rather, Plaintiff's evidentiary support is from declarations from other members of the Alabama plaintiffs' bar. (*See* ECF No. 178-6.) None of these declarations, however, support the requested rates sought by Plaintiff.

First, the plaintiffs' bar's declarations vary regarding what they believe the market rate is or should be for attorneys like Plaintiff's counsel:

- Heather Leonard: $350

- Kira Fonteneau: $375

- Sonya Edwards: $350

- Allen Arnold: $388

- Cynthia Forman Wilkinson: $350 to $375

- Temple Trueblood: $350

- Alicia Haynes: $315- $355 (based on year of work), as well as $375

(ECF No. 178-6 at 9, 14, 21, 25, 31, 38, 44, 61-62.) This range of opinions is reflective of the fact that all the plaintiffs' bar attorneys have many more years' experience than Plaintiff's counsel, that they charge much higher rates accordingly, and that they are essentially guessing what an appropriate rate would be for Plaintiffs' counsel's modest level of experience. *Id*.; (Tr. 26:22-24, 746:11-16).

Further, neither the declarations nor any other evidence presented by Plaintiff identifies any court cases where attorneys of similar experience have been awarded the requested rates. Rather, the declarations state only that higher fees were awarded where the declarant had many more years' experience at the time. (*See id.* at 21 (Fonteneau identifying a 2020 award of $450 per hour when she had 15 years' experience (roughly twice Plaintiffs' counsel's eight years' experience) and a 2022 award of $475 per hour with 17 years' experience); 23, 25 (Edwards identifying a 2021 award of $450 per hour when she had 16 years' experience); 28, 30 (Arnold

identifying a 2017 award of $375 per hour when he had 13 years' experience); 49, 54-55 (Haynes identifying a 2006 award of $325 per hour when she had 19 years' experience, 2010 award of $400 per hour when she had 23 years' experience, 2012 award of $440 per hour when she had 25 years' experience, 2015 award of $420 per hour when she had 28 years' experience, and 2017 and 2018 awards of $475 per hour when she had 30 and 31 years' experience).

Contrary to these higher awards for much more experienced attorneys, this Court has awarded much lower fees for attorneys of Plaintiff's counsel's experience level. In *Whitford v. Sub-Line Associates, Inc.*, Case No. 2:15cv01678-KOB, 2017 WL 3620367 (N.D. Ala. Aug. 23, 2017), the Court awarded a rate of $250 per hour for two attorneys who had seven and eight years' experience, respectively. Notably, that award was based in part on an affidavit from Heather Leonard, who strikingly fails to mention the award in her declaration for this case. *See id.* at *2. In *Anderson v. Surgery Ctr. Of Cullman, Inc.*, Civil Action No. 2:12cv00598-AKK, 2018 WL 8807137 (N.D. Ala. Aug. 27, 2018), this Court awarded a rate of $315 per hour to Sonya Edwards, who at the time had 13 years' experience. (*See also* ECF No. 178-6 at 23.) Like Leonard, Edwards failed to mention this lower fee award in her declaration in this case. (*See id.*) Finally, in *Mercer v. Alabama Dep't of Transp.*, Case No. 2:16cv01204-RDP (N.D. Ala. Aug. 13, 2020) (report and recommendation), *adopted in relevant part*, 2020 WL 5229519 (N.D. Ala. Sept. 2,

2020), the Court recommended approval of a $250 per hour rate for an attorney with 13 years' experience. *See also Kendrick v. Broadcast Medica Group LLC*, Civil Action No. 2:02cv1034-N (WO), 2006 WL 2709846, (M.D. Ala. Sept. 20, 2006) (awarding an hourly rate of $175 for Temple Trueblood (six years' experience at the time) based in part on an affidavit from Cynthia Wilkinson).

Taken together, in recent years this Court has awarded rates between $250 and $315 per hour for relatively inexperienced counsel like Plaintiff's counsel and has only awarded higher rates where counsel has twice as many years' experience— or more—than Plaintiff's counsel.  Accordingly, Capstone believes the actual market rate for plaintiffs' employment counsel at Plaintiff's counsel's experience level, as reflected in actual court awards, to be no more than $300 per hour. Plaintiff's counsel should not be awarded a higher rate.

## III.   Attorneys' fees should not be awarded for matters that Plaintiff lost and were not necessary, or for recovery that was limited in relation to the scope of the litigation as a whole.

The Court should decline to award Plaintiff attorneys' fees for work on claims that did not prevail, or on claims that were limited in relation to the litigation as a whole.

"If the claims on which the plaintiff did not prevail and the claims on which he did prevail were 'distinctly different claims . . . based on different facts and legal theories,' the court cannot award any fee for services on the unsuccessful claims."

*Popham v. City of Kennesaw*, 820 F.2d 1570, 1578 (11th Cir. 1987) (quoting *Hensley*, 461 U.S. at 434-35. Stated differently, "[a] court should not award fees for time spent on unrelated, unsuccessful claims." *Shannon v. Bellsouth Telecommunications, Inc.*, 292 F.3d 712, 717 (11th Cir. 2002) (citing 820 F.2d at 1578). Moreover, even if the claims are related *and* successful, "[a] reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Id*. (upholding trial court's decision to reduce hours spent on unsuccessful religious discrimination claim as well as on successful, but limited retaliation claim) (citing *Norman v. Hous. Auth. of Montgomery,* 836 F.2d 1292, 1302 (11th Cir. 1988); *Avila v. Coca-Cola Co.,* 849 F.2d 511, 514 (11th Cir. 1988) (trial court appropriately reduced award on successful retaliation claim).).

A.     <u>Time spent solely on FMLA claims should not be awarded.</u>

Here, Plaintiff should not be awarded fees related to work attributable solely to his failed FMLA claim(s).[1] Likewise, Plaintiff should not be awarded fees based on his "limited" success in convincing the jury to disregard the law and the Court's instructions to award $200,000 in emotional distress damages that are plainly not recoverable under the FMLA. (*Compare* Doc. 158-1 at 53-54 (instructing the jury that it "may award Mr. McClinton ***the actual monetary loss*** that directly resulted

---

[1] For the reasons stated in Capstone's motion for judgment as a matter of law, Plaintiff failed to prove his FMLA interference claim and suffered no cognizable damages.

from Capstone's FMLA violation. ***This amount of damages cannot exceed 12 weeks of Mr. McClinton's wages or salary***.") (emphasis added); *with* Doc. 162 at 3-10 (specifically awarding $272,000.00 for "net lost wages and benefits" and $200,000.00 for "emotional pain and mental anguish").) *See also Hicks v. City of Tuscaloosa*, Case No. 7:13cv02063-TMP, 2016 WL 1180119 at *4 (N.D. Ala. Mar. 25, 2016 ("The law is very clear that for violations of the FMLA, the only *actual* damages recoverable are lost pay and benefits; there is no entitled to recover for emotional or mental anguish.") (footnotes omitted) (collecting cases).

This work includes time spent drafting Plaintiff's second amended complaint, which only added Plaintiff's claims for FMLA interference and retaliation, along with time spent on jury instructions and verdict forms for those claims. (**Exhibit A**, at Entries 124, 127, 129-132, 713-716, 837). These tasks total 6.8 hours.

The work also includes time spent taking the deposition of Tiffany Teamer. (*Id.*, at Entries 200, 205, 207, 215, 216, 224-231, 683, 684, 784, 787-789, 796, 798). Time on these tasks totals 15.3 hours. Teamer worked on benefits issues in Capstone's human resources department. There was never any testimony or evidence that Teamer was involved in any way regarding Plaintiff's claims of disability discrimination or harassment. Rather, the evidence produced at trial confirmed Teamer's only role in the underlying events was in determining whether Plaintiff was eligible for FMLA and had been provided related forms. The Court

should exclude these hours, along with the $601.75 fee for her deposition transcript. (Doc. 179-1 at Expense No. 4.)

B.   <u>Time spent regarding sanctions should not be awarded.</u>

Plaintiff also should not be awarded fees related to the sanctions imposed by the Court on either Plaintiff's counsel or Defendant's counsel. (*See* **Exhibit A**, Entries 465, 468-471, and 475-477.) Capstone should not be required to pay for Plaintiff's counsel's time either preparing the court filings that were the subject of the Court's sanctions against Plaintiff's counsel or responding to the Court's actions related to sanctioning Plaintiff's counsel. Plaintiff's counsel alone are responsible for their conduct related to sanctions imposed against them. Similarly, the Court should not award Plaintiff's counsel fees related to the Court's imposition of sanctions against Capstone's counsel, as the Court's actions were *sua sponte* and were not based on motion by Plaintiff. While Plaintiff filed his own motion for sanctions (ECF No. 93), he failed to comply with Rule 11(c)'s pre-filing notice period, and the Court ultimately denied the motion as moot. (ECF No. 118 (text order).) *See Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1092 (11th Cir. 2022) (upholding district court's decision to strike fees incurred on sanctions motion that was "wholly unnecessary to achieve the desired result of th[e] lawsuit.").)

Plaintiff's counsel's entries for time related to the sanctions orders total 7.1 hours. These hours should be deducted from the total hours to be awarded at the

reasonable rate determined by the Court. Likewise, Plaintiff's counsel's costs in attending the sanctions hearing should not be borne by Defendant. (Doc. 179-1, entries 16-17).

C.   Time spent drafting stricken response to summary judgment motion should not be awarded.

Similar to Plaintiff's counsel's work related to the sanctions issue, Plaintiff's counsel should not be awarded time related to the filings that were the basis for the sanctions and that were struck by the Court. Specifically, Plaintiff filed two responses to Defendant's motion for summary judgment. (ECF Nos. 72 and 75). Defendant moved to strike these responses, and the Court issued an order to show cause to Plaintiff. (ECF No. 79.) After Plaintiff responded, the Court struck the amended response. (ECF No. 81.) Plaintiff then filed (1) a motion to alter, amend, or vacate the Court's order and (2) a second amended response to Defendant's summary judgment motion. The second amended response also did not comply with the Court's initial order and was the subject of sanctions by the Court.

The entries associated with Plaintiff's counsel's work on these filings are: 368, 371, 376, 380, 381, 383, 386, 387, 390, 398, 405, 406, 407, 413, 419, 423, 427, 428-433, 437-439, 442, 444-447, 451-452, and 466-467.  These entries total 53.8 hours. The Court should not allow recovery of attorneys' fees for this time.

D.   Time spent related to seeking equitable relief should not be awarded.

Plaintiff should not be awarded fees related to seeking front pay or equitable

relief. For the reasons stated in Capstone's concurrently filed response to Plaintiff's motion for equitable relief (ECF No. 180), Plaintiff should not be awarded any time spent seeking equitable relief or front pay that is plainly an inappropriate request for a windfall. (Ex. A, Entries 160-164, 166, 171-173, 835-836, 843, 846). These entries total 4.7 hours.

E.   <u>Time spent related to preparing evidence that was never presented at trial should not be awarded.</u>

Plaintiff should not be awarded fees related to preparing exhibits and testimony that he never sought to introduce at trial. *See, e.g. Caplan,* 36 F.4th at 1092 (district court properly struck fees for work unnecessary in achieving result as not recoverable); *Hensley*, 461 U.S. at 434-37 (the Court should exclude hours that were not "reasonably expended" or "otherwise unnecessary"). Here, Plaintiff's counsel spent 45.1 hours preparing exhibits. (**Exhibit A**, Entries 533, 535, 538, 540, 543-545, 549-552, 565-569, 571-575, 582, 593-595, 597, 601, 648-651, 654-655, 660, 665-678, 744, 747, 750, 756, 758, 766, 780, 795). Plaintiff's Exhibit List contained 69 Exhibits. (Doc. 156). At trial, Plaintiff chose not to offer 52 exhibits of his exhibits into evidence (*i.e.* 75.36% of his Exhibit List). *Id*. Accordingly, the Court should reduce the total amount of time spent on this task by 75.36% to 11.1 hours. *See Hepsen v. J.C. Christensen and Assoc*, 394 F. App'x 597, 600 (11th Cir. 2010) (district court properly exercised discretion to reduce hours by 50%).

F.   <u>Time spent related to motions in limine that were lost should not be awarded.</u>

Plaintiff should not be awarded fees related to work spent preparing exhibits or testimony that was excluded by the Court pursuant to Capstone's motions *in limine*. Plaintiff's counsel spent 12.1 hours preparing video testimony of depositions for witnesses. (**Exhibit A,** at Entries 547, 548, 553, 555, 557-560, 563, 564.) Capstone successfully moved to exclude the use of video depositions at trial. Indeed, all witnesses testified in person, with the exception of Tiffany Teamer, whose deposition testimony was read into the record by the parties—it was not introduced through video.

Plaintiff's counsel's time responding to Capstone's motions *in limine* that Plaintiff lost also should not be awarded. (**Exhibit A,** at Entries 627-632, 638, 639, 641, 647, 652, 653, 656-659, 661-663, 687-689, 691, 731, and 732.) These entries total 16.1 hours.

## IV.   Plaintiff's time for vague and excessive entries should not be awarded or should be reduced.

As the Supreme Court explained in *Hensley v. Eckerhart*, the Court should exclude hours that were not "reasonably expended"; in other words, hours that were "excessive, redundant, or otherwise unnecessary." 461 U.S. 424, 434, 436-37 (1983). The Court may rely on its own knowledge and experience when evaluating fees that seem excessive. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d

1292, 1303 (11th Cir. 1988); *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1090 (11th Cir. 2022).

Likewise, the court has discretion to exclude or reduce hours pertaining to "vague" entries. *Hepsen v. J.C. Christensen and Assoc*, 394 F. App'x 597, 600 (11th Cir. 2010) (court properly exercised discretion to reduce hours by 50% where "Plaintiffs invoices contain numerous instances of excessive or redundant billing or vague time entries."). As this Court has recognized, entries are vague and not recoverable where counsel "provide[s] insufficient detail for the court to discern the nature and quality of the hours expended." *Frazier v. City of Gadsden*, N.D. Ala. No. 4:13-CV-757-VEH, 2016 WL 2771128, at *18 (N.D. Ala. May 13, 2016), *aff'd sub nom. Frazier v. City of Gadsden, AL*, 696 Fed. Appx. 979 (11th Cir. 2017). Here, Plaintiff seeks to recover for an exorbitant number of vague, duplicative, or excessive entries:

- Entry 12 ("Drafting complaint and researching elements of claims.")
- Entry 13 ("Drafting complaint and researching elements of claims.")
- Entry 18 ("Edit Complaint.")
- Entry 20 ("Continued Drafting Complaint.")
- Entry 21 ("Continued Drafting and filed complaint.")
- Entry 22 ("Continued Drafting and filed complaint.")
- Entry 57 ("Drafted Plaintiff's First discovery requests to Defendant.")
- Entry 60 ("Drafted First Set of discovery requests to Defendant.")
- Entry 61 ("Drafted First Set of discovery requests to Defendant.")
- Entry 68 ("Drafted discovery letter accompanying discovery requests to send to Defense counsel.")
- Entry 69 ("Drafted discovery letter accompanying discovery requests to send to Defense counsel.")

- Entry 96 ("Drafted letter to defense counsel objecting to intent to serve subpoenas.")
- Entry 103 ("Drafted Response to Defendant's Rule 37 Letter.")
- Entry 112 ("Responded to defense counsel's email re: plaintiff supplementing discovery responses.")
- Entry 113 ("Responded to defense counsel's email re: plaintiff supplementing discovery responses.")
- Entry 115 ("Supplementing Plaintiff's discovery responses.")
- Entry 128 ("Read through Capstone's produced documents.")
- Entry 147 ("Time spent propounding second set of discovery requests to Defendant.")
- Entry 182 ("Meeting with client to prepare for Deposition.")
- Entry 183 ("Meeting with client to prepare for Deposition.")
- Entry 395 ("ADA Statutes under 42 U.S.C. 12101, 12102, 12111, 12112.")
- Entry 533 ("Worked on witness and exhibit list.")
- Entry 535 ("Review documents to work on exhibit list.")
- Entry 538 ("Review documents to work on exhibit list.")
- Entry 540 ("Review documents to work on exhibit list.")
- Entry 543 ("Review documents to work on exhibit list.")
- Entry 544 ("Review documents to work on exhibit list.")
- Entry 545 ("Review documents to work on exhibit list.")
- Entry 549 ("Reviewed Discovery Documents Capstone 00001-00723 to prepare drafting Plaintiff's Trial Exhibit List (Doc. 105).")
- Entry 550 ("Drafted Plaintiff's Trial Exhibit List.")
- Entry 551 ("Reviewed Capstone Documents- 00724-01184- to draft Plaintiff's Trial Exhibit List (Doc. 105).")
- Entry 552 ("Reviewed Capstone Documents-01185-01289 to draft Plaintiff's Trial Exhibit List-(Doc. 105).")
- Entry 565 ("Made notes and reviewed Capstone Documents – Capstone 01210-01247 to Draft Plaintiff's Trial Exhibit List
- Entry 566 ("Made notes and reviewed Plaintiff's Documents – PL-000001-PL-000347 to draft Plaintiff's Trial Exhibit List.")
- Entry 567 ("Made notes and reviewed Plaintiff's Documents - PL-000348-000529 to Draft Plaintiff's Trial Exhibit List (Doc. 105).")
- Entry 568 ("Made notes and reviewed PL-530-577 to Draft Plaintiff's Trial Exhibit List.")
- Entry 569 ("Made notes and reviewed PL -579-1125- to Draft Plaintiff's Trial Exhibit List.")

- Entry 570 ("Made notes and reviewed PL-1126-1153 Pl's Job Application Summarys.")
- Entry 574 ("Made notes and reviewed McPherson00001-00017- Royal Switchgear 00001-00005, TSF00001, to prepare drafting Plaintiff's trial exhibit list.")
- Entry 575 ("Drafted and filed Plaintiff's Trial Exhibit list.")
- Entry 578 ("Worked on Computation of damages list and filed.")
- Entry 648 ("Cross Checking Defendants and Plaintiff's exhibits to see if we can pre- admitt some exhibits.")
- Entry 649 ("Reviewed Plaintiff's Exhibit List and Defendant's Exhibit List to Draft letter to Defense re: Agreed Upon Exhibits to Pre-Admit into Evidence Letter.")
- Entry 650 ("Drafted Letter to defense Re: Agreed Upon Exhibits to Pre-Admit into Evidence.")
- Entry 655 ("Cross Checking Defendants and Plaintiff's exhibits to see if we can pre-admitt some exhibits.")
- Entry 779 ("Went over jury charges, MIL, logistical questions, practical trial questions, and preadmitted exhibit questions.")

These entries total 73.6 hours. The Court should not allow recovery of attorneys' fees for this time.

## V.   Plaintiff cannot recover fees for clerical and other non-attorney work.

Attorneys' fees are not permitted for non-attorney work. First, clerical tasks are not recoverable. *E.g.*, *Missouri v. Jenkins*, 491 U.S. 274, 288 at note 10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."); *Frazier v. City of Gadsden*, N.D. Ala. No. 4:13-CV-757-VEH, 2016 WL 2771128, at *17 (N.D. Ala. May 13, 2016), *aff'd sub nom. Frazier v. City of Gadsden, AL*, 696 Fed. Appx. 979 (11th Cir. 2017) ("the duties performed were clerical in nature and, therefore, not recoverable.") (collecting

cases); *Ford v. Navika Capital Grp., LLC*, Civil Action No. 14-00311-KD-C, WL 1381668, at * 3 (S.D. Ala. Feb. 9, 2017) ("[C]lerical or secretarial tasks (i.e., administrative work) are not recoverable, as those are overhead expenses.") (citing *Jenkins*); *Scelta v. Delicatessen Support Servs.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002) (deducting hours billed by paralegals for gathering, copying, and mailing materials). "Such non-recoverable tasks include time billed for: setup of a file, calendaring deadlines, receiving, reviewing, and indexing documents, sending or receiving emails with documents attached, preparing civil cover sheets and summons, receiving and indexing certified mail receipts, e-filing documents with the Court, receiving and indexing those documents, mailing and telefaxing correspondence, making calls to clients, obtaining pleadings from the court's database, printing documents, miscellaneous scanning of documents, etc." *Ford*, 2017 WL 1381668 at *3 (collecting cases).

Second, time billed by a paralegal is recoverable as attorneys' fees "only to the extent that the paralegal performs work traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (quoting *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982)); *see also Webster v. Fulton County*, 112 F. Supp. 2d 1339, 1366 (N.D. Ga. 2000) (time for paralegals is recoverable only to the extent the paralegal performed work traditionally performed by an attorney).

Where that is not the case, paralegal work is viewed as falling with the category of unrecoverable overhead expenses. *Allen*, 665 F.2d at 697.

Here, Plaintiff's counsel are seeking fees for a variety of non-attorney work.

*First*, Plaintiff's counsel are seeking fees for purely secretarial or clerical work:

- Entry 23 ("Prepared waiver of service form, printed copy of complaint, letter to opposing counsel and prepared envelope.")
- Entry 28 ("Responded to David Klass's email re: scheduling Rule 26 conference.")
- Entry 49 ("Edited and Filed first amended complaint (Doc. 15).")
- Entry 97 ("Sent letter to defense counsel objecting to intent to serve subpoenas.")
- Entry 98 ("Emailed defense counsel to schedule teleconference to discuss plaintiff's objections to defense counsel's proposed subpoenas.")
- Entry 104 (Sent email to defense counsel objecting to subpoenas.")
- Entry 110 ("Emailed Plaintiff's Rule 37 Letter to Defense Counsel.)
- Entry 111 ("Sent email to defense counsel concerning teleconference.")
- Entry 125 ("Email to Defendant about not being able to open produced PDF.")
- Entry 167 ("Emailed Defense Counsel re: teleconference.")
- Entry 168 ("Responded to Defendant's reply email re: teleconference.")
- Entry 169 ("Responded to Defendant's reply email re: teleconference cont'd.")
- Entry 174 ("Emailed defense counsel dates to take plaintiff's deposition.")
- Entry 175 ("Responded to defense counsel email re: dates to take plaintiff's deposition.")
- Entry 177 ("Emailed defense counsel re: dates to take deposition of defense witnesses.")
- Entry 180 ("Printed documents in preparation for client's deposition and review.")
- Entry 196 ("Responded to defense counsel's email re: deposition dates.")
- Entry 197 ("Responded to defense counsel's email re: deposition dates cont'd.")
- Entry 198 ("Responded to defense counsel's email re: deposition dates cont'd.")

- Entry 199 ("Responded counsel's email re: deposition of Donald Langley cont'd.")
- Entry 210 ("Filed Joint Status Report (Doc. 45).")
- Entry 215 ("Organized Documents Digitally for Zoom Deposition of Tiffany Teamer.")
- Entry 216 ("Printed Documents for Deposition of Tiffany Teamer.")
- Entry 295 ("Organized Documents for Deposition of Donald Langley.")
- Entry 296 ("Printed Documents for Exhibits to Donald Langley Deposition.")
- Entry 297 ("Organized Exhibits for Langley Deposition.")
- Entry 326 ("Filed Plaintiff's Response to Defendant's Motion for Protective Order (Doc. 53).")
- Entry 327 ("Filed Plaintiff's Opposed Motion to Compel Production of Documents (Doc. 54).")
- Entry 328 ("Filed Exhibits to Opposed Motion to Compel Production of Documents (Docs. 51-1-51-8).")
- Entry 351 ("Organized Digital Exhibits for Zoom Deposition of Jose Fernandez.")
- Entry 352 ("Printed Hard Copies of Exhibits.")
- Entries 428 ("Drafted and Filed Plaintiff's Evidentiary Submission in Support of his opposition to Summary Judgment (Doc. 71).")
- Entries 429 ("Drafted and Filed Plaintiff's Evidentiary Submission in Support of his opposition to Summary Judgment (Doc. 71-1) Exhibit J.")
- Entries 430 ("Drafted and Filed Plaintiff's Evidentiary Submission in Support of his opposition to Summary Judgment (Doc. 71-2) Exhibit K.")
- Entry 439 ("Filed Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. 72).")
- Entry 451 ("Filed (Doc. 84) Plaintiff's Second Amended Response in Opposition to Defendant's Motion for Summary Judgment with Correct Citations to the Court's ECF page record in compliance with the Court's Order (Doc. 81).")
- Entry 452 ("Downloaded, printed and filed (Doc. 84) Plaintiff's Second Amended Response in Opposition to Defendant's Motion for Summary Judgment with Correct Citations to the Court's ECF page record in compliance with the Court's Order (Doc. 81).")
- Entry 465 ("Prepared for January 24, 2023 sanctions hearing – prepared binder with summary judgment opinion, defendant's Brief in support of motion for summary judgment, plaintiff's response, and plaintiff's motion to alter amend or vacate.")
- Entry 585 ("Drafted Letter attached to Trial Subpoena of Donald Langley.")

- Entry 588 ("Contacted Process server via email re: trial subpoena for D Langley.")
- Entry 590 ("Contacted Process Service via email.")
- Entry 592 ("Responded to process server's email re: Langley trial subpoena.")
- Entries 602-604 ("Email to Court testing equipment.")
- Entry 608 ("Emailed process server re: Trial subpoena of D Langley.")
- Entry 616 ("Added Langley depo in DB link.")
- Entry 617 ("Emailed Defendant about adding Langley depo in DB link.")
- Entries 689 and 691 ("Prepared for Motions in Limine hearing by creating Motions in Limine binders.")
- Entries 776 and 777 ("Tested Technological Equipment.")
- Entry 778 ("Phone call with FedEx Kinkso about making demonstrative.")
- Entry 801 ("Email to Court exhibit stickers.")
- Entry 831 ("Email to Defense Counsel RE: Sending us the Trial Transcripts.")
- Entry 832 ("Telephone call with Court Reporter at Trial.")
- Entry 833 ("Email to Court Reporter purchasing and receiving trial transcript.")

**(Exhibit A).**

Plaintiff's counsel cannot recover fees for purely clerical work. The recorded time for clerical work totaled 21.9 hours. This hour total should be subtracted from Plaintiff's counsel's total time to be reimbursed. This reduction is particularly appropriate where, as here, Plaintiff's counsel have testified as to their conscious decision not to hire support staff to perform clerical work. (Doc. 178-1, Dec. of Blake Edwards, at ¶18); (Doc. 178-2, Dec. of Nicole Edwards, at ¶21).

*Second*, Plaintiff is seeking fees for clerical work that, potentially, could be tasks that a paralegal could perform:

- Entry 200 ("Drafted and Emailed Deposition Notice of Tiffany Teamer to defense counsel.")

- Entry 201 ("Drafted and Emailed Deposition to Notice of Travis Collins to Defense Counsel.")
- Entry 584 ("Drafted Trial Subpoena for Donald Langley.")

Even assuming these are paralegal tasks, however, Plaintiff did not claim these tasks as paralegal tasks – as Plaintiff's counsel does not employ paralegals – and did not submit any evidentiary support for these tasks to be reimbursed at a paralegal rate. Plaintiff therefore has waived any right to reimbursement of fees for these non-attorney tasks. The recorded time for this potential paralegal work totaled 0.8 hours. This hour total should be subtracted from Plaintiff's counsel's total time to be reimbursed.

*Third*, Plaintiff has submitted duplicate time entries:

- Entries 428 and 431 ("Drafted and Filed Plaintiff's Evidentiary Submission in Support of his opposition to Summary Judgment (Doc. 71).")
- Entries 429 and 432 ("Drafted and Filed Plaintiff's Evidentiary Submission in Support of his opposition to Summary Judgment (Doc. 71-1) Exhibit J.")
- Entries 430 and 433 ("Drafted and Filed Plaintiff's Evidentiary Submission in Support of his opposition to Summary Judgment (Doc. 71-2) Exhibit K.")
- Entries 689 and 691 ("Prepared for Motions in Limine hearing by creating Motions in Limine binders.")
- Entries 547 and 553 ("Watched deposition video of Travis Collins to prepare drafting (Doc. 104-1) Plaintiff's Video Testimony of Travis Collins Capstone Warehouse Manager.")

Plaintiff cannot recover twice for the same work. The recorded time for duplicate entries totaled 10.4 hours. This hour total should be subtracted from Plaintiff's counsel's total time to be reimbursed.

*Finally*, Plaintiff is seeking fees for drive or travel time:

- Entry 3 ("Drafted and filed Client's Amended EEOC Charge.")[2]
- Entry 4 ("Drove to EEOC office to file Amended EEOC Charge.")
- Entry 187 ("Drove to client's deposition.")
- Entries 306 and 307 ("Drove to Carr Allison for Mediation.")
- Entries 468 and 469 ("Travel to court and back to office Sanctions Hearing.")
- Entries 523 and 524 ("Travel to pre-trial conference and back.")
- Entries 687 and 688 ("Travel to Motion in Limine Hearing and back to office.")
- Entry 762("Drove to Birmingham School of Law to use mock court room and home to prepare client for trial.")
- Entry 763 ("Drove to Birmingham School of Law to use mock court room and home to prepare client for trial.")
- Entry 765 ("Prepared Plaintiff for Trial.") *Compare* Entries 762 and 763 (identifying same time as drive time).
- Entries 767 and 768 ("Traveled to Final Pre-Trial Conference.")
- Entry 771 ("Picked up Closing argument timeline from FedEx, made some adjustments and additions.")
- Entries 804, 805, 810, 811, 816, 817, 825, and 826 ("Traveled to Court & home.")

The recorded time for drive or travel time work totaled 31 hours. Courts in this circuit have either not awarded travel time or reduced the hourly rate for travel time where no legal work was performed. *See, e.g.*, *Kendrick v. Broadcast Media Group LLC*, Civil Action No. 2:02cv1034-N (WO), 2006 WL 2709846  (M.D. Ala. Sept. 20, 2006) (deducting time spent traveling to the court as non-compensable clerical work);  *Lambert v. Fulton County*, 151 F. Supp. 2d 1364, 1370 (N.D. Ga. 2000); *Waschak v. Acuity Brands, Inc. Senior Management Benefit*, CIVIL ACTION FILE No. 1:07-CV-3121-TWT, 2009 WL 2461038 , at *7  (N.D. Ga. Aug. 6, 2009) (citing

---

[2] Coupled with the following entry (1.2 hours of drive time), it is clear this entry includes traveling to the EEOC's office for filing.

*Johnson v. University College of University of Alabama in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983). The time entries here fail to state that legal work was performed; therefore, the time should not be compensable. If the Court determines that the time should be awarded but the rate reduced, Capstone proposes a rate of no more than $50.00 per hour for this purely non-legal work. These hours should be reduced from Plaintiff's counsel's total time to be reimbursed.

All in, Plaintiff's recorded non-attorney time totaled 64.1 hours. Because this is not reimbursable attorney time, these hours should be subtracted from Plaintiff's submitted totals.

## VI.  Plaintiff's expenses should be reduced.

Capstone requests the Court deny certain expenses claimed by Plaintiff, as follows.

First, Plaintiff seeks reimbursement for round trip mileage and parking for the Court hearing on January 24, 2023, where the Court considered whether to sanction Plaintiff's counsel. (Doc. 178-3, Expense Nos. 16 and 17.); (Doc. 179-1 at Expense Nos. 16-17). Not only did the Court in fact sanction Plaintiff's counsel, such that Plaintiff did not prevail on that issue, but it is entirely improper to seek reimbursement from Capstone for Plaintiff's counsel's own misconduct. The Court should deduct the total amount sought for these expenses: $29.76.

Second, Plaintiff seeks reimbursement for "Trial Exhibit Binders Paper copies in office @ $.50/page." (Doc. 178-3, Expense No. 34); (Doc. 179-1, Expense No. 34.) Plaintiff fails to describe what these binders were for or whether they were required to be created.[3] Further, to the extent that they contained copies of exhibits that the Court excluded at trial or that Plaintiff never sought to introduce at trial, those costs should not be reimbursed. Plaintiff fails to provide any breakdown regarding what these copies contained.

Finally, Plaintiff seeks reimbursement of $.50 per page for both the trial exhibit binders in Expense No. 34 as well as "1,586 paper copies in office @ $.50/page for depositions, motions, pleadings, and discovery." (*Id.* at Expense No. 35.) Plaintiff should not be permitted to recover printing costs because Plaintiff's counsel incurred printing costs for their own convenience and has failed to demonstrate the necessity of the same. "A party seeking to recover [photocopying] costs must come forward with evidence showing the nature of the documents copied including how they were used or intended to be used in the case. Simply making unsubstantiated claims that such documents were necessary is insufficient to permit recovery." *Corsair Asset Mgmt. v. Moskovitzu*, 142 F.R.D. 347, 352 (N.D. Ga.

---

[3] Notably, they appear not to be related to the Court's copies of trial exhibits, which is separately identified as Expense No. 9 ("Fed Ex Copies (Court's Courtesy trial binder).") That expense totals $185.48, which stands in stark contrast to the amount sought regarding Plaintiff's counsel's *in-office* printing; presumably the Fed Ex rate should be higher than Plaintiff's counsel's in-office rate.

1992); *see also Cohen Ventures*, 2009 WL 1393348, at \*8 ("The party moving for an award of copy costs has the burden of showing that the copies were necessarily obtained for use in the case."). "Where the movant has failed to itemize copies necessarily obtained for use in the case and those that were made for their own convenience, an award of costs may be denied." *Id.* at \*12. *See also Barberi v.Miami Auto Experts, Inc.*, No. 1:17-cv-21218-UU, 2017 WL 4553452 (S.D. Fla. Oct. 12, 2017) (recommending that plaintiff's request for printing costs be denied because plaintiff failed to provide an adequate explanation in support of his request for printing costs).

Furthermore, the Eleventh Circuit has declined to tax costs where the entries lacked sufficient particularity that would allow the Court to determine the reasonableness of the costs. *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1311 (11th Cir. 2001); *see also Cullens*, 29 F.3d at 1494 (disallowing photocopying costs where plaintiffs did not present evidence regarding the documents copied including their use or intended use).

Here, Plaintiff has failed to provide any meaningful description regarding what was printed or any description at all regarding what the use(s) of the printed documents was. Nor does it appear that Plaintiff actually incurred the expenses sought: as the descriptions note, the copies were printed "in office." Capstone is not

aware of case law that allows for recovery of overhead expenses such as office paper or printer toner.

Moreover, there is no basis for a $.50 per page reimbursement amount. According to Blake Edwards' affidavit, that rate is based off the Court's "Schedule of Fees." (Doc. 178-1 at 9, n.3.) The Court's Schedule of Fees, however, is for "fees to be charged for services *provided by the District Courts*.") Schedule of Fees, available at https://www.alnd.uscourts.gov/sites/alnd/files/NDAL%20Fee%20Schedule%20Effective%2012-01-2020.pdf (emphasis added). Not only does this Schedule of Fees not apply to or set a basis for Plaintiff counsel's internal printing costs, but it also encompasses *the task of printing* and having to dedicate Court personnel time to the task.

Accordingly, the Court should not award the claimed expenses for Expense Nos. 34 and 35, totaling $2,913.00.

## VI.    Conclusion

The Court should exclude foregoing fees and expenses as vague, not reasonably expended, excessive, redundant, or otherwise unnecessary.

Dated this 25th day of August, 2023.   Respectfully submitted,

**CAPSTONE LOGISTICS, LLC**

By counsel:

/s/ David I. Klass

26

David I. Klass
*Admitted Pro Hac Vice*
R. Bryan Holbrook
*Admitted Pro Hac Vice*
**FISHER & PHILLIPS LLP**
227 West Trade Street
Suite 2020
Charlotte, North Carolina 28202
Tel: (704) 334-4565
Fax: (704) 334-9774
dklass@fisherphillips.com
bholbrook@fisherphillips.com

and

/s/ Edward F. Harold
Edward F. Harold
AL Bar No. asb-0669-d55h
**FISHER & PHILLIPS LLP**
201 St. Charles Avenue
Suite 3710
New Orleans, LA 70170
Tel: (504) 522-3303
Fax: (504) 529-3850
eharold@fisherphillips.com

*ATTORNEYS FOR DEFENDANT*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### Southern Division

RICHARD J. MCCLINTON,        )
)
        Plaintiff,      )
    v.         )    Civil Action No. 2:20-cv-00543-
         )    AMM
)
CAPSTONE LOGISTICS, LLC,   )
)
        Defendant.    )
_____ )

### CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2023, I served the foregoing via email to all counsel of record having registered with the court's CM/ECF system, including:

Nicole Davis Edwards, Esq.
Blake Clifton Edwards, Esq.
EDWARDS & EDWARDS
ATTORNEYS AND MEDIATORS, PLLC
3603 Pine Lane, Suite C
Bessemer, Alabama 35022
Tel: (205) 549-1379
Fax: (205) 719 - 4033
E-mail: nicole@edwardsattys.com
blake@edwardsattys.com
*Attorneys for Plaintiff*

Dated this 25th day of August, 2023.  Respectfully submitted,

/s/ David I. Klass
David I. Klass
Attorney for Defendant
**FISHER & PHILLIPS LLP**

FP 48053155.3